WILLIAM L. STERN (CA SBN 96105)
CLAUDIA M. VETÉSI (BAR NO. 233485)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
E-mail: wstern@mofo.com

Attorneys for Defendant and Counterclaimant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No.   C 07-5739 SC<br><br>**DEFENDANT GAP INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

## GAP INC.'S ANSWER AND COUNTERCLAIM

GAP Inc. ("GAP") answers Plaintiff's complaint as set forth below solely on behalf of GAP. To the extent any response to the conclusory headings used in the complaint may be deemed required, GAP denies any allegations set forth in those headings. GAP denies any allegation not deemed to be addressed below, if any, to the extent that allegation is deemed to require a response.

### PARTIES

1. Answering paragraph 1, GAP lacks knowledge or information sufficient to form a belief regarding Plaintiff Joel Ruiz's state of citizenship. GAP denies that Plaintiff has been injured. Plaintiff's remaining allegations state conclusions of law to which no answer is required. To the extent the remaining allegations require an answer, they are denied.

2. GAP admits the allegations of paragraph 2 of the Complaint.

3. The allegations of paragraph 3 are not directed at GAP. Therefore, no answer is required by GAP.

### NATURE OF ACTION

4. GAP admits the allegations of paragraph 4 of the Complaint.

5. GAP admits that on Friday, September 28, 2007, GAP disclosed that two laptop computers were stolen from a third-party vendor that manages job applicant data. GAP also admits that one of the laptops contained the personal information of approximately 800,000 job applicants, and that information was not encrypted. GAP denies the remaining allegations of paragraph 5 of the Complaint.

6. GAP lacks knowledge or information sufficient to admit or deny the allegations of paragraph 6 of the Complaint.

7. GAP admits that the data on one of the stolen laptops included the names, social security numbers, addresses, and other personal information and identities of people from the United States, Puerto Rico, and Canada who applied online or by phone for store positions with GAP, Old Navy, Banana Republic, and Outlet stores between July 2006 and June 2007. GAP denies the remaining allegations of paragraph 7 of the Complaint.

8.      GAP admits that Plaintiff purports to seek injunctive relief and any other such relief as the Court may award. GAP denies the remaining allegations of paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9.      Answering paragraph 9, GAP does not contest that this Court has personal jurisdiction as to GAP for purposes of this case. GAP denies that this case should proceed as a class action. As for the remaining allegations of this paragraph, they state conclusions of law, and, therefore, no answer is required by GAP.

10.     Paragraph 10 states conclusions of law to which no answer is required.

**FACTUAL ALLEGATIONS**

11.     GAP admits the allegations of paragraph 11 of the Complaint.

12.     GAP admits the allegations of paragraph 12 of the Complaint.

13.     Answering paragraph 13, GAP admits that the Gramm-Leach Bliley Act was enacted on November 12, 1999, and that California has passed laws codified at Civil Code §§ 1798.80 *et seq.* and § 1798.85(3). Plaintiff's remaining allegations state conclusions of law to which no answer is required.

14.     Answering paragraph 14, GAP admits that the FTC publication entitled "Protecting Personal Information: A Guide for Business," is attached to the Complaint as Exhibit A. The publication is a readily available public document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

15.     Answering paragraph 15, GAP admits that the FTC Report is a publicly available document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

16.     Answering paragraph 16, GAP admits that the FTC Report is a publicly available document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly

1  summarized this publication and, for that reason, GAP denies any allegation purporting to
2  characterize this publication that is inconsistent with the publication.

3      17.    Answering paragraph 17, GAP admits that the California Department of Consumer
4  Affairs' Office of Privacy Protection publication entitled, "Recommended Practices of Notice of
5  Security Breach Involving Personal Information," dated February 2007, is attached to the
6  Complaint as Exhibit B. The publication is a readily available public document and speaks for
7  itself. GAP denies that Plaintiff has accurately, completely, or correctly summarized this
8  publication and, for that reason, GAP denies any allegation purporting to characterize this
9  publication that is inconsistent with the publication.

10      18.    Answering paragraph 18, GAP admits that the San Francisco Chronicle published
11  an article on September 29, 2007 discussing data security. The publication is a readily available
12  public document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or
13  correctly summarized this publication and, for that reason, GAP denies any allegation purporting
14  to characterize this publication that is inconsistent with the publication. GAP lacks knowledge
15  and information sufficient to admit or deny the remaining allegations of paragraph 18 of the
16  Complaint.

17      19.    Answering paragraph 19, GAP admits that CNNMoney.com published an article
18  on September 28, 2007 regarding the data breach. The publication is a readily available public
19  document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly
20  summarized this publication and, for that reason, GAP denies any allegation purporting to
21  characterize this publication that is inconsistent with the publication.

22      20.    Answering paragraph 20, GAP admits that the United States Government
23  Accountability Office published a report in June 2007 on data breaches. The publication is a
24  readily available public document and speaks for itself. GAP denies that Plaintiff has accurately,
25  completely, or correctly summarized this publication and, for that reason, GAP denies any
26  allegation purporting to characterize this publication that is inconsistent with the publication.

27      21.    Answering paragraph 21, GAP admits that "data breaches can lead to identity
28  theft," but further avers that, statistically, only a very small percentage ever do. GAP also admits

that the GAO Report is a readily available public document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication. GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of paragraph 21 of the Complaint.

22. Answering paragraph 22, GAP admits that the GAO Report is a readily available public document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

23. Answering paragraph 23, GAP admits that the GAO Report is a readily available public document and speaks for itself. GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

24. GAP admits the allegations of paragraph 24 of the Complaint.

25. Answering paragraph 25, GAP admits that in the course of using some online application processes GAP informs job applicants of the Privacy Statement reflected in paragraph 25 of the Complaint. GAP denies the remaining allegations of paragraph 25 of the Complaint.

26. Answering paragraph 26, GAP admits that when applying for job positions using certain online application processes it requires a job applicant to provide personal identifying information, including the applicant's social security number, birth date, address, and phone number. GAP denies the remaining allegations of paragraph 26 of the Complaint.

27. Answering paragraph 27, GAP admits that a job applicant must provide their social security number when they apply for a position using certain online application processes. GAP denies the remaining allegations of paragraph 27 of the Complaint.

28. GAP admits that job applicants are required to consent to a background check when applying for positions using certain online application processes. GAP denies the remaining allegations of paragraph 28 of the Complaint.

1    29.    GAP admits that job applicants are required to answer certain questions when applying for a position using certain online application processes. GAP denies the remaining allegations of paragraph 29 of the Complaint.

   30.    GAP admits that the third-party vendors that manage GAP's job application processes have access to such personal information the third-party vendor actually receives from the job applicant during the application process. GAP denies the remaining allegations of paragraph 30 of the Complaint.

   31.    GAP lacks knowledge or information sufficient to admit or deny the allegations of paragraph 31 of the Complaint.

   32.    GAP admits that on September 19, 2007, GAP learned that two laptop computers were stolen from the offices of one of the third-party vendors it employed to manage its job applicant data. GAP admits that one of the laptops contained the personal information of persons that had applied to Old Navy, GAP, Banana Republic, or its outlet stores by telephone or the internet from July 2006 to June 2007. GAP denies the remaining allegations of paragraph 32 of the Complaint.

   33.    GAP admits that the information contained on the stolen laptop was not encrypted. GAP denies the remaining allegations of paragraph 33 of the Complaint.

   34.    GAP admits that it sent a letter, dated September 28, 2007, which was signed by GAP Chairman and CEO Glenn Murphy. GAP lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 34 of the Complaint.

   35.    GAP admits that the letter stated that GAP did not believe that the data on the computer was the target of the theft or that the personal information had been accessed or used improperly. GAP denies the remaining allegations of paragraph 35 of the Complaint.

   36.    GAP admits that the letter referenced in paragraph 34 of the Complaint did offer to provide twelve months of credit monitoring and fraud assistance without charge and that the letter also included a deadline of January 31, 2008 to sign up for this coverage. GAP further admits that the monitoring offered is the "Triple Advantage Credit Monitoring Plan" by Experian. GAP

lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 36 of the Complaint.

37.   Paragraph 37 of the Complaint state conclusions of law to which no answer is required. To the extent the allegations require an answer, they are denied.

38.   GAP affirmatively states that the terms and conditions of the credit monitoring plan speak for themselves. GAP denies that Plaintiff has accurately, completely, or correctly summarized the terms and conditions, and for that reason, GAP denies any allegation purporting to characterize the terms and conditions that is inconsistent with the terms and conditions. GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of paragraph 38 of the Complaint.

39.   GAP admits the allegations of paragraph 39 of the Complaint.

40.   GAP admits that the quotation in the Complaint appears on its website. GAP denies the remaining allegations of paragraph 40 of the Complaint.

41.   GAP admits the allegations of paragraph 41 of the Complaint.

42.   GAP admits that the laptop included personal information of applicants from Canada, but not the Social Insurance numbers of Canadian applicants, and that GAP did not notify those applicants because it does not believe that this group is at a higher risk for identity theft as a result of the incident. GAP denies the remaining allegations of paragraph 42 of the Complaint.

43.   GAP admits that it has not publicly disclosed the name of the third-party vendor. GAP further admits that it employs multiple vendors to manage the data collected from its job applicants. GAP denies the remaining allegations of paragraph 43 of the Complaint.

**CLASS ACTION ALLEGATIONS**

44.   Answering paragraph 44, Plaintiff's purported definition of a class is an assertion of law to which no answer is required. To the extent those allegations require an answer, they are denied. GAP denies that this case should proceed as a class action. The remaining allegations state conclusions of law to which no answer is required.

45.   GAP denies the allegations of paragraph 45 of the Complaint.

1   46.   GAP denies the allegations of paragraph 46 of the Complaint.

2   47.   GAP denies the allegations of paragraph 47 of the Complaint.

3   48.   GAP denies the allegations of paragraph 48 of the Complaint.

4   49.   GAP denies the allegations of paragraph 49 of the Complaint.

5   50.   GAP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 50 of the Complaint.

## CAUSES OF ACTION

### COUNT I

51.   Answering paragraph 51, GAP incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

52.   Answering paragraph 52, GAP denies that it owed Plaintiff and the Class a duty to protect their private information of the sort and of the nature Plaintiff alleges.

53.   GAP admits that it was aware of a standard in the industry relating to protecting the private information of employees and applicants, and was aware of the need to protect the personal information of its job applicants. GAP denies the remaining allegations of paragraph 53 of the Complaint.

54.   GAP denies the allegations of paragraph 54 of the Complaint.

55.   GAP denies the allegations of paragraph 55 of the Complaint.

56.   GAP denies the allegations of paragraph 56 of the Complaint.

### COUNT II

57.   Answering paragraph 57, GAP incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

58.   GAP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 58 of the Complaint.

59.   Answering paragraph 59, GAP denies that it owed Plaintiff and the Class a duty to protect their private information of the sort and of the nature Plaintiff alleges.

60.   GAP denies the allegations of paragraph 60 of the Complaint.

**COUNT III**

61. Answering paragraph 61, GAP incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

62. GAP denies the allegations of paragraph 62 of the Complaint.

63. GAP denies the allegations of paragraph 63 of the Complaint.

64. GAP denies the allegations of paragraph 64 of the Complaint.

65. GAP denies the allegations of paragraph 65 of the Complaint.

66. GAP denies the allegations of paragraph 66 of the Complaint.

67. GAP denies the allegations of paragraph 67 of the Complaint.

68. GAP denies the allegations of paragraph 68 of the Complaint.

**COUNT VI**

69. Answering paragraph 69, GAP incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

70. Paragraph 70 states conclusions of law to which no answer is required. To the extent the allegations require an answer, they are denied.

71. GAP denies the allegations of paragraph 71 of the Complaint.

72. GAP denies the allegations of paragraph 72 of the Complaint.

73. GAP denies the allegations of paragraph 73 of the Complaint.

**COUNT V**

74. Answering paragraph 74, GAP incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

75. GAP denies the allegations of paragraph 75 of the Complaint.

76. GAP denies the allegations of paragraph 76 of the Complaint.

**PRAYER FOR RELIEF**

GAP denies that Plaintiff is entitled to an order certifying the class or that damages or attorneys' fees should be awarded in any amount. GAP denies that Plaintiff is entitled to injunctive relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that GAP would not otherwise bear under applicable law, and without limitation as to any and all other affirmative defenses that GAP may have and that it may assert in this action, GAP asserts the following affirmative or additional defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to assert the causes of action alleged in the Complaint, either individually or in a representative capacity.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Injury)

Plaintiff's claims, and each of them, fail as a matter of law due to the absence of any legally-cognizable injury.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiff's claims are barred because he has not suffered any damages, or, if there any damages, they are vague, uncertain, imaginary and speculative.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Relief — Injunction)

Plaintiff is not entitled to the injunctive relief requested in the complaint because such relief is neither necessary nor proper.

**SIXTH AFFIRMATIVE DEFENSE**
**(Conformity with Standards)**

Plaintiff's claims are barred because GAP's statements, conduct, and actions, if any, were in conformity with and were pursuant to statutes, laws, governmental regulations, and industry standards based on the knowledge existing at the time of any such statements, conduct, or actions.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Proximate Cause, Acts of Others)**

To the extent Plaintiff has sustained any damages, these purported damages were proximately caused by others for whom GAP is not legally responsible. Such injuries were not caused by any conduct or inaction by GAP, or were not foreseeable, or both.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Third-Party Intervening Fault)**

To the extent Plaintiff has sustained any damages, Plaintiff is barred from pursuing any claim for recovery against GAP because such injuries or damages were proximately caused and/or contributed to, by third-parties.

**NINTH AFFIRMATIVE DEFENSE**
**(Offset by Plaintiff's Conduct and/or Third-Parties)**

While GAP denies any liability in this matter, any such potential liability that might ultimately be determined must be offset by the extent to which any alleged losses, liabilities, costs, expenses or other damages or amounts of the type for which Plaintiff seeks recovery are attributable to the conduct of Plaintiff and/or third-parties.

**TENTH AFFIRMATIVE DEFENSE**
**(Conduct Not "Unlawful")**

GAP's business practices were not "unlawful" within the meaning of California Business & Professions Code §17200.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Conduct Not "Unfair")

GAP's business practices were not "unfair" within the meaning of California Business & Professions Code section §17200.

**TWELFTH AFFIRMATIVE DEFENSE**
(No Basis for Restitution)

Plaintiff has not alleged a proper basis for restitution under California Business & Professions Code § 17203.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Res Judicata/Collateral Estoppel)

The claims made by Plaintiff are precluded by res judicata and/or collateral estoppel principles, to the extent that there are prior actions raising the same claims and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

**COUNTERCLAIM**

GAP asserts this counterclaim against Mr. Ruiz, and alleges the following:

**PARTIES AND JURISDICTION**

1. GAP is a Delaware corporation with its principal place of business in San Francisco, California.

2. On information and belief, Joel Ruiz resides in Texas.

3. This Court has personal jurisdiction over Joel Ruiz. This Court has subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 13, 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. §§ 2201 and 2202 (declaratory judgment).

4. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

5. On September 19, 2007, GAP learned that two laptop computers were stolen from the office of a third-party vendor that helps GAP manage job applicant data. One of the laptops contained the personal information provided to GAP by approximately 800,000 people who

applied online or by phone for store positions at one of GAP's brands between July 2006 and June 2007.

6. Contrary to the GAP's agreement with the vendor, the information on the laptop was not encrypted.

7. GAP has no reason to believe that the data contained on the laptop was the target of the theft or that the personal information has been accessed or used improperly.

8. On September 28, 2007, GAP began notifying the job applicants whose social security numbers were included on the laptop and offered them a year free of credit monitoring services with fraud resolution assistance, along with a dedicated 24-hour helpline. In addition, the GAP posted information and updates at www.GAPsecurityassistance.com.

9. On information and belief, Joel Ruiz applied for a position with Old Navy in late 2006. Plaintiff's personal information, including his social security number, was on the stolen laptop. GAP sent Mr. Ruiz a data breach notification letter on September 28, 2007.

10. On November 13, 2007, Mr. Ruiz filed a class action lawsuit seeking damages, injunctive relief, and attorneys' fees. Mr. Ruiz alleges that GAP's failure to take adequate security measures have put the putative class members at risk of becoming victims of identity theft crimes.

11. Mr. Ruiz has not alleged that anyone's identity has been stolen as a result of the theft.

12. GAP denies the material charging allegations in the Complaint. GAP further denies that Mr. Ruiz has suffered any injury or damages. For this and other reasons, he is not entitled to any relief.

13. GAP has complied with all statutes, laws, governmental regulations, and industry standards. No laws, federal or state, require that someone offer credit monitoring or fraud insurance at all, let alone for more than the one-year period that GAP offered.

14. An actual and justiciable controversy has arisen and now exists between GAP, on the one hand, and Mr. Ruiz, on the other, concerning their rights and duties.

1    15.   GAP seeks a declaratory judgment that its actions were in compliance with federal
2 and state laws, and that Mr. Ruiz and the putative class he purports to represent are not entitled to
3 any relief.

4    16.   A judicial declaration is necessary and appropriate so the parties may ascertain
5 their rights and duties under the law.

## PRAYER FOR RELIEF

WHEREFORE, GAP prays for judgment as follows:

A.   Enter an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for negligence;

B.   Enter an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for bailment;

C.   Enter an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for violation of California Business & Professions Code §§ 17200 *et seq.*;

D.   Enter an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for violation of the California Constitutional Right to Privacy;

F.   Enter an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for violation of California Civil Code § 1798.85;

G.   Enter an order dismissing Mr. Ruiz's case, and the claims of the putative class he purports to represent;

F.   Enter an order awarding GAP its costs and attorneys fees, together with any other relief this Court deems equitable and just.

DEFENDANT GAP INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM C 07-5739 SC        13
sf-2423698

| | | |
|---|---|---|
| 1 | Dated: November 20, 2007 | WILLIAM L. STERN |
| 2 | | CLAUDIA M. VETÉSI |
| | | MORRISON & FOERSTER LLP |
| 3 | | |
| 4 | | By        /s/ William L. Stern |
| 5 | | William L. Stern |
| 6 | | Attorneys for Defendant and Counterclaimant GAP INC. |

DEFENDANT GAP INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM C 07-5739 SC
sf-2423698

14