1  WILLIAM L. STERN (CA SBN 96105)
   CLAUDIA M. VETÉSI (BAR NO. 233485)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone: 415.268.7000
4  Facsimile:  415.268.7522
   E-mail:  wstern@mofo.com
5
   Attorneys for Defendant and Counterclaimant
6  GAP INC.

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 JOEL RUIZ, On Behalf of Himself and All Others        Case No.    C 07-5739 SC
   Similarly Situated,
13                                                        **DEFENDANT GAP INC.'S**
                    Plaintiff,                            **NOTICE OF MOTION AND**
14                                                        **MOTION TO STRIKE**
          v.                                              **PLAINTIFF'S CLASS**
15                                                        **ALLEGATIONS;**
   GAP, INC., and DOES 1-9 inclusive,                     **MEMORANDUM OF POINTS**
16                                                        **AND AUTHORITIES IN**
                    Defendants.                           **SUPPORT THEREOF**
17
                                                          Date:    January 11, 2008
18                                                        Time:    10:00 a.m.
                                                          Room:  Courtroom 1, 17th Floor
19                                                        Judge:  Honorable Samuel Conti

20                                                        Complaint filed:    November 13, 2007

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 11, 2008 at 10:00, or as soon thereafter as the matter may be heard, before the Honorable Samuel Conti, United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco, California, Defendant GAP Inc. ("GAP") will, and hereby does, move, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order striking the class allegations from Plaintiff's Complaint for injunctive relief and damages.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the reply papers to be filed by GAP, the pleadings and other papers on file herein, and such other written and oral argument as may be presented to the Court.

DEFENDANT GAP INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427773

1

1    I.    **INTRODUCTION**

2    This is a "Fear of Identity Theft" case.  GAP has filed a motion for judgment on the

3    pleadings on the grounds that Plaintiff lacks standing to pursue his claims or, in the alternative,

4    that he fails to state a claim for relief.  The Court would reach this motion to strike only if it

5    determines that (i) Plaintiff has standing; and (ii) the Complaint states a claim.

6    If the Court were to reach this motion, it should strike the class allegations for several

7    reasons.  First, a class action cannot be certified where claimants have not suffered actual harm.

8    Second, Plaintiff fails to allege the key elements for a class action and the Complaint lacks

9    commonality, typicality, and adequacy of representation.

10    For these reasons, GAP moves to strike the class allegations in the Complaint.

11    II.    **ARGUMENT**

12    **A.    The Legal Standard.**

13    Under Rule 23(c)(1) of the Federal Rules of Civil Procedure, this Court is fully empow-

14    ered to determine "at an early practicable time" whether an action is to be maintained as a class

15    action.  Additionally, Rule 23(d)(4) expressly authorizes the Court to issue orders "requiring that

16    the pleadings be amended to eliminate therefrom allegations as to representation of absent

17    persons, and that the action proceed accordingly."  Consistent with these rules, motions to strike

18    are a well-recognized means of attacking inadequate class allegations such as these.  *See* 7A

19    Charles Alan Wright et al., *Federal Practice & Procedure* § 1760, at 131 (2d ed. 1986);  *Cook*

20    *County College Teachers Union v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) ("One opposing a

21    class action may move for an order determining that the action may not be maintained as a class

22    suit");  *SPG Inv. Ass'n v. Berry Petroleum Corp.*, No. 4-84-159, 1987 U.S. Dist. LEXIS 12093

23    (D. Minn. Dec. 30, 1987) (granting defendants' motion for denial of class certification); 7A

24    Wright et al., *supra*, § 1785, at 89 ("Either plaintiff or defendant may move for a determination

25    under Rule 23(c)(1)").

26    The plaintiff always bears the burden of establishing all prerequisites to the maintenance

27    of a class action under Rule 23.  *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613

28    (1997).  This is so even in the context of a defendant's motion challenging the propriety of the

DEFENDANT GAP INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S CLASS
ALLEGATIONS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427773

2

1   class allegations. *See Rodrigues v. Pacific Tel. & Tel. Co.*, 70 F.R.D. 414, 416 (N.D. Cal. 1976)

2   ("[E]ven upon a defendant's motion for determination that an action not be maintained as a class

3   action, the burden is upon plaintiff to establish that the requirements of Rule 23 are satisfied");

4   *Brown v. Milwaukee Spring Co.*, 82 F.R.D. 103, 104 (E.D. Wis. 1979) ("While the plaintiff has

5   the burden of establishing her right to maintain a class action, the defendants may test the propri-

6   ety of the action by means of a motion for denial of class certification"); *Hylaszek v. Aetna Life

7   Ins. Co.*, No. 94 C 5961, 1998 U.S. Dist. LEXIS 10209, at *4 (N.D. Ill. June 29, 1998) (same);

8   *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70, 75 (N.D. Ohio 1973) (same).

9         For the reasons explained in greater detail below, the Court should exercise its authority

10   under Rule 23 to strike Plaintiff's class allegations.

11        **B.    No Class[1] Can Be Certified Because No One Has Suffered Actual Harm.**

12        A class may not be certified where claimants have not suffered real harm. *See Amchem

13   Prods., Inc.*, 521 U.S. at 613 (affirming denial of class certification where some members of the

14   class had developed asbestos-related injuries while others were only at risk of developing such

15   injuries); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (reversing class

16   certification where only a small percentage of the class suffered actual injury from a drug). Here,

17   Mr. Ruiz fails to allege that any member of the putative class has actually suffered harm from—as

18   opposed to merely being exposed to a *risk* of—identity theft. (*See, e.g.*, Compl., ¶ 56 ("Plaintiff

19   and the Class have been harmed by the release for [sic] their personal information by putting

20   them at an increased risk of identity theft.").)

21        For this reason, the Court should strike Plaintiff's class allegations.

22        **C.    The Complaint Fails To Satisfy The Elements of Rule 23.**

23        A party seeking to establish a class must plead and prove: (1) numerosity;

24   (2) commonality; (3) typicality; *and* (4) adequacy of representation. Fed. R. Civ. P. 23(a). In

25   addition to proving these elements, a party must meet at least one of the requirements of Rule

26

27   [1] The Complaint asserts the wrong dates for the class. The affected job applicants applied
for employment between July 2006 and June 2007 (not *July* 2007). (Compl., ¶ 44.)

28

23(b).[2] *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Failure to sufficiently plead and prove any one of these elements precludes class certification. *Id.* This Complaint lacks commonality, typicality, and adequacy of representation.

### 1.    Common Issues Do Not Predominate.

Plaintiff must demonstrate that common questions of law or fact exist and "predominate over any questions affecting only individual members." *Amchem Prods., Inc.*, 521 U.S. at 615; *Valentino*, 97 F.3d at 1234. If "material variations exist as to the law or facts involved with individual class member injuries, then the commonality requirement [is] not . . . met." *La Duke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985); *Hum v. Dericks*, 162 F.R.D. 628 (D. Haw. 1995) (denying certification where the fact of injury is an element of the claim and is not common).

Even if the Complaint alleged that some of the putative class members suffered an injury (which it does not), individual issues would predominate. This class contemplates two kinds of claimants: Those who have had a manifest injury and those whose injury is only latent. A person who has his credit card stolen or health insurance misused is very differently situated from someone who only worries about that happening. Offering more identity theft insurance (to $50,000, as requested) and increasing the period of credit monitoring to five years provides no relief to someone in the "manifest injury" group. (*See* Compl., ¶ 68(g).) Of course, all this is hypothetical, as Plaintiff has not alleged that he or any other class member has suffered injury.

Moreover, proving causation among the "manifest injury" group will require the determination of myriad individualized questions: Did the person's loss stem from the stolen laptops as opposed to, say, a misplaced credit card or a TJ Maxx-type intrusion? Causation cannot be proved on a classwide basis.

---

[2] Plaintiff must plead that the putative class meets the requirements of at least one of the three subsections of Rule 23(b): (1) there is a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendants; (2) final injunctive or declaratory relief is appropriate for the class as a whole because defendants acted on grounds generally applicable to the class; or (3) common questions of law or fact predominate over individual issues and the class action is superior to other methods for the fair and efficient adjudication of the case. Fed. R. Civ. P. 23(b)(1)-(3).

DEFENDANT GAP INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427773

4

## 2.    Plaintiff's Claims Are Not Typical and He is Not "Adequate."

A named plaintiff who himself cannot state a case or controversy is not typical of those who can. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Alternatively, such a person is not an "adequate representative" capable of seeking relief on behalf of those who have incurred actual injury. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Furthermore, a named plaintiff must be a member of the class he seeks to represent. *See General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982) ("a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.") (internal citation omitted); *Hanon*, 976 F.2d at 508 (typicality tests "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether the other class members have been injured by the same course of conduct.").

Mr. Ruiz is only a "latent injury" claimant. His only injury is a worry. As such, he cannot represent those claimants who have been injured, if any there are. As to them, Mr. Ruiz stands in a different position than class members he would represent. *See O'Shea*, 414 U.S. at 494. For Plaintiff to represent their interests would violate due process. *See Amchem Prods., Inc.*, 521 U.S. at 624-626.

Even as to the "latent injury" group, Plaintiff is neither adequate nor typical. Consider the one-year credit monitoring program that GAP offered. (Compl., ¶ 36.) Either Mr. Ruiz accepted that benefit or he did not.[3] If he did not accept this benefit, then he is not typical of those tens of thousands of putative class members who did. If he did accept, he is not typical of those who declined. Those persons are presumed to have decided that even one year's worth of free credit monitoring service is not something they want. How, then, is someone who accepted that benefit an adequate representative as to a claim that seeks to force on absent class members *five more years* of a service they have decided they don't want?

---

[3] Knowing Mr. Ruiz's decision is not necessary in order to rule on this motion, because, either way, he is neither typical nor adequate.

1

**3.    A Class Action is Not "Superior" to Other Proceedings.**

2    Rule 23(b)(3) requires that a class action be manageable and superior to other proceed-

3 ings. Fed. R. Civ. P. 23(b)(3); *see also Zinser*, 253 F.3d at 1190. A class action is not the

4 superior means of proceeding in this case. GAP has already offered a remedy on a classwide

5 basis. (*See* Compl., ¶ 36.) Those who did not accept have signaled that they are not interested in

6 having Mr. Ruiz's remedy forced upon them.

7    Those who wanted free credit monitoring have already opted into the GAP program. For

8 them, GAP has given a remedy beyond what the law requires. Indeed, in most "Fear of ID Theft"

9 cases, the defendant offered no credit monitoring. *See e.g. Key v. DSW, Inc.*, 454 F. Supp. 2d

10 684, 690 (S.D. Ohio 2006); *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629 (7th Cir. 2007). Those

11 claims were nevertheless dismissed.

12    Here, GAP offered one-year's worth of credit monitoring, more than any federal or state

13 law requires. For these reasons, a class action is not a superior means of proceeding in this case.

14 **III.    CONCLUSION**

15    For the foregoing reasons, GAP respectfully requests that this Court enter an order

16 striking the class allegations from Plaintiff's complaint.

17 Dated: December 7, 2007          WILLIAM L. STERN
                                    CLAUDIA M. VETÉSI
18                                  MORRISON & FOERSTER LLP

19

20                                  By        /s/ William L. Stern
                                              William L. Stern
21
                                    Attorneys for Defendant and Counterclaimant
22                                  GAP INC.

23

24

25

26

27

28