1  WILLIAM L. STERN (CA SBN 96105)
   CLAUDIA M. VETÉSI (BAR NO. 233485)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522
   E-mail: wstern@mofo.com
5
   Attorneys for Defendant and Counterclaimant
6  GAP INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  JOEL RUIZ, On Behalf of Himself and All Others      Case No.   C 07-5739 SC
    Similarly Situated,
13                                                       **DEFENDANT GAP INC.'S
                        Plaintiff,                       NOTICE OF MOTION AND
14                                                       MOTION FOR JUDGMENT ON
         v.                                              THE PLEADINGS;
15                                                       MEMORANDUM OF POINTS
    GAP, INC., and DOES 1-9 inclusive,                   AND AUTHORITIES IN
16                                                       SUPPORT THEREOF**
                        Defendants.
17                                                       Date:  January 11, 2008
                                                         Time:  10:00 a.m.
18                                                       Room:  Courtroom 1, 17th Floor
                                                         Judge: Honorable Samuel Conti
19
                                                         Complaint filed:  November 13, 2007
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

NOTICE OF MOTION AND MOTION ........................................................ 1

I.      INTRODUCTION ............................................................................... 1

II.     STATEMENT OF FACTS ................................................................... 2

III.    ARGUMENT ...................................................................................... 3

        A.    The Legal Standard. ............................................................. 3

        B.    The Court Should Dismiss For Lack of "Article III"
              Standing. .............................................................................. 3

        C.    The Court Should Dismiss For Failure To State A
              Claim. ................................................................................... 5

              1.    Plaintiff Fails to State a Claim for Negligence or
                    Bailment. ..................................................................... 6

              2.    Plaintiff Fails to State a Claim Under California's Unfair
                    Competition Law. ........................................................ 7

                    a.    Plaintiff Lacks Standing Under the UCL. ............. 7

                    b.    Alternatively, GAP's Alleged Business Practices Are
                          Not "Unlawful" or "Unfair." ............................... 8

                    c.    The Court Should Invoke Equitable Abstention and
                          Decline to Entertain the UCL Claim. .................... 9

              3.    Plaintiff's Privacy Count Fails to State a Claim. ............ 11

              4.    Plaintiff Is Not Entitled to Relief Under California Civil
                    Code Section 1798.85. ................................................ 11

IV.     CONCLUSION .................................................................................. 12

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aas v. Super. Ct.*,
24 Cal. 4th 627 (2000) ............................................................................................ 6

*Alvarado v. Selma Convalescent Hospital*,
153 Cal. App. 4th 1292 (2007)............................................................................... 9

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001).................................................................................. 5

*Bell v. Acxiom Corp.*,
No. 4:06CV00485-WRW, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006) ................. 3

*Carmen v. San Francisco Unified School Dist.*,
982 F. Supp. 1396 (N.D. Cal. 1997) ...................................................................... 3

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel Co.*,
20 Cal. 4th 163 (1999) ....................................................................................... 8, 9

*Cetacean Comty. v. Bush*,
386 F.3d 1169 (9th Cir. 2004)................................................................................ 4

*Chavez v. Blue Sky Natural Beverage Co.*,
503 F. Supp. 2d 1370 (N.D. Cal. 2007) ............................................................. 7, 8

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ................................................................................................. 4

*Clark v. City of Lakewood*,
259 F.3d 996 (9th Cir. 2001)................................................................................... 4

*Coremetrics, Inc. v. AtomicPark.com, LLC*,
370 F. Supp. 2d 1013 (N.D. Cal. 2005) ................................................................. 1

*DaimlerChrysler Corp. v. Cuno*,
126 S. Ct. 1854 (2006) ........................................................................................... 4

*Desert Healthcare District v. PacifiCare, FHP, Inc.*,
94 Cal. App. 4th 781 (2001)................................................................................... 9

*Fajardo v. County of Los Angeles*,
179 F.3d 698 (9th Cir. 1999).................................................................................. 3

*Forbes v. Wells Fargo Bank, N.A.*,
420 F. Supp. 2d 1018 (D. Minn. 2006) .................................................................. 6

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

ii

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006).................................................................... 5

*Giordano v. Wachovia Sec., LLC.*,
    No. 06-476 (JBS), 2006 WL 2177036 (D.N.J. July 31, 2006)....................... 3, 4

*Guin v. Brazos Higher Educ. Serv. Corp.*,
    No. 05-668 RHK/JSM, 2006 WL 288483 (D. Minn. Feb. 7, 2006) ................ 6

*Hangarter v. Provident Life and Acc. Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004)........................................................................ 4

*Hendricks v. DSW Shoe Warehouse, Inc.*,
    444 F. Supp. 2d 775 (W.D. Mich. 2006) ...................................................... 6

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 Cal. 4th 1 (1994) ...................................................................................... 11

*Hodgers-Durgin v. De La Vina*,
    199 F.3d 1037 (9th Cir. 1999)...................................................................... 5

*In Re Century 21-RE/MAX Real Estate Advertising Claims Litigation*,
    882 F. Supp. 915 (C.D. Cal. 1994). ......................................................... 2 n.4, 3

*In Re Department of Veterans Affairs (VA) Data Theft Litigation*,
    MDL Docket No. 1796 (D.D.C. 2007). ..................................................... 5 n.6

*In Re Firearm Cases*,
    126 Cal. App. 4th 959 (2005)....................................................................... 9

*In Re First Alliance Mortgage Co.*,
    471 F.3d 977 (9th Cir. 2006)........................................................................ 7

*Kahle v. Litton Loan Servicing, LP*,
    486 F. Supp. 2d 705 (S.D. Ohio 2007)...................................................... 5, 6

*Key v. DSW, Inc.*,
    454 F. Supp. 2d 684 (S.D. Ohio 2006)........................................................ 3

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ............................................................................... 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..................................................................................... 4

*Nelsen v. King County*,
    895 F.2d 1248 (9th Cir. 1990)...................................................................... 4

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..................................................................................... 5

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE    iii
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

*Pisciotta v. Old Nat'l Bancorp*,
    499 F.3d 629 (7th Cir. 2007)...........................................................................5, 6, 7, 10

*Ponder v. Pfizer, Inc.*,
    No. 07-466-JJB-CN, 2007 U.S. Dist. LEXIS 83129 (M.D. La. Nov. 7, 2007) ........................6

*Randolph v. ING Life Ins. & Annuity Co.*,
    486 F. Supp. 2d 1 (D.D.C. 2007) .....................................................................................3, 4

*Reid v. Google, Inc.*,
    155 Cal. App. 4th 1342 (2007).............................................................................................8

*Shamsian v. Dep't of Conservation*,
    136 Cal. App. 4th 621 (2006)...............................................................................................9

*Simon v. Eastern Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976)................................................................................................................5

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    93 Cal. App. 4th 700 (2001).................................................................................................8

*Stollenwerk v. Tri-West Healthcare Alliance*,
    No. 03-0185 PHXSRB, 2005 WL 2465906 (D. Ariz. Sept. 6, 2005),
    *aff'd in part*, No. 05-16990, 2007 WL 4116068 (9th Cir. Nov. 20, 2007) ...............................6

*Toxic Injuries Corp. v. Safety-Kleen Corp.*,
    57 F. Supp. 2d 947 (C.D. Cal. 1999) ...................................................................................4

*Walker v. USAA Casualty Insurance Co.*,
    474 F. Supp. 2d 1168 (E.D. Cal. 2007)................................................................................7

*Walters v. DHL Express*,
    No. 05-1255, 2006 U.S. Dist. LEXIS 29057 (C.D. Ill. May 12, 2006) ....................................6

*Wolfe v. State Farm Fire & Cas. Ins. Co.*,
    46 Cal. App. 4th 554 (1996)...............................................................................................10

*Zamora v. Shell Oil Co.*,
    55 Cal. App. 4th 204 (1997).................................................................................................6

### STATUTES AND RULES

5 U.S.C.
    § 552a.................................................................................................................................5

Cal. Bus. & Prof. Code
    § 17200.......................................................................................................................*passim*

Cal. Civ. Code
    §§ 1798.82.......................................................................................................................9, 10

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE     iv
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

§ 1798.84 .................................................................................................... 9, 10
§ 1798.85 .............................................................................................. 8, 9, 11, 12

Fed. R. Evid.
    201(b) .................................................................................................................. 1

Fed. R. Civ. P.
    12(c) .................................................................................................................... 3
    12(b)(6) ................................................................................................................ 3

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

v

1

**NOTICE OF MOTION AND MOTION**

2

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on January 11, 2008, at 10:00 a.m., or as soon thereafter as

4

the matter may be heard, before the Honorable Samuel Conti, United States District Court, North-

5

ern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 1, 17th

6

Floor, San Francisco, California, Defendant GAP Inc. ("GAP") will, and hereby does, move,

7

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings on

8

the grounds that Plaintiff lacks standing and states no claim for relief.

9

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

10

and Authorities in support thereof, the Request for Judicial Notice, the reply papers to be filed by

11

GAP, the pleadings and other papers on file herein, and such other written and oral argument as

12

may be presented to the Court.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.    INTRODUCTION[1]

This is a "Fear of Identity Theft" case. It is indistinguishable from the dozen or so similar cases decided by other courts. To our knowledge, no reported "Fear of ID Theft" case like this has survived past the pleading stage. Neither should this one.

If anything, this case has even less to commend it than its predecessors. Plaintiff Joel Ruiz applied for a job with GAP.[2] A third-party vendor processed his application. But despite GAP's best precautions, the vendor had stored the personal data of job applicants in an unencrypted format, which violated the vendor's contract. Then, a crook stole two of the laptops from the vendor's office, one of which contained unencrypted personal information of GAP job applicants. So, there is both intervening negligence and intervening criminal conduct, a "perfect storm" of events.

Within days, GAP notified all affected residents in the United States that their personal data may have been compromised and gave precise instructions on how to protect themselves from ID theft. Going beyond what the law requires, GAP obtained one year's worth of credit monitoring (including fraud protection) for any recipient who wanted it. Tens of thousands of recipients of GAP's letter accepted that offer.

Between notification costs and ID theft-protection, this incident has already cost millions of dollars. Not enough, insists Plaintiff, who demands, among other things, five years of credit monitoring for all 800,000 class members. Yet no one—let alone Plaintiff—suffered a single instance of identity theft, and fewer than 1% of stolen laptop instances ever result in identity theft.[3] In short, this is a "Fear of ID Theft" case, without cognizable injury.

---

[1] GAP has concurrently filed a motion to strike the class allegations. If the Court grants this motion, it will moot the motion to strike.

[2] For purposes of this case, "GAP" stands for four of GAP Inc.'s brands collectively: GAP, Banana Republic, Old Navy, and Outlet. Mr. Ruiz alleges that he applied for a position with Old Navy. (Complaint ("Compl."), ¶ 6.)

[3] *National Data Breach Analysis*, available at http://www.idanalytics.com/assets/pdf/ National_DataBreach_FAQ.pdf. *See* Defendant's Request for Judicial Notice ("RJN"), Exhibit A. Courts may take judicial notice of a fact "not subject to reasonable dispute . . . or . . . capable of accurate and ready determination by resort to sources whose accuracy cannot

(Footnote continues on next page.)

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF P's AND A's C 07-5739 SC
sf-2427772

1

1    Plaintiff's claims should be dismissed with prejudice.  The absence of injury robs Plaintiff

2    of standing.  Alternatively, the Complaint does not state a proper claim for relief.

3    **II.    STATEMENT OF FACTS**

4         ***The Incident.***  On September 17, 2007, a third-party vendor for GAP suffered a theft of

5    two laptop computers from the vendor's office.  (Complaint ("Compl."), ¶ 5.)  Both laptops were

6    password-protected, but one contained unencrypted personal information on people who had

7    applied for jobs with GAP from July 2006 through June 2007 ("GAP Job Applicants").  *See*

8    Exhibit A attached hereto.[4]  This was in violation of GAP's agreement with its vendor.  (*Id.*)

9         ***GAP's Swift Response.***  Federal and state law enforcement authorities were promptly

10   notified of the laptop theft.  (Exh. A.)  Within days, GAP sent notice to every GAP Job Applicant

11   in the United States whose personal information was contained on the stolen laptop.  (Compl.,

12   ¶ 34; Exh. A.)  GAP established a toll-free 24-hour hotline and call-center to address any

13   questions, concerns or problems.  It launched a website to ensure that recipients had access to

14   additional information.  (Exh. A.)  Finally, GAP advised that it had purchased a year's worth of

15   credit monitoring (including fraud protection) for any recipient who requested it.  (Compl., ¶ 36;

16   Exh. A.)

17        ***This Lawsuit.***  Plaintiff does not allege that the thief sought access to the personal infor-

18   mation.  He does not allege that his identity or anyone else's was stolen.  Rather, his claim is

19   based on a fear that his information might someday be misused.  (*Cf.* Compl., ¶¶ 56 & 66.)

20        ***Relief Sought.***  Plaintiff prays for:  (i) credit monitoring for all 800,000 affected appli-

21   cants for a period of five years; (ii) increasing the amount of identity theft insurance to $50,000;

22

23   (Footnote continued from previous page.)

24   reasonably be questioned."  Fed. R. Evid. 201(b); *Coremetrics, Inc. v. Atomic Park.com, LLC*,
     370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of website).

25        [4] Attached hereto as Exhibit A is a copy of the form letter sent to the affected GAP Job
     Applicants, including Plaintiff.  (*See* Compl., ¶ 34.)  Because the contents of this letter are
26   incorporated by reference into the Complaint, the letter is properly considered on this motion.
     *See In Re Century 21-RE/MAX Real Estate Advertising Claims Litigation*, 882 F. Supp. 915, 921
27   (C.D. Cal. 1994).

28

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE                    2
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

1    (iii) obtaining an audit of GAP's security program every two years for the next 10 years;

2    (iv) "[e]stablishment of a fund to cover uninsured identity theft loss;" (v) compensation for being

3    put "at an increased risk of identity theft;" and other sundry items. (Compl., ¶¶ 56 & 68.)

4         **III.    ARGUMENT**

5         Plaintiff's lack of injury means either that (i) he (and every putative class member) lacks

6    standing, or (ii) he cannot state a claim. Either way, the Court should dismiss the Complaint.

7         **A.    The Legal Standard.**

8         In considering a motion for judgment on the pleadings under Rule 12(c) of the Federal

9    Rules of Civil Procedure, a court takes all the allegations in the non-moving party's pleadings as

10   true, and determines whether the party is entitled to judgment as a matter of law. *See Fajardo v.*

11   *County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). The Court may consider not only the

12   allegations in the pleadings but also documents whose contents are alleged in the complaint or

13   which are incorporated into the pleadings. *See In Re Century 21*, *supra*, 882 F. Supp. at 921.

14   However, the Court need not accept as true conclusory allegations or legal characterizations. *See*

15   *Carmen v. San Francisco Unified School Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

16        The standard for a Rule 12(c) motion for judgment on the pleadings is "virtually identical"

17   to the standard for a Rule 12(b)(6) motion to dismiss. *See id.* The Court may dismiss plaintiff's

18   claims "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

19   under a cognizable legal theory." *In Re Century 21*, *supra*, 882 F. Supp. at 921.

20        **B.    The Court Should Dismiss For Lack of "Article III" Standing.**

21        Most federal courts that have addressed "Fear of ID theft" cases have held that the mere

22   "risk of harm" is not a legally cognizable injury. Accordingly, about half have dismissed for lack

23   of "Article III" standing. *See, e.g., Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1,

24   10 (D.D.C. 2007) (mere increased risk of ID theft fails to demonstrate "actual or imminent"

25   injury); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 690 (S.D. Ohio 2006); *Bell v. Acxiom Corp.*, No.

26   4:06CV00485-WRW, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006); *Giordano v. Wachovia Sec.*,

27

28

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE
PLEADINGS; MEMORANDUM OF P's AND A's   C 07-5739 SC
sf-2427772

3

1    *LLC.*, No. 06-476 (JBS), 2006 WL 2177036 (D.N.J. July 31, 2006).[5] The same defect arises

2    here.

3            Article III standing presents a threshold jurisdictional issue. *City of Los Angeles v. Lyons*,

4    461 U.S. 95, 101 (1983); *see also DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1867 (2006)

5    ("our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to

6    press"). To have standing, Plaintiff must plead and prove an "injury in fact." *Lujan v. Defenders*

7    *of Wildlife*, 504 U.S. 555, 560 (1992). "Injury in fact" requires damage to a legally protected

8    interest that is (i) concrete and particularized, and (ii) actual or imminent, not conjectural or

9    hypothetical. *See Cetacean Comty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Plaintiff must

10   make an individualized showing that there is "'a very significant possibility' that the future harm

11   will ensue." *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). An "increased risk of

12   developing injuries in the future" is not sufficient to confer standing. *See Toxic Injuries Corp. v.*

13   *Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 952 (C.D. Cal. 1999) (increased risk of injury based on

14   exposure to Defendants' solvents was not a concrete and particularized injury).

15           Mr. Ruiz does not allege that he or anyone else suffered harm. (*Cf.*, Compl., ¶ 56.) The

16   Complaint states only that Plaintiff has "suffered an injury-in-fact by being at an *increased risk* of

17   identity theft." (*Id.* ¶ 63 (emphasis added).) This is like seeing a puddle and worrying about a

18   slip-and-fall.

19           The risk of future harm is too hypothetical to constitute "actual or imminent" injury. *See*

20   *Randolph*, 486 F. Supp. 2d at 10. Nor is such fear even a reasonable concern. Fewer than 1% of

21   data breaches ever result in an identity theft. *See* fn. 3, above.

22           That Plaintiff packages his requested relief in the form of injunction does not change the

23   outcome. To obtain an injunction, plaintiff must demonstrate "real or immediate threat of an

24   irreparable injury." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.

25   2004) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) (emphasis

26   _____

27   [5] The others have tossed their "Fear of ID theft" suits for failure to state a claim. We
     discuss those federal cases in Part III.C., below, at pages 5-6.

28

1    omitted)). There must be "continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S.

2    488, 495-496 (1974). "[W]here, as here, [plaintiffs] seek declaratory and injunctive relief, they

3    must demonstrate that they are 'realistically threatened by a repetition of the violation.'" *Gest v.*

4    *Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis in original) (quoting *Armstrong v.*

5    *Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001)). Here, Plaintiff has not, and cannot, make such a

6    showing.

7          Nor can Plaintiff cure his own lack of standing by suing on behalf of a class who seeks

8    injunctive relief. "[S]ystemwide injunctive relief is not available based on alleged injuries to

9    unnamed members of a proposed class." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045

10   (9th Cir. 1999). "Unless the named plaintiff [is himself] entitled to seek injunctive relief, [he]

11   may not represent a class seeking that relief." *Id.* "That a suit may be a class action ... adds

12   nothing to the question of standing." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40

13   n.20 (1976).

14         Plaintiff lacks "Article III" standing. This defect is incurable. Accordingly, the Court

15   should dismiss the Complaint with prejudice.

16         **C.    The Court Should Dismiss For Failure To State A Claim.**

17         Even if Plaintiff had standing, he would lose on the merits. Those federal courts that have

18   not thrown out on standing grounds their "Fear of ID theft" cases have tossed them on the ground

19   that, without injury, no claim is stated under substantive state law.[6]

20         The Seventh Circuit's recent pronouncement is typical: "Without more than allegations of

21   increased risk of future identity theft, the plaintiffs have not suffered a harm that the law is

22   prepared to remedy." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 639 (7th Cir. 2007); accord:

23   *Kahle v. Litton Loan Servicing, LP*, 486 F. Supp. 2d 705, 712-13 (S.D. Ohio 2007) (granting

24

25         [6] To our knowledge, the only court to permit a "Fear of ID Theft" case to proceed past the
       pleading stage was in the context of the Privacy Act, 5 U.S.C. § 552a, which expressly creates a
26     private right of action *against the government* for loss of personal information. *See In Re*
       *Department of Veterans Affairs (VA) Data Theft Litigation*, MDL Docket No. 1796 (D.D.C.
27     2007). No such statute or private right of action exists for Plaintiff here.

28

1    motion for summary judgment on "fear of ID theft" negligence claim); *see also Hendricks v.*

2    *DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775 (W.D. Mich. 2006); *Forbes v. Wells Fargo*

3    *Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006); *Guin v. Brazos Higher Educ. Serv. Corp.*, No.

4    05-668 RHK/JSM, 2006 WL 288483 (D. Minn. Feb. 7, 2006); *Stollenwerk v. Tri-West*

5    *Healthcare Alliance*, No. 03-0185 PHXSRB, 2005 WL 2465906 (D. Ariz. Sept. 6, 2005), *aff'd in*

6    *part*, No. 05-16990, 2007 WL 4116068 (9th Cir. Nov. 20, 2007); *Ponder v. Pfizer, Inc.*, No. 07-

7    466-JJB-CN, 2007 U.S. Dist. LEXIS 83129 (M.D. La. Nov. 7, 2007); *Walters v. DHL Express*,

8    No. 05-1255, 2006 U.S. Dist. LEXIS 29057 (C.D. Ill. May 12, 2006).

9    　　　　Plaintiff has failed to allege facts sufficient to state a claim under any cognizable legal

10   theory, as will be next discussed.  The Court should dismiss for failure to state a claim.

11   　　　　　　　　**1.　　Plaintiff Fails to State a Claim for Negligence or Bailment.**

12   　　　　Plaintiff's lack of injury means that he cannot state a claim for negligence or bailment

13   (Counts I and II).  Under California law, "appreciable, nonspeculative, present injury is an essen-

14   tial element of a tort cause of action."  *Aas v. Super. Ct.*, 24 Cal. 4th 627, 646 (2000) (rejecting a

15   negligence claim related to alleged construction defects because they had not resulted in property

16   damage); *Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 204, 208-211 (1997) (finding no cognizable

17   damage in the cost of replacing defective pipes that had not yet leaked.)  In short, tort requires

18   actual and not speculative or future injury.

19   　　　　The onus is on Plaintiff to plead that he has sustained actual or imminent injury as a result

20   of the laptop theft.  He has not done that.  *See Forbes*, 420 F. Supp. 2d at 1021 (rejecting

21   negligence claim because "[p]laintiffs have shown no present injury or reasonably certain future

22   injury to support damages for any alleged increased risk of harm"); *Guin*, 2006 WL 288483, at *6

23   (rejecting negligence claim for lack of injury where plaintiff had yet to "experience [any] instance

24   of identity theft or any other type of fraud involving his personal information"); *Stollenwerk*,

25   2005 WL 245906, at *5 ("Absent evidence that the data was targeted or actually accessed, there is

26   no basis for a reasonable jury to determine that sensitive personal information was significantly

27   exposed."); *Pisciotta*, 499 F.3d at 639-40 ("Plaintiffs have not come forward with a single case or

28

1    statute, from any jurisdiction, authorizing the kind of action they now ask this federal court . . . to

2    recognize . . . .").

3            Accordingly, the negligence and bailment counts should be dismissed.

4

5    **2.    Plaintiff Fails to State a Claim Under California's Unfair
Competition Law.**

6            Plaintiff's lack of injury means he cannot state a claim under California's Unfair Compe-

7    tition Law, Bus. & Prof. Code § 17200 ("UCL"). Further, GAP's alleged business practices are

8    neither "unlawful" nor "unfair" for the purposes of the UCL. Finally, even if Plaintiff could state

9    a claim under the UCL, the Court should decline to entertain that claim under the doctrine of

10   equitable abstention.

11   **a.    Plaintiff Lacks Standing Under the UCL.**

12           "Plaintiffs must adequately plead 'injury in fact' to survive [a] motion to dismiss."

13   *Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d 1370, 1373 (N.D. Cal. 2007);

14   *Walker v. USAA Casualty Insurance Co.*, 474 F. Supp. 2d 1168, 1171-72 (E.D. Cal. 2007). A

15   plaintiff has standing only if he would be entitled to restitution under the UCL — to the return of

16   money or something in which he held an ownership interest. *Walker*, 474 F. Supp. 2d at 1171-72;

17   *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (the "object of

18   restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an

19   ownership interest"). For a defendant to *return* money or property to a plaintiff, the defendant

20   must have taken that money or property in the first place. *See id.* ("an order for restitution is one

21   compelling a UCL defendant to return money obtained through an unfair business practice to

22   those persons in interest from whom the property was taken); *see also In Re First Alliance*

23   *Mortgage Co.*, 471 F.3d 977, 996-98 (9th Cir. 2006).

24           Plaintiff does not allege that he suffered injury in fact or that he has lost money or

25   property. As discussed above, Plaintiff's fear of identity theft does not qualify as injury in fact.

26   *See, e.g., Pisciotta*, 499 F.3d at 639. Plaintiff's only other allegation is that he has "lost property

27   in the form of [his] personal information." (Compl., ¶ 63.) While Plaintiff's personal informa-

28   tion may have been subjected to the increased risk of exposure, there is no evidence that it has

DEFENDANT GAP INC.'S NOTICE OF MOTION & MOTION FOR JUDGMENT ON THE
PLEADINGS; MEMORANDUM OF P's AND A's  C 07-5739 SC
sf-2427772

7

1    been accessed or misused in any way. (*See* Exh. A.) A threat of future identity theft does not

2    qualify as a "loss" under the statute. *See Reid v. Google, Inc.*, 155 Cal. App. 4th 1342, 1350

3    (2007) (striking 17200 claim where plaintiff had not actually suffered the hypothetical loss of

4    promotion for which he never applied). Moreover, Plaintiff's hypothetical loss of his personal

5    information is not recoverable under the UCL. GAP cannot "return" to Mr. Ruiz his personal

6    information.

7        Mr. Ruiz's allegation of injury is comparable to the pseudo-injury alleged in *Chavez v.*

8    *Blue Sky*. There, Plaintiff complained that beverages he purchased were not really manufactured

9    in New Mexico, as advertised. But he never paid a dime more due to his misapprehension, so this

10   Court concluded that plaintiff had not suffered "injury or damages as a result of Defendants'

11   conduct" as required by Proposition 64. 503 F. Supp. 2d at 1374. The court concluded that this

12   defect was incurable and dismissed with prejudice. *Id.* at 1375.

13       The same is true here. This Court should dismiss Plaintiff's UCL claim for failure to state

14   a claim, and it should do so with prejudice.

15                    **b.    Alternatively, GAP's Alleged Business Practices Are Not**
                             **"Unlawful" or "Unfair."**
16

17       Even if Plaintiff could satisfy Proposition 64 by showing "injury in fact," he would still

18   lose. He fails to allege conduct that is either "unlawful" or "unfair."[7]

19       An "unlawful" business practice is one that violates another law. *Cel-Tech Commc'ns,*

20   *Inc. v. Los Angeles Cellular Tel Co.*, 20 Cal. 4th 163, 180 (1999). If a claim would fail under the

21   "borrowed" law, the "unlawful" claim fails too. *See, e.g., Smith v. State Farm Mut. Auto. Ins.*

22   *Co.*, 93 Cal. App. 4th 700, 718 (2001). Plaintiff contends that GAP's business practices are

23   "unlawful" because they "violate federal, state, statutory, regulatory, or industry standards,"

24   including but not limited to the California Constitutional Right to Privacy and Cal. Civ. Code

25   § 1798.85, which address the transmittal of social security numbers over the Internet. (Compl.,

26

27       [7] Plaintiff alleges that GAP's conduct was "unlawful" and "unfair," but he does not allege
     that GAP's conduct was "fraudulent." (Compl., ¶¶ 64 & 65.)

28

1   ¶ 64.)  Importantly, however, the only "borrowed" laws Plaintiff relies upon are a violation of the

2   California Constitutional Right to Privacy (Count IV) and Cal. Civ. Code § 1798.85 (Count V),

·3  neither of which provide the relief he seeks.· (See pages 10-12, below.)  Nor do they force a

4   company victimized by a criminal data theft to fashion remedies beyond what the law requires.

5   As a matter of law, that practice cannot be "unlawful."  Plaintiff does not allege that GAP has

6   violated any other "borrowed" laws.  Accordingly, Plaintiff's allegation that GAP's conduct was

7   "unlawful" must fail.

8       As for "unfair," a practice must violate a *legislatively*-declared policy.  *Cel-Tech*, 20 Cal.

9   4th at 186-187 ("any finding of unfairness . . . [must] be tethered to some legislatively declared

10  policy"); *see also In Re Firearm Cases*, 126 Cal. App. 4th 959, 980 (2005) (applying *Cel-Tech* in

11  consumer context).  California's legislature addressed the issue of data breach when it enacted

12  Cal. Civ. Code §§ 1798.82 & 1798.84.  These statutes merely require that all affected persons be

13  notified in the event there is a breach of their personal information.  *See* Cal. Civ. Code

14  §§ 1798.82 & 1798.84.  GAP fully complied with these statutes by mailing out data breach

15  notification letters nine days after the theft of the laptop.  (See Exh. A.)  Moreover, GAP provided

16  relief beyond what was required by law.  Plaintiff did not, and cannot, "tether" his claim to any

17  "legislatively-declared policy."  Accordingly, this claim also fails.

18
           c.      **The Court Should Invoke Equitable Abstention and**
19                 **Decline to Entertain the UCL Claim.**

20      Even if Plaintiff could overcome these defects, the Court should dismiss the UCL claim

21  for another independent reason:  equitable abstention.

22      Equitable abstention is appropriate "[w]here [an unfair competition law] action would

·23 drag a court of equity into an area of complex economic [or similar] policy. . . . In such cases, it is

24  primarily a legislative and not a judicial function to determine the best economic policy."

25  *Shamsian v. Dep't of Conservation*, 136 Cal. App. 4th 621, 641-42 (2006).  In the UCL area

26  especially, "[j]udicial intervention in areas of complex economic policy is inappropriate" and

27  courts will often abstain.  *Alvarado v. Selma Convalescent Hospital*, 153 Cal. App. 4th 1292,

28  1298 (2007); *see also Desert Healthcare District v. PacifiCare, FHP, Inc.*, 94 Cal. App. 4th 781,

1   796 (2001) (the UCL should not be used to challenge policies better addressed by the Legislature

2   or an administrative agency).

3          Plaintiff is asking the Court to fashion a new common law rule of "strict liability" for data

4   breaches. This Court might rightly ask, why? When asked to do the same thing, the Seventh

5   Circuit observed: "Plaintiffs have not come forward with a single case or statute, from any juris-

6   diction, authorizing the kind of action they now ask this federal court…to recognize…."

7   *Pisciotta*, 499 F.3d at 639-40.

8          Despite the best precautions, data breach has become an increasingly common event. In

9   California alone, there have been at least 93 reported incidents in the past two years. (*See* RJN,

10  Exh. B.) Plaintiff asks this Court to invent a common law remedy and impose it on a strict

11  liability basis, but given the minuscule percentage of incidents that result in actual ID theft, this is

12  like whacking a flea with a sledgehammer. (*See* RJN, Exh. A.) Forget weighing costs against

13  benefits, says Plaintiff, or whether such a rule could have prevented this sort of incident from

14  happening again.

15         These are policy determinations, which should be left to a legislature. Because the major-

16  ity of California incidents involve governmental entities (*see* RJN, Exh. B), surely the taxpayers

17  ought to be consulted before entertaining a remedy of the sort here advanced.

18         As it happens, the California legislature has weighed in. But California's breach-notifica-

19  tion law simply requires *notification* of security breaches, not credit monitoring or anything else

20  on Mr. Ruiz's wish list. *See* Cal. Civ. Code §§ 1798.82 & 1798.84. GAP complied with those

21  requirements and went further, voluntarily offering credit monitoring. Plaintiff does not allege

22  that GAP's notification was in any way deficient. For this Court to impose further obligations

23  would require "judicial intervention in an area of complex economic policy." *See Wolfe v. State*

24  *Farm Fire & Cas. Ins. Co.*, 46 Cal. App. 4th 554, 563-65 (1996) (affirming dismissal of a UCL

25  claim for alleged unfair business practices in the insurance industry).

26         For all these reasons, Plaintiff's UCL claim should be dismissed.

27

28

1

### 3.    Plaintiff's Privacy Count Fails to State a Claim.

2          Plaintiff alleges that by "failing to protect against the theft of [his] personal information,"

3   GAP has violated the California constitutional right of privacy. (Compl., ¶ 71.)  To state a claim

4   for invasion of privacy, Plaintiff must prove:  (1) a reasonable expectation of privacy in the

5   circumstances, and (2) ***conduct by the defendant*** constituting a serious invasion of privacy.

6   *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 39-40 (1994).[8]  The "serious invasion"

7   element requires an "actual or potential impact to constitute an egregious breach of the social

8   norms underlying the privacy right.  Thus, the extent and gravity of the invasion is an indispensa-

9   ble consideration in assessing an alleged invasion of privacy." *Id.* at 37.

10          Plaintiff fails to allege a "serious invasion" of privacy for two reasons.  First, GAP's

11  actions did not constitute "an egregious breach of the social norms underlying the privacy right."

12  Despite GAP's best precautions, this incident arose out of the intervening negligence of a third-

13  party vendor and the intervening criminal act of a thief.

14          Second, Plaintiff is unable to point to any "serious invasion."  Mr. Ruiz does not allege

15  that he (or any member of the putative class) has suffered injury as a result of this incident.

16  (Compl., ¶ 72 ("Defendant's invasion of this privacy interest is serious in that it puts Plaintiff and

17  Class members *at risk* of identity theft and *the potential* for substantial costs and injury . . . .")

18  (emphasis added).)

19          For these reasons, Plaintiff's invasion of privacy claim should be dismissed.

20

21

### 4.    Plaintiff Is Not Entitled to Relief Under California Civil Code Section 1798.85.

22          In Count V, Plaintiff alleges that GAP violated California Civil Code section 1798.85 by

23  requiring "Plaintiff and Class members to use social security numbers to enter the application

24  process without also requiring a unique personal identification number or other authentication

25  device." (Compl., ¶ 75.)

26          [8] Plaintiff is also required to prove that he has a "legally protected privacy interest." *Hill,*
7 Cal. 4th at 39-40.  For purposes of this motion, GAP assumes that Plaintiff has a legally

27  protected privacy interest in the personal information listed in the Complaint.

28

1    Plaintiff fails to state a claim against GAP under this statute. There is no private right of

2    action under section 1798.85. Accordingly, Mr. Ruiz is not entitled to relief under this statute.

3    **IV.    CONCLUSION**

4    Whether on standing or substantive grounds, Plaintiff's Complaint should be dismissed

5    with prejudice. Plaintiff cannot amend his Complaint to state any claim for relief.

6    Dated: December 7, 2007                    WILLIAM L. STERN
                                                 CLAUDIA M. VETÉSI
7                                                MORRISON & FOERSTER LLP

8

9                                                By        /s/ William L. Stern
                                                            William L. Stern
10
                                                 Attorneys for Defendant and Counterclaimant
11                                                            GAP INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# A

# Gap Inc.

September 28, 2007

Dear Applicant,

I'm writing to you about a recent incident concerning some personal information you provided to us when you applied for employment with Gap Inc.— including our Old Navy, Gap and Banana Republic brands— between July 2006 and June 2007.

On September 19, 2007, we learned that two laptop computers were stolen from the office of an experienced, third party vendor that helps Gap Inc. manage job applicant data. Unfortunately, one of the laptops contained personal information you provided to us, including your name and Social Security number.

I know that this news is unsettling and Gap Inc. deeply regrets this incident occurred.

You can be assured that we take our obligation to protect the data security of personal information very seriously. The fact that your information was not encrypted is contrary to our agreement with this vendor and against everything we stand for as a company.

We and the vendor are cooperating with law enforcement authorities on this matter and an investigation is underway. In addition, the vendor has adopted additional security measures at its offices. We're also reviewing the facts and circumstances that led to this incident closely, and will take appropriate steps to help prevent something like this from happening again.

At this time, we have no reason to believe the data contained on the computer was the target of the theft or that the personal information has been accessed or used improperly.

Nonetheless, to help you safeguard your personal information, we've made arrangements to offer you 12 months of credit monitoring with fraud assistance—at no cost to you. On the back of this letter, you'll find a description of the credit monitoring product and registration information. In addition, you'll find some recommendations on other options available to help protect you against identity theft or other fraudulent misuse of your personal information. I encourage you to learn more about these issues and how you can protect yourself.

We're eager to help answer your questions and to explain how to activate the credit monitoring. You can contact us right now by:

- Calling the special, toll-free Gap Inc. Security Assistance Helpline at **1-866-237-4007**. A representative will be available to assist you seven days a week, 24 hours per day.

- Visiting a special Web site: **www.gapsecurityassistance.com**. We will update this Web site with any new information.

Thank you for your understanding as we work through this situation. Again, if you have questions, please contact us.

Sincerely,

G. Murf

Glenn Murphy
Chairman and CEO, Gap Inc.

*Please turn over*

## Gap Inc. Credit Monitoring Offer

We have partnered with ConsumerInfo.com, Inc., an Experian company, to offer you one year of their Triple Advantage Credit Monitoring at no cost to you. This online membership provides you with:

- Automatic, daily monitoring of all three credit bureaus.
- Fraud resolution specialists and fraud victim assistance.
- $25,000 identity theft insurance with zero deductible provided by Virginia Surety Company, Inc.*
- E-mail alert delivery (online subscribers only).

*Due to New York state law restrictions, insurance coverage cannot be offered to residents of New York.

This offer is available to you until January 31, 2008. If you are interested in this offer, please make sure to activate your membership by then. You may choose to cancel it at any time. To enroll online, please visit http://partner.consumerinfo.com/gapinc and enter your activation code: xxxxxx. If you do not have Internet access, call 1-888-276-0529 to register for Credit Manager. This paper-based membership provides daily monitoring of your Experian credit file and other valuable features.

Experian operators are available to help register you between 6:00 a.m. to 6:00 p.m. Pacific Time Monday through Friday, and 8:00 a.m. to 5:00 p.m. Pacific Time Saturday and Sunday.


## Additional Precautions You Can Take

Here are some additional steps you can take to protect yourself against identity theft or other fraudulent misuse of your personal information:

- Look out for any unusual activity or suspicious items on your credit card statements.
- Consider contacting your credit card issuers and financial institutions to inform them of what happened.
- Promptly report incidents of suspected identity theft or fraud to local law enforcement, your financial institutions and to one of the three nationwide consumer reporting agencies to have it removed from your credit file.
- Note that people falsely identifying themselves as Gap Inc. representatives could contact you and offer "assistance." Do not release personal information in response to contacts of this nature.
- You may periodically obtain credit reports from each of the three nationwide credit bureaus listed below to have information relating to fraudulent transactions removed. Under federal law, you are entitled to one free copy of your credit report every twelve months from each of the three credit bureaus. You may obtain a free copy of your credit report by going on the Internet to www.AnnualCreditReport.com or by calling 1-877-FACTACT (1-877-322-8228). If you would rather write, a request form is available on www.AnnualCreditReport.com. You may want to obtain copies of your credit reports to ensure the accuracy of the report information.

- The three major credit bureaus are:

| Equifax | Experian | TransUnion |
|---|---|---|
| 1-888-766-0008 | 1-888-397-3742 | 1-800-680-7289 |
| www.equifax.com | www.experian.com | www.transunion.com |

- To further protect yourself, you may contact the fraud departments of the three major credit bureaus. They will discuss your options with you. You have the right to ask that the three credit bureaus place a "fraud alert" in your file. A fraud alert can make it more difficult for someone to get credit in your name because it tells creditors to follow certain procedures to protect you. It also may delay your ability to obtain credit. You may place a fraud alert in your file by calling just one of the three credit bureaus. As soon as that agency processes your fraud alert, it will notify the other two credit bureaus, which then must also place fraud alerts in your file.

Identity theft is a growing concern. To learn more and to report incidents of identity theft, you can contact these federal government resources: www.consumer.gov/idtheft, or www.ftc.gov/credit, or call 1-877-IDTHEFT (1-877-438-4338).

If at any time you have questions you may contact us at 1-866-237-4007.