C. P. Bartholomew (State Bar No. 211425)
cbartholomew@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>　　　　　　　Defendants. | Case No. CV07-05739-SC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　January 11, 2008<br>Time:　　10:00 a.m.<br>Judge:　Honorable Samuel Conti<br>Location: Courtroom 1, 17th Floor |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on January 11, 2008, at 10:00 a.m., in the courtroom of the Honorable Samuel Conti, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Joel Ruiz ("Plaintiff") shall, and hereby does, move the Court pursuant to Rule 12(b)(6)

1

PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

of the Federal Rules of Civil Procedure to dismiss Defendant Gap, Inc.'s ("Gap" or "Defendant") Counterclaim for Declaratory Relief.

The grounds for this motion are:

1. Defendant's Counterclaim must be dismissed because Defendant has not established an immediate need sufficient to warrant a declaratory judgment.

2. Defendant is not entitled to the expedited adjudication generally accompanying an action for declaratory relief.

3. Under a balancing test, the consequences to Plaintiff and the Class outweigh Defendant's reasons for obtaining a declaratory judgment.

4. Declaratory relief would serve no useful purpose since Defendant has other procedural mechanisms at its disposal to challenge plaintiff's claims.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such other matters as may be presented to the Court before or at the time of the hearing.

Dated: December 7, 2007                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**


/s/ Mark Punzalan
   Mark Punzalan

Christine Pedigo Bartholomew
100 Bush Street, Suite 1450
San Francisco, California 94101
Telephone: 415.398.8700
Facsimile: 415.398.8704

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street
Suite 4600
Chicago, Illinois 60602

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits this memorandum of points and authorities in support of his motion to dismiss Defendant's Counterclaim for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

On September 28, 2007, Gap revealed that two laptop computers with the personal information of approximately 800,000 job applicants had been stolen from one of its recruiting vendors. Since the personal information was not encrypted, anyone with possession of the laptops has full access to the use of the personal information.

Plaintiff's personal information was among those compromised during the theft. Plaintiff alleges that Defendant failed to maintain reasonable and adequate security procedures to protect against the theft of his and the Class' personal information. Plaintiff filed his Class Action Complaint ("Complaint" or "Compl.") on November 13, 2007, asserting claims for violations of Cal. Bus. and Prof. Code §§ 17200, *et seq.*, Cal. Civ. Code § 1798.85 and common law claims for invasion of privacy, negligence and bailment.

Rather than file a motion to dismiss, Defendant filed a counterclaim requesting an order for declaratory relief. Defendant essentially asks this Court for a declaratory judgment that states: a) GAP is not liable to Plaintiff and the Class for compromising their personal information, and b) that Plaintiff's case be dismissed. Defendant, however, fails to state any facts in its Counterclaim sufficient to warrant the remedy of declaratory relief, and thus, Defendant's Counterclaim should be dismissed.

Defendant's counterclaim fails for a number of reasons. First, Defendant has failed to show it will suffer any immediate harm that would warrant declaratory relief. Indeed, Defendant states few facts about any sort of harm that it will face if a declaratory judgment is not granted. Second, Defendant is not entitled to the speedy hearing common in declaratory judgment actions because it fails to show any sort of immediate harm. Defendant has not stated sufficient reasons to show it is entitled to an expedited process.

1   Third, in balancing the consequences to Plaintiff and the Class with the Defendant's
2   need for a declaratory judgment, granting Defendant's request for a declaratory judgment
3   would weaken the ability of Plaintiff and the Class to fully adjudicate their claims.  Fourth,
4   granting declaratory relief to Defendant would result in duplicative litigation since allowing the
5   action for declaratory relief would effectively result in the Court trying the same legal issues
6   twice.  Defendant has the procedural mechanisms of a motion to dismiss and a motion for
7   summary judgment available to it to defend against Plaintiff's claims.  Defendant's
8   counterclaim should be dismissed.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

10   Plaintiff applied for a position with Old Navy, one of Gap's brand stores, through Gap's
11   online application website.  Compl. ¶ 31.  As part of the application process, Plaintiff was
12   required to provide a large amount of personal information, including his social security
13   number, email, home address, and telephone number.  *See id.*  Plaintiff was also required to
14   respond to a number of personal questions on the website.  *See id.*
15   On September 19, 2007, Gap learned that two laptop computers were stolen from the
16   offices of one of the third-party vendors it employed to manage its job applicant data.  *Id.*  ¶ 32.
17   The laptops contained the personal information of approximately 800,000 persons who applied
18   for employment with Old Navy, Gap, Banana Republic, and/or its outlet stores by the
19   telephone or internet from July 2006 to June 2007.  *See id.* ¶¶ 32, 39.  The 800,000 applicants
20   whose personal information was compromised consisted of job applicants from the United
21   States, Puerto Rico, and Canada.  *See id.* ¶¶ 41, 42.
22   Neither Gap nor any of its vendors encrypted the job applicants' personal information
23   on the stolen laptops.  *See id.* ¶ 33.  Thus, any person in possession of one of the stolen
24   computers could readily view the sensitive information without a password.  *See id.* ¶ 33.
25   Plaintiff received a letter dated September 28, 2007 from Gap stating that his personal
26   information was among those compromised in the laptop thefts.  *See id.* ¶ 34.  Plaintiff filed a
27   class action suit against Gap on November 13, 2007.  Plaintiff and the Class have asserted
28

5
PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

1  claims for violations of Cal. Bus. and Prof. Code §§ 17200, *et seq.*, Cal. Civ. Code § 1798.85,
2  and common law claims for invasion of privacy, negligence and bailment. Compl. ¶¶ 51-76.
3     Defendant has not moved to dismiss Plaintiff's complaint. Instead, Defendant
4  answered the Complaint but filed a counterclaim. The Counterclaim curiously requests the
5  court to issue a declaratory judgment that, *inter alia*, "Mr. Ruiz and the putative class he
6  purports to represent are not entitled to any relief." Counterclaim ¶ 15. Without stating any
7  further type of harm, Defendant states that a declaratory judgment is "necessary and
8  appropriate so the parties may ascertain their rights and duties under the law." Counterclaim
9  ¶ 16. Further, in the prayer for relief, Defendant prays for an order: a) declaring that GAP is
10 not liable to Plaintiff and the Class for any of the claims asserted in the Complaint, b)
11 dismissing the case of Plaintiff and the Class, and c) awarding GAP its costs and attorneys fees.
12 Counterclaim, ¶ A-F.

### STANDARD FOR DISMISSAL

14    A motion to dismiss under Rule 12(b)(6) should be granted where there is either a "lack
15 of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable
16 legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1988). A court
17 need not accept as true unreasonable inferences or conclusory legal allegations cast in the form
18 of factual allegations. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001);
19 *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

### ARGUMENT

**I.    DEFENDANT HAS NOT STATED A CLAIM FOR DECLARATORY RELIEF**

   **A. Defendant Must Show an Immediate Need for a Declaratory Judgment**

   Defendant has not pled facts sufficient to show the immediacy required for a declaratory judgment. Under the Declaratory Judgment Act, a party seeking declaratory relief must show an actual controversy regarding a matter within federal court subject matter jurisdiction. *See Calderon v. Ashmus*, 523 U.S. 740, 745 (1698) (citing 28 U.S.C. §2201). The question in each case is whether the party can show that there is a "substantial controversy, between parties having adverse legal interests, of **sufficient immediacy and reality** to warrant the issuance of a

1  declaratory judgment." *Maryland Cas. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)

2  (emphasis added); *American States Ins. Co. v. Kearns*, 14 F.3d 142, 143 (9th Cir. 1994).  A

3  declaratory judgment rests in the sound discretion of the trial court to be exercised in the public

4  interest.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Eccles v. Peoples Bank Of*

5  *Lakewood Village, Cal.*, 333 U.S. 426, 431 (1948).  Since it is an equitable remedy, a court must

6  find a proper balance between the needs of the plaintiff and the consequences of giving the

7  desired relief.  *See Eccles*, 333 U.S. at 431.  A court should not issue a declaratory judgment

8  unless the need for equitable relief is "clear, not remote or speculative."  *Id.*

9        In its Counterclaim, Defendant fails to allege any facts showing "sufficient immediacy

10  and reality" to warrant declaratory relief.  *See Maryland Cas.,* 312 U.S. at 273.  Defendant states

11  few facts, if any at all, about the harm it faces if a declaratory judgment is not granted.

12  Defendant merely states that "[a] judicial declaration is necessary and appropriate so the parties

13  may ascertain their rights and duties under the law." Counterclaim, ¶ 16.  In a conclusory fashion,

14  the Defendant seems to suggest that declaratory relief is warranted due to the mere fact that it

15  will have to respond to plaintiff's allegations in this action.  Such a contention lacks any of the

16  requisite "immediacy and reality" necessary to warrant any declaratory relief.  Moreover, if any

17  immediacy was warranted due to Gap's need to respond to plaintiff's allegations, such is now

18  moot since Gap already filed its Answer on November 20, 2007.

19      **B. Defendant Is Not Entitled to a Speedy Hearing Because There Is No Immediate Need for Declaratory Relief**

20

21        While it is entirely within the Court's discretion to order a speedy hearing of a

22  declaratory judgment action and advance it on the calendar, as a practical matter, declaratory

23  actions usually receive priority.  *See* Shwarzer, Tashima & Wagstaffe, CAL. PRAC. GUID:

24  FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2006); *See* Fed. R. Civ. Proc. 57 ("The

25  court may order a speedy hearing of an action for a declaratory judgment and may advance it on

26  the calendar.").  There are certain types of actions in which the speedy resolution of declaratory

27  relief is appropriate, such as in patent cases.  *See Hanes Corp. v. Millard*, 531 F.2d 585, 592

28  (D.C.Cir.1976).  For example, in the patent area, a declaratory judgment may be immediately

1 necessary where a patentee chills competition by declaring that his competitors are infringing his
2 patents and by threatening an infringement suit. *See Societe de Conditionnement en Aluminium*
3 *v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). Unless a patentee actually brings
4 an infringement suit, questions of validity of the patent or infringement by competitors would not
5 be adjudicated, and competitors would have no practical recourse except to enter into a licensing
6 agreement or make some other arrangement with the patentee. *See id.* (citations omitted).
7 Declaratory relief would be appropriate in that instance to provide a practical recourse to the
8 competitors. *See id.*

9 Here, Defendant cannot show any similar type of immediate harm. As stated, Defendant
10 merely argues that a declaratory judgment is necessary "to ascertain [the parties'] rights and
11 duties under the law." Unless Defendant can show some type of other immediate harm,
12 Defendant has not stated any facts showing that it is entitled to any sort of speedy relief.
13 Defendant's counterclaim states no other facts as to what immediate harm will result in the
14 absence of a declaratory judgment.

### C. The Consequences to Plaintiff and the Class Outweigh Defendant's Reasons for Obtaining a Declaratory Judgment

17 Further, in balancing the needs of Defendant with the consequences of granting
18 declaratory relief, it is clear that the balancing as stated in *Eccles* weighs heavily in favor of
19 denying any such relief to Defendant. At issue in this case is whether Defendant should be held
20 liable for compromising the personal information of approximately 800,000 job applicants.
21 Compl. ¶¶ 4-8. Plaintiff and the Class should be allowed to fully adjudicate the merits of their
22 claims, particularly in an important matter that affects a large number of people and that places
23 the Class at a heightened risk of identity theft. Compl. ¶ 8. Permitting Defendant's claim for
24 declaratory relief through a speedy and advanced process may weaken the ability of Plaintiff and
25 the approximately 800,000 Class members to receive a full adjudication of their claims. Thus,
26 this relief requested by the Defendant is severely outweighed by the detrimental effects such
27 relief would have on Plaintiff and the Class, and a declaratory judgment is not appropriate here.
28

## II. THE COURT SHOULD EXERCISE ITS DISCRETION AND DISMISS THE COUNTERCLAIM

### A. A Counterclaim for Declaratory Relief is an Inappropriate Mechanism to Resolve Plaintiff's Claims

A prayer for declaratory judgment is an inappropriate procedure to resolve this litigation as it solely serves to circumvent a fair and judicious adjudication of Plaintiff's claims.[1] Courts recognize two criteria for determining whether declaratory relief is appropriate in a given case: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) where it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *See McGraw-Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339, 343 (9th Cir. 1966), *cert. denied,* 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966) (quoting E. Borchard, *Declaratory Judgments*, 299 (2d ed. 1941)). A declaratory judgment may be refused where it would serve no useful purpose or where such a judgment would not finally determine the rights of the parties. *See id.* at 343 (citing *Yellow Cab. Co. v. City of Chicago*, 186 F.2d 946, 950-51 (7th Cir. 1951)).

The declaratory judgment for which Defendant prays would serve no useful purpose in this controversy because the issues should be decided through the litigation of Plaintiff's claims. Defendant has or will have the full opportunity to move to dismiss Plaintiff's claims or, after discovery, to move for summary judgment. Defendant's counterclaim for a declaratory judgment essentially asks this court to litigate and rule on the same exact legal issues twice – once as part of the claims in Plaintiff's complaint and again as part of Defendant's counterclaim for declaratory relief. This would not only burden the court with the inefficiency of duplicative litigation, but it would serve no useful purpose in the litigation. Defendant has and will have

---

[1] In effect, by arguing for summary judgment before any discovery is taken, Gap adopts Lewis Carroll's beloved Queen of Hearts' mantra of "Sentence first-verdict afterwards." *Alice's Adventures in Wonderland*, Ch. XII (Macmillan 1865).

other procedural mechanisms with which to litigate Plaintiff's claims.[2] Defendant should not be permitted to avoid these procedural mechanisms through obtaining a declaratory judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim in its entirety, and with prejudice.

Dated: December 7, 2007                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**


 /s/ Mark Punzalan
    Mark Punzalan

Christine Pedigo Bartholomew
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: 415.398.8700
Facsimile:  415.398.8704

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street
Suite 4600
Chicago, Illinois 60602

---

[2] And in fact, Defendant has taken such an opportunity by prematurely filing a Motion to Strike Class Allegations and Motion for Judgment on the Pleadings.

# CERTIFICATE OF SERVICE

I, Mark Punzalan, declare:

I am employed in San Francisco County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Finkelstein Thompson LLP, 100 Bush Street, Suite 1450, San Francisco, California 94104.

On December 7, 2007, I served the following document:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒ By electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the e-mail address listed below:

William L. Stern wstern@mofo.com, jfogel@mofo.com
**Morrison Foerster**
425 Market Street
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on December 7, 2007.

/s/ Mark Punzalan
Mark Punzalan