WILLIAM L. STERN (CA SBN 96105)
CLAUDIA M. VETÉSI (BAR NO. 233485)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
E-mail: wstern@mofo.com

Attorneys for Defendant and Counterclaimant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No.   C 07-5739 SC<br><br>**DEFENDANT GAP INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>Date:   January 11, 2008<br>Time:   10:00 a.m.<br>Room:  Courtroom 1, 17th Floor<br>Judge:  Honorable Samuel Conti<br><br>Complaint filed:   November 13, 2007 |
| AND RELATED COUNTERCLAIM | |

## I.   INTRODUCTION

This class action lawsuit is a dispute regarding the rights and duties of the parties following the theft of a laptop computer containing personal information of persons who had applied for employment with GAP Inc. ("GAP"). The parties disagree sharply. Plaintiff Joel Ruiz seeks monetary damages and five years of free credit monitoring for all 800,000 members of the putative class. GAP contends that it gave proper notification and that its voluntary offer of one year's worth of free credit monitoring already exceeds what any federal or state law requires.

1  GAP's counterclaim for declaratory relief states a proper claim. Accordingly, the Court
2  should deny Plaintiff's motion to dismiss GAP's counterclaim.

## II. ARGUMENT

### A. If the Court Finds That Ruiz Has Standing, It Follows That This Counterclaim Presents an Actual Case or Controversy.

GAP has moved for judgment on the pleadings, to be heard concurrently with this motion, asking the Court to dismiss Ruiz's "Fear of Identify Theft" complaint for (among other things) lack of Article III standing. Ruiz insists he has standing. If he doesn't, the Court will enter judgment, thereby mooting GAP's counterclaim (and this motion to dismiss). But if he does, the counterclaim must be allowed because the test of Ruiz's "Article III" standing and the test of whether GAP's counterclaim states a proper claim are identical.[1]

The Declaratory Judgment Act permits a federal court to "'declare the rights and other legal relations' of parties to 'a case or actual controversy.'" *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (citing 28 U.S.C. § 2201). The threshold for "a case or controversy" is not high. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1091-92 (9th Cir. 1992). That test is met here.

The "actual controversy" requirement of the Act is the same as the "case or controversy" requirement of Article III of the United States Constitution." *Societe*, 655 F.2d at 942. Thus, if the Court determines that Ruiz has Article III standing, this counterclaim must be allowed.

GAP's counterclaim alleges a "substantial controversy." This has to be so, else Ruiz's own claim would fail for lack of standing. Ruiz admits that his complaint and GAP's

---

[1] Ruiz observes that GAP did not file a motion to dismiss (*see* Motion at 4:16-21, 6:3-12), but never explains why that matters given that GAP has filed an answer, counterclaim, and moved for judgment on the pleadings under Fed. R. Civ. Proc. 12(c).

counterclaim raise "the same exact legal issues." (Motion at 9:21.) Thus, the parties disagree over the sufficiency of GAP's voluntarily remedial actions following the theft of the laptop and whether Ruiz and the putative class are entitled to any relief. Ruiz contends that GAP violated numerous laws and the putative class is entitled to damages, injunctive relief, and five years of credit monitoring. (Compl. ¶¶ 66, 68.) GAP disagrees, and contends that it has complied with federal and state laws by providing notice of the data breach, and even went beyond what is required by providing one year of credit monitoring. (Counterclaim ¶ 13.) In short, this is a classic dispute regarding Plaintiff's rights under the law, on the one hand, and GAP's duties and obligations, on the other.

Ruiz misunderstands the "sufficient immediacy and reality" element. (Motion at 6:23-7:18.) In the first place, Ruiz is in no position to complain that GAP's counterclaim is unripe, not when he seeks to hold GAP liable over fears about future hypothetical injuries to class members. The counterclaim is just a mirror image of the complaint, thus, if the counterclaim lacks "sufficient immediacy and reality" so too does the complaint. Both fall, or stand, together.

In the second place, even if Plaintiff had not sued GAP, an "actual threat of litigation" is not necessary for a declaratory judgment action under Ninth Circuit law. *See Societe de Conditionnement en Aluminium*, 655 F.2d at 944 (concluding that a "much lower threshold" than an actual threat of litigation was required for a case or controversy to exist). Accordingly, an "actual controversy" now exists between GAP and Plaintiff. *See Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, No. C 05-00917 CW, 2005 U.S. Dist. LEXIS 43533, at *9 (N.D. Cal. Oct. 4, 2005) (finding that a substantial controversy exists where the parties are in the "midst of litigation and Defendant has a real and reasonable apprehension that it will have to pay for Plaintiff's defense").

### B.  The Fact That GAP's Counterclaim for Declaratory Relief Raises the Same Legal Issues as the Complaint Is Not a Basis for Dismissal.

Plaintiff contends that the Court should exercise its discretion and dismiss GAP's counterclaim because the issues should be decided through the litigation of Plaintiff's claims. (Motion at 9:4-10:2). This argument is also misplaced.

A defendant may assert a counterclaim for declaratory relief that raises the same issues as those in plaintiff's complaint. *See, e.g., Int'l Woodworkers of Am. v. McCloud River Lumber Co.*, 119 F. Supp. 475, 488 (N.D. Cal. 1953) (holding that counterclaim for declaratory judgment that raised the same issues as those included in plaintiff's claim was permissible); *Crescent Woodworking Co. v. Accent Furniture, Inc.*, No. EDCV 04-01318 DDP (PJWx), 2005 U.S. Dist. LEXIS 45840, at *12 (N.D. Cal. Dec. 7, 2005) (denying motion to dismiss counterclaim for declaratory relief where plaintiff argued that resolution of either parties' breach of contract claim would resolve the issues and that the counterclaim would result in piecemeal litigation); accord: *Thelen Reid & Priest LLP v. Marland*, No. C 06-2071 VRW, 2006 U.S. Dist. LEXIS 67893, at *7-8 (N.D. Cal. Sept. 12, 2006) (same); *Glasheen v. City of Austin*, 840 F. Supp. 62, 63-64 (W.D. Tex. 1993) (same); *Glass v. IDS Fin. Servs, Inc.*, 778 F. Supp. 1029, 1062 (D. Minn. 1991) (same).

Moreover, courts routinely permit counterclaims where a defendant seeks a declaration regarding his liabilities under the claims set forth in the complaint. *See, e.g., Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312 (9th Cir. 1986) (reversing dismissal of counterclaim where defendant sought a declaration of non-liability under CERCLA); accord: *Cooper Dev. Co. v. Employers Ins. of Wausau*, 765 F. Supp. 1429, 1431-32 (N.D. Cal. 1991); *Fed. Ins. Co. v. Oak Indus., Inc.*, No. 85-985-G(M), 1986 U.S. Dist. LEXIS 29610 (S.D. Cal. Feb. 6, 1986).

### III.   CONCLUSION

For all of these reasons, GAP respectfully requests that this Court deny Plaintiff's motion.

Dated: December 21, 2007

WILLIAM L. STERN
CLAUDIA M. VETÉSI
MORRISON & FOERSTER LLP

By   /s/ William L. Stern
           William L. Stern

Attorneys for Defendant and Counterclaimant
GAP INC.