Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>                    Defendants. | Case No. C-07-5739SC<br><br>**PLAINTIFF'S OPPOSITION TO GAP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:        January 11, 2008<br>Time:        10:00 a.m.<br>Location:    Courtroom 1, 17th Floor<br>Judge:       Honorable Samuel Conti |

Plaintiff, by and through his counsel, respectfully requests that Defendant's Request for Judicial Notice in Support of Motion for Judgment on the Pleadings ("Defendant's Request") be denied. The substance contained on the websites referenced within Defendant's Request are subject to reasonable dispute, are not within the territorial knowledge of the Court, and thus, the Court should not take judicial notice of them.

# INTRODUCTION

To meet its burden, Gap must show, under Rule 201 of the Federal Rules of Evidence ("FRE") that it seeks judicial notice of a fact which is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRE 201(b); *Wilkins v. Ramirez,* 455 F.Supp.2d 1080, 1112 (S.D. Cal. 2006). Defendant has not met this burden.

With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy. Advisory Committee Notes FRE 201(b) (1972). In other words, before a fact is judicially noticed a court must determine that "the fact [is] one that only an unreasonable person would insist on disputing." *United States v. Jones,* 29, F.3d 1549, 1553 (11 Cir.1994). The rule proceeds upon the theory that these considerations call for dispensing with traditional methods of proof only in clear cases. Advisory Committee Notes FRE 201(b) (1972)

When dealing with proffered website pages, courts have required that such documents be authenticated by the party moving for judicial notice. *Benson v. Crest Energy, Inc.,* No. CIV. S-04-1249, 2007 WL 3119743, * 2 (E.D. Cal. Oct. 23, 2007). Defendant did not attach these documents to an affidavit under the penalty of perjury. Thus arguably, the documents for which it seeks judicial notice, has not been properly authenticated.

Finally, the Court may take judicial notice of matters only if it does not otherwise convert a motion to dismiss into a motion for summary judgment. *See, e.g., Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield,* No. 1:05cv519, 2007 WL 2156657, *4 (S.D. Ohio 2007). In other words, when a court takes judicial notice of a matter it may not do so for the truth of the facts recited therein, but for simply the existence of the opinion. *See, e.g., In re Western States Wholesale Natural Gas,* MDL 1566, 2007 WL 2178054 (D.Nev. 2007)(citing *Lee v. City of Los Angeles,* 250 F.3d 668, 689-90 (9th Cir.2001)); *Biggs v. Capital Factors, Inc.,* 120 F.3d 268, 1997 WL 415340 at *1 (9th Cir.1997); *Wyatt v. Terhune,* 315 F.3d 1108, 1114 & n. 5 (9 Cir.2003)( a court may not take judicial notice of findings of facts from another case). Defendant's request violates this tenet as well.

**ARGUMENT**

The accuracy of the information contained on the websites referenced therein can reasonably be questioned. Moreover, the websites referenced within Defendant's Request do not contain facts that are generally known within the territorial jurisdiction of this Court. Thus, Defendant's request should be denied.

## I.    The Matters Go to the Merits of the Case

Defendant seeks a substantive determination of a material question of fact and guises it as a simple request for judicial notice. To do so, Gap must first mischaracterizes the holding of *Coremetrics Inc. v. AtomicPark.com LLC*, 370 F. Supp. 2d 1013 (N.D. Cal. 2005). In *Coremetrics*, the court took judicial notice of the website in question simply to show what the website contained. *Coremetrics* then, did not use that website as evidence against plaintiff's claim but rather to simply show that the online retailer was set up to operate (as much as possible) like a regular "brick and mortar" retailer. *Id.* at 1021. Taking judicial notice of the fact that a website includes contact information is an entirely different endeavor from what Defendant's request of this Court:  take judicial notice of the easily disputable, unverified, substantive argument contained on arguably unreliable websites. Thus, given that Gap seeks judicial notice of these matters in seeking a substantive determination that (a) data breaches are not egregious and (b) identity theft is not a significant risk, Defendant's improper analogy to *Coremetrics* should be disregarded. *Cf.* Def. Mot. for Judgment at 1 *with Western States, supra* and *Lee supra; see also Rose v. Beverly Health and Rehabilitation Serv., Inc.*, 356 B.R. 18, 22 (E.D. Cal. 2006)(the fact at issue is the existence of a statement and not the truth of the statement itself).

## II.    The Proffered Websites Are Not Reliable

At first glance, Defendant's exhibits to its Request, which contain information from two websites, appear to be authoritative, however, a closer look reveals that the information is inaccurate and/or can reasonably be questioned. In *New West Urban Renewal Co. v. Westinghouse Elec. Corp.*, the court noted that the "[m]ere fact of publication does not perforce qualify source as sufficiently accurate to form basis for judicial notice" 909 F. Supp. 219, 229. Thus, the mere fact that the websites Defendant

1    references within its Request are "published" on the internet do not qualify them as being sufficiently

2    accurate to be taken judicial notice of.

3           For example, Exhibit A to Defendant's Request, the *National Data Breach Analysis*, published

4    by ID Analytics, can, and has, been questioned by authoritative entities.  In *Personal Information: Data*

5    *Breaches are Frequent, but Evidence of Resulting Identity Theft is Limited; However, the Full Extent is*

6    *Unknown*, a report published by the Government Accountability Office ("GAO") in June of 2007, the

7    GAO questioned the reliability of the *National Data Breach Analysis* stating that:

8

9           [B]ecause the study reviewed only four data breaches, it cannot be considered
            representative of other breaches.  Moreover, two of these breaches did not involve

10          personally identifiable information and thus would not be expected to create a risk of
            fraud involving new account creation.

11

12   GAO-07-737, at 29 (June 2007).[1]  Thus, as the GAO study points out, the data relied upon by ID

13   Analytics in drafting the *National Data Breach Analysis* is questionable, as are ID Analytics'

14   conclusions from said data. Therefore, the Court should not take judicial notice of it.

15          Exhibit B to Defendant's Request, a list of California data breach incidents reported in the past

16   two years that was compiled from the website of the Privacy Rights Clearinghouse, can be reasonably

17   questioned. As the website indicates, most of the breaches reported have been obtained from the

18   Attrition-Dataloss list-serve. *See* http://www.privacyrights.org/ar/chrondatabreaches.htm#1. "Data Loss

19   is a non-commercial mail list that covers topics such as news releases regarding large-scale personal

20   data loss and personal data theft incidents." *See* http://attrition.org/security/dataloss.html. Thus, the

21   reliability of the list is questionable, as the incidents listed appear to be ones that are voluntarily reported

22   to the website. Nothing on the website certifies the list as being a verified, all-inclusive list of security

23   breach incidents in the State of California. Additionally, as the following quote illustrates, the list

24

25

26

27   _____

28   [1] In contrast, courts routinely take judicial notice of legislative history and of information on government
     websites.  Paralyzed Veterans of America v. McPherson, 2006 WL 3462780, *4 (N.D.Cal. Nov. 28
     2006).

includes data breaches that do not involve the same type of personal information concerned here. As stated on the Privacy Rights Clearinghouse website:

> The data breaches [] have been reported because the personal information compromised includes data elements useful to identity thieves, such as Social Security numbers, account numbers, and driver's license numbers. Some breaches that do NOT expose such sensitive information have been included in order to underscore the variety and frequency of data breaches.

*See* http://www.privacyrights.org/ar/chrondatabreaches.htm#1. Significantly, the creator(s) of the list uses his/her/their discretion, which can certainly be questioned, in determining which breaches to include on the list. *Id.* For these reasons, the accuracy and reliability of Exhibit B, as well as its relevance, can be reasonably questioned and the Court should not take judicial notice of it.

## III. The Matter Is Not Within The Territorial Jurisdiction Of This Court

The websites referenced within Defendant's Request do not contain facts that are generally known within the territorial jurisdiction of this Court. Typically, matters that satisfy this prong have been state court opinions, information on government and administrative body websites, and highly publicized events within the jurisdiction. *See, e.g., Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir.1995) (holding that it was proper for a court to take judicial notice that layoffs had been made, because "[t]his is a fact which would be generally known in Southern California and which would be capable of sufficiently accurate and ready determination"); *Rose*, 356 B.R. at 22 ("Plaintiff's bankruptcy case was filed in the Bankruptcy Court of the Eastern District of California, which is within this court's territorial jurisdiction."); *see also Scanlan v. Texas A&M Univ.*, 343 F.3d 533 (5th Cir. 2003).

The websites at issue do not contain facts that are generally known in the state let alone the Northern District of California. There is no common knowledge or notoriety surrounding the number of data breaches in this state and whether or not these breaches result in a significant or insignificant number of identity fraud crimes. As such, judicial notice is inappropriate. *See Wilkins, supra.*

//

//

**IV.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that judicial notice be denied.

Dated: December 21, 2007                    Respectfully submitted,

                                            **FINKELSTEIN THOMPSON LLP**


                                            /s/ Mark Punzalan
                                            Mark Punzalan


                                            Rosemary M. Rivas
                                            100 Bush Street, Suite 1450
                                            San Francisco, California 94104
                                            Telephone: 415.398.8700
                                            Facsimile:  415.398.8704

                                            Mila F. Bartos
                                            Tracy Rezvani
                                            Karen J. Marcus
                                            **FINKELSTEIN THOMPSON LLP**
                                            1050 30th Street, NW
                                            Washington, D.C. 20007
                                            Telephone: 202.337.8000
                                            Facsimile: 202.337.8090

                                            *Of Counsel*
                                            Ben Barnow
                                            Sharon Harris
                                            **BARNOW AND ASSOCIATES, P.C.**
                                            One N. LaSalle Street
                                            Suite 4600
                                            Chicago, Illinois 60602

PLAINTIFF'S OPP. TO GAP'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C 07-5739SC