Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br>vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>     Defendants. | Case No. CV07-05739-SC<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT GAP INC.'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>Date: January 11, 2008<br>Time: 10:00 a.m.<br>Room: Courtroom 1, 17th Floor<br>Judge: Honorable Samuel Conti |

## INTRODUCTION

This case involves Gap, Inc.'s ("Defendant" or "Gap") loss of private financial data of over 800,000 Gap employees and applicants for employment. In a flurry of premature activity aimed at denying Plaintiff and the putative class a full and fair opportunity to prosecute the case, Gap has filed an Answer with Counterclaim, Motion for Judgment on the Pleadings, as well the instant Motion to Strike Plaintiff's Class Allegations. Plaintiff Joel Ruiz ("Plaintiff")

respectfully asks this Court to deny Defendant's Motion to Strike Class Allegations as substantively improper under Rule 12(f) and untimely.

In its motion at bar, Defendant is seeking to strike Plaintiff's class allegations. *See* Defendant's Motion to Strike 3-6. These arguments are appropriate for an opposition to a motion for class certification—not a motion to strike.[1] Plaintiff's complaint contains at minimum all the allegations necessary to survive a motion to strike on this issue. Stated otherwise, Plaintiff's factual allegations are sufficiently broad in scope to plead the possible existence of a class action claim. Under this principle for reviewing motions to strike class action allegations, Plaintiff unquestionably withstands such a motion.

Defendant also uses its motion to strike to argue that plaintiff has not suffered a compensable injury. *See* Defendant's Motion to Strike, at 3. Defendant thus raises issues in its motion that should be reserved for a motion for judgment on the pleadings, or a similar motion. In fact, Defendant has already raised this issue in its motion for judgment on the pleadings, also currently before this Court. In order to efficiently use the time of the Court, Plaintiff will address that argument in his response to the motion for judgment on the pleadings.

By using its motion to strike to duplicate its motion for judgment on the pleadings and prematurely argue its opposition to class certification, Defendant converts what should be a method of conserving the Court's resources into a means of wasting them.

**STATEMENT OF FACTS**

Plaintiff applied for an employment position online with one of Gap's brand stores, Old Navy, through Gap's website between June 2006 and July 2007. On Friday, September 28, 2007, Gap disclosed that two laptop computers with approximately 800,000 job applicants' private confidential information had been stolen from one of its recruiting vendors. The lost

---

[1] Defendant's misunderstanding of the appropriate use of a motion to strike is betrayed by their failure to cite to a single case discussing the legal standard for a motion to strike under Rule 12(f) of the Fed. R. Civ. P. Defendant cites to nothing but cases discussing motions to deny class certification under Rule 23(c) of the Fed. R. Civ. P.

applicant data included Plaintiff's personal information such as his social security number, name, and address.[2] Defendant's failure to maintain reasonable and adequate security procedures to protect against the theft of the job applicants' personal information has, *inter alia*, put Plaintiff and other Class members at an increased risk of becoming victims of identity theft crimes and otherwise violated state statutory and common laws.

On November 13, 2007, Plaintiff filed a complaint against Defendant seeking injunctive relief and any other relief as the Court may deem necessary for Defendant's failure to maintain reasonable and adequate procedures to secure personal information. This complaint was Answered (with a counterclaim) on November 20, 2007. On December 7, 2007, Defendant filed the instant Motion to Strike Plaintiff's Class Allegations which Plaintiff now opposes.

## ARGUMENT

### DEFENDANT'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE IT FAILS TO SATISFY FED. R. CIV. P. 12(F)

**A.  The Legal Standard.**

The purpose of Rule 12(f) is to strike from the pleading "redundant, immaterial, impertinent, or scandalous matters."[3] Fed. R. Civ. P. 12(f). The party moving to strike bears the burden of proof and the duty of the court is to review all facts in the light most favorable to

---

[2] Gap's application process also included a "fidelity test" where applicants were required to answer questions about their habits, their history, any criminal record, and other information to be used by Gap to determine if the applicant was a "fidelity risk", i.e. prone to theft or dishonesty. Compl. at 29. This potentially embarrassing information was also stolen in the data breach.

[3] A redundant allegation is one that repeats other aspects of a complaint. *See Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal. 2005). An allegation is immaterial if it bears no essential or important relationship to the claim. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). An impertinent allegation does not relate to the issues of dispute. *Id.* A scandalous allegation unnecessarily reflects on the moral character of a person, uses repulsive language that detracts from the dignity of the court, or casts another in a derogatory light. *See Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007); *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

the non-moving party. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 955, 965 (C.D. Cal. 2000). In addition, the Court may act on a motion under Rule 12(f) only if it is filed before a responsive pleading. *See* Fed. R. Civ. P. 12(f).

A motion to strike must establish two things: first, that the challenged allegations must be clearly unrelated to the pleader's claims, and second, that the allegations would prejudice the moving party if they remained in the pleading. *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D.Cal. 1992); *Hoffman v. Summer*, 478 F.Supp.2d 1024, 1028 (N.D. Ill. 2007).

Defendant has failed to meet its burden in pointing to allegations properly stricken, to any prejudice, and has otherwise filed the motion in an untimely fashion.

**B.     Defendant's Motion Makes Premature Arguments**

Courts may strike a plaintiff's claim only where there are no unresolved questions of fact; all questions of law are clear and are not in dispute; and the claim could not succeed under any circumstances. *See S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); *Ellison v. Autozone Inc.*, No. C06-07522 MJJ, 2007 WL 2701923, at *1 (N.D. Cal. Sept. 13, 2007); *Jones v. Sweeney*, No. CV F 04 6214 AWI DLB, 2006 WL 1439080, at *1 (E.D. Cal. May 24, 2006). In motions to strike class action allegations, courts have held that the defendant must show that class certification is impossible **upon a fully developed record**. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005); *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991); *see also Brewer v. Salyer*, No. 1:06cv1324 AWI DLB, 2007 WL 2505573, at *3 (E.D. Cal. Aug. 31, 2007).

For example, in *Clark* the court denied the defendant's motion to strike class action allegations because the motion was premature and the defendant only relied on cases addressing whether a class should be certified, not whether the class action allegations in the complaint should be stricken. *Clark*, 231 F.R.D. at 407. The court held that although Plaintiff's complaint contained conclusory class action allegations, "the allegations addressed each of the elements of Rule 23, related to the subject matter of the litigation, and were not

redundant, immaterial, or impertinent" and "[v]iewing the complaint in the light most favorable to Plaintiff," plaintiff's class allegations were sufficient to withstand a motion to strike. *Id.* The court held that "[w]hether Plaintiff will be able to succeed on a motion for class certification, however, is an entirely separate matter to be decided at a later date." *Id.*; *see also Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F.Supp.2d 1136, 1147 (S.D.Cal. 2006) (denying Defendant's motion to strike Plaintiff's class allegations because the class allegations, although conclusory, related to the subject matter of the litigation and were not redundant, impertinent or immaterial); *see also Premiere Innovations, Inc. v. IWAS Indus., LLC*, 2007 WL 2873442, *4 (S.D.Cal. 2007); *see also Estate of Turner v. County of San Diego*, 2007 WL 2238219, *5 (S.D. Cal. 2007).

In the instant case, it is clear that Plaintiff's class allegations are sufficient to meet the threshold burden necessary to defeat a motion to strike. Compl. ¶¶ 44-50. At a minimum, the allegations present unresolved questions of fact and law which, through discovery, will establish classwide proof of Plaintiff's claims. After discovery, upon a proper and developed record, a proper motion aimed at class certification, filed under the proper Rule (FRCP 23), will be filed, briefed, and heard.

**C. Defendant's Use of the Motion to Strike is Improper**

Defendant attempts to use a motion to strike in this case in lieu of a motion under Rule 23  Courts have found such thinly veiled attempts to deny certification of a class insufficient to support a motion to strike. *See In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007) (denying a motion to strike class action allegations where discovery had not yet commenced and plaintiff had not moved for class certification, even when plaintiff's class allegations seemed "somewhat suspicious"); *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, at *3 (N.D. Cal Aug. 29, 2007); *Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000); *see also Korman v. The Walking Co.*, 503 F.Supp.2d 755, 762-63 (E.D. Pa. 2007) (holding that "[i]t would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to

a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still on-going"); *Weiss v. Waterhouse Sec., Inc.*, 208 Ill.2d 439, 456 (2004) (holding that it would be premature for the court to determine, on a motion to strike, whether the statutory prerequisites for a class action existed and the issue could only be decided when specifically raised by a motion for certification); *Enzenbacher v. Browning-Ferris Industries of Illinois, Inc.*, 332 Ill. App. 3d 1079, 1084 (2002).[4]

Defendant alleges that "motions to strike are a well-recognized means of attacking inadequate class allegations …." Def. Mot. at 2  The cases cited by Defendant for that proposition wholly fail to support the argument.  Each case cited by Defendant involved a motion for denial of class certification under Rule 23– not a motion to strike under Rule 12(f). *See* Def. Mot. at 2 (citing *Cook County Coll. Teachers Union v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972)).  In *Cook*, the court had already received three lengthy memoranda from the parties on the disputed issue of whether the requirements of Rule 23 had been met and there was no doubt left on the issue to necessitate an evidentiary hearing.  The facts present in *Cook* and all the other cases cited by Defendants in their motion to strike are simply decisions based on motions to deny certification of the class, not a motion to strike which is the motion Defendant brings here.[5]

---

[4] The distinction between a 12(f) motion and a 23(c) motion is amplified by each motion's affect on the standard of review on appeal.  A certification decision is reviewed for an abuse of discretion; whereas, a motion to strike is reviewed *de novo*.  *See Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 147-48, 776 N.E.2d 151 (2002).  If a motion to strike class allegations is allowed to raise the matter of certification, a reviewing court, upon review of the circuit court's certification decision, would be required to engage in an independent determination of the certification elements, despite the statutory directive that such a determination be vested with the circuit court.  *See Weiss*, at 456, 804 N.E.2d at 546.

[5] Defendant's other citations similarly were decisions under Rule 23 and not Rule 12(f). *See Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70, 75 (N.D. 1973) (Rule 23(c) motion after discovery had commenced); *Rodrigues v. Pacific Tel. & Tel. Co.*, 70 F.R.D. 414 (N.D. Cal. 1976) (motion for denial of class certification); *Brown v. Milwaukee Spring Co.*, 82 F.R.D. 103, 104 (E.D. Wis. 1079) (same); *Hylaszek* v. Aetna Life Ins. Co.*,* No. 94 C 5961, 1998 U.S. Dist. LEXIS 10209 at *4 (N.D. Ill. June 29, 1998) (same); *SPG Inv. Ass'n v. Berry*

### D.   Defendant Fails to Meet its Burden

The purpose of Rule 12(f) is to strike from the pleading redundant, immaterial, impertinent, or scandalous matters. A redundant allegation is one that repeats other aspects of a complaint. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal. 2005). An allegation is immaterial if it bears no essential or important relationship to the claim. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). An impertinent allegation does not relate to the issues of dispute. *Id.* A scandalous allegation unnecessarily reflects on the moral character of a person, uses repulsive language that detracts from the dignity of the court, or casts another in a derogatory light. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007).

The instant motion fails to show that any of Plaintiff's class allegations meet these criteria. Defendant's motion does not state that Plaintiff included redundant or unrelated allegations. Likewise, Defendant fails to point out any allegations bearing no essential or important relationship to a claim. Finally, Defendant points out no allegations that cast Gap in a derogatory light, or are otherwise scandalous.

Instead, Defendant uses its motion to strike as a forum to argue that plaintiff has not suffered a compensable injury, and thus lacks standing and is unable to state a claim. *See* Defendant's Motion to Strike, at 3. Defendant thus imports issues into its motion to strike that should be reserved for a motion for judgment on the pleadings, or a similar procedural vehicle. In fact, Defendant does address these issues in its motion for judgment on the pleadings, also currently before this Court,[6] and merely uses its motion to strike as a forum for rehashing these arguments to no discernable purpose. Thus, in an ironic twist, a motion properly reserved to strike redundant claims is in itself a redundant filing. By using its motion to strike to re-argue

---

*Petroleum Corp.*, No. 4-84-159, 1987 U.S. Dist. LEXIS 12093 (D. Minn. Dec. 30, 1987) (same)).

[6] Defendant also raised some of the same claims in connection with its counterclaims.

its motion for judgment on the pleadings and pre-argue its opposition to class certification, Defendant converts what should be a method of conserving the Court's resources, *see Fogerty*, 984 F.2d at 1527, into a means of wasting them.

Defendant's motion provides no support for a premature Rule 12(f) claim. Because Defendant has not met, or even attempted to meet, the minimum burden of demonstrating any of Plaintiff's allegations to be redundant, immaterial, impertinent, or scandalous, the court should deny Defendant's motion to strike.

**E. Defendant's Motion to Strike is Untimely.**

Motions to strike are disfavored by courts, and are seldom granted. *See Bureeong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *see also* Wright & Miller, *Federal Practice & Procedure 2d* § 1380 n.9. A motion to strike should be granted only if it is clear that the matter to be stricken "could have no possible bearing on the subject matter of the litigation." *Colaprico*, 758 F. Supp. at 1339; *see also Naton v. Bank of California*, 72 F.R.D. 550, 551 n.4 (N.D. Cal. 1976).

A motion to strike can thus be properly viewed as useful only insofar as it saves the court "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517; *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

In aid of fulfilling the time-saving purpose of motions to strike, Rule 12(f)(2) of the Fed. R. Civ. P. imposes a filing deadline. Rule 12(f)(2) provides that the motion must be made "either before responding to the pleading or, if a response is not allowed, within twenty (20) days after being served with the pleading." *See Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Admin., Inc.*, 688 F.2d 1228, 1232-33 (9th Cir. 1982) (holding that the trial court erred in granting a motion to strike because the motion was untimely).

1 | Plaintiff served Defendant with his complaint on November 13, 2007. Defendant filed
2 | its answer on November 20, 2007. Defendant filed the instant motion to strike on December 7,
3 | 2007. Thus defendant filed its motion to strike after its required response, rendering the
4 | motion untimely. Even had a response not been allowed, Defendant filed its motion more that
5 | twenty days after being served, thus rendering the motion untimely. The court should,
6 | accordingly, deny Defendant's motion to strike.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike Class Allegations.

Dated: December 21, 2007                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

 /s/ Mark Punzalan
Mark Punzalan

Rosemary M. Rivas
601 Montgomery St., Suite 665
San Francisco, CA 94111
Telephone: 202.337.8000
Facsimile: 202.337.8090

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
Sharon Harris
**Barnow & Associates P.C.**
One N. LaSalle Street
Suite 4600
Chicago, IL  60602