WILLIAM L. STERN (CA SBN 96105)
CLAUDIA M. VETÉSI (BAR NO. 233485)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
E-mail:  wstern@mofo.com

Attorneys for Defendant and Counterclaimant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No.   C 07-5739 SC<br><br>**DEFENDANT GAP INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>Date:  January 11, 2008<br>Time:  10:00 a.m.<br>Room:  Courtroom 1, 17th Floor<br>Judge:  Honorable Samuel Conti<br><br>Complaint filed:   November 13, 2007 |

## I.   INTRODUCTION

Plaintiff Joel Ruiz offers no substantive opposition to Gap Inc.'s ("GAP") motion to strike the class action allegations.  Rather, he argues that it is procedurally defective.  Thus, we confine this Reply to procedural issues and, for substance, refer the Court to our opening memorandum.

## II.   ARGUMENTS IN REPLY

### A.   A Motion to Strike Can Be Used to Attack Class Action Averments.

Mr. Ruiz contends that a motion to strike cannot be used to strike class action allegations at the pleading stage.  (Plaintiff's Memorandum in Opposition to Defendant Gap Inc.'s Motion to Strike Plaintiff's Class Action Allegations, 5:17-28.)  He is wrong.

1    Class allegations may be stricken at the pleading stage. *Kamm v. California City Development Co.*, 509 F. 2d 205, 212 (9th Cir.1975). Mr. Ruiz's own cited case agrees. *Cf., In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 506 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("*Wal-Mart* correctly cites *Kamm v. Cal. City Development Co.,* 509 F.2d 205, 212 (9th Cir. 1975), for the proposition that *class allegations may be stricken at the pleading stage….*") (italics added.) In fact, Judge Fogel recently granted such a motion. *Dodd-Owens v. Kyphon, Inc.*, 2007 WL 3010560 (N.D. Cal. Oct. 12, 2007), at *3 ("the Court will grant the motion to strike, but also will grant Plaintiffs a final opportunity to amend the class allegations of their complaint").

Plaintiff misunderstands. This motion is not brought "in lieu of" a motion under Rule 23. (*Cf..*, Oppo. Mem., 5:18-19.) Rather, it is "governed by Rule 23." *See Dodd-Owens v. Kyphon, Inc.*, *supra*, at *1. That is why GAP recited the Rule 23 case law in its opening memorandum, and why GAP showed by reference to Rule 23's elements how, on the face of the pleading, this claim could never be certified.

The issue is not whether, but rather, under what circumstances can a court strike class allegations? As Judge Armstrong notes: "… the granting of motions to dismiss class allegations before discovery has commenced is rare." *Wal-Mart Stores, supra*, 506 F. Supp. 2d at 615. Although rare, class averments may be successfully attacked on a motion to strike so long as a court can "determine from the pleadings alone that the class requirements cannot possibly be met and in such cases striking class allegations before commencing discovery is appropriate…." *Id.* Here, the Court can make such a determination from the pleadings alone.

**B.    GAP's Motion Meets The Legal Standard of Rule 12(f).**

Rule 12(f) permits a court to strike "immaterial" matter. "Immaterial" means the matter has no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) , *rev'd on other grounds*, 510 U.S. 517 (1994). Here, the class action allegations are "immaterial."

Mr. Ruiz admits that he suffered no identity theft as a result of the data breach incident, but was merely put at "increased risk." (Compl., ¶ 56 ("Plaintiff and the Class have been harmed by the release for [sic] their personal information by putting them at an increased risk of identity

DEFENDANT GAP INC.'S REPLY BRIEF RE MOTION TO STRIKE CLASS ALLEGATIONS
C 07-5739 SC
sf- 2443399

2

1  theft.").) As such, he cannot adequately represent those claimants who have been injured,

2  assuming there are any. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 (1997). No

3  amount of discovery is needed to show what Mr. Ruiz already freely admits, namely, that he is

4  merely a "latent injury" claimant who has not, in fact, experienced an instance of identity theft.

5      Nor is discovery needed to determine the issue of "adequate representation" and

6  "typicality" as regards Mr. Ruiz's response to GAP's offer of one-year's worth of free credit

7  monitoring. As noted in the opening memorandum, either way he is not adequate. If he declined,

8  he is not typical of those who accepted; and if he accepted, he is not typical of those who

9  declined. Those who declined are presumed to have decided that even one year's worth of free

10 credit monitoring service is not something they want. How, then, is someone who accepted that

11 benefit an adequate representative as to a claim that seeks to force on absent class members *five*

12 *years* of a service they have decided they don't want? These are matters that can be decided now.

13     Mr. Ruiz doubts GAP's prejudice, but he is wrong. Plaintiff is attempting to assert the

14 claims of absent parties that under Rule 23 he has no legal right to assert, and by doing so to

15 leverage his own enfeebled claim. That is improper, and prejudices GAP.

16     **C.    GAP's Motion is Timely.**

17     Mr. Ruiz contends that this motion is untimely. Again, he is wrong. Rule 12(f) provides

18 that a court may strike "immaterial matter" within 20 days if raised by motion "*or* upon the

19 court's initiative *at any time*...." Fed. R. Civ. Proc. 12(f) (italics added). In quoting Rule 12(f)

20 and in citing to a Ninth Circuit case, Mr. Ruiz deletes this portion of Rule 12(f). *Cf. Culinary and*

21 *Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Admin., Inc.*, 688

22 F.2d 1228, 1232-33 (9th Cir. 1982) ("The district court has authority under Rule 12(f) to strike a

23 pleading, in whole or in part, only if a motion is made before the moving party has filed a

24 responsive pleading, *unless the court strikes the pleading on its own initiative* or no responsive

25 pleading is permitted.") (italics added).

26     Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any

27 point in a case, reasoning that the district court would be considering the issue on its own accord

28 despite the fact that its attention was prompted by a motion. *See Williams v. Jader Fuel Co., Inc.*,

DEFENDANT GAP INC.'S REPLY BRIEF RE MOTION TO STRIKE CLASS ALLEGATIONS
C 07-5739 SC
sf- 2443399

3

944 F.2d 1388, 1399 (7th Cir. 1991).  "In effect, the Court's discretion renders the twenty (20) day rule essentially unimportant."  *Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

## III.     CONCLUSION

The Court should reject Mr. Ruiz's procedural arguments.  Discovery will not improve these matters.  The defects in his class averments are apparent on the face of the Complaint and cannot be controverted.  For all the foregoing reasons, the Court should strike the class action averments.

Dated: December 28, 2007

WILLIAM L. STERN
CLAUDIA M. VETÉSI
MORRISON & FOERSTER LLP


By        /s/ William L. Stern
                William L. Stern

Attorneys for Defendant and Counterclaimant
GAP INC.

DEFENDANT GAP INC.'S REPLY BRIEF RE MOTION TO STRIKE CLASS ALLEGATIONS
C 07-5739 SC
sf- 2443399

4