WILLIAM L. STERN (CA SBN 96105)
CLAUDIA M. VETÉSI (BAR NO. 233485)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
E-mail:  wstern@mofo.com

Attorneys for Defendant and Counterclaimant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No.   C 07-5739 SC<br><br>**DEFENDANT GAP INC.'S REPLY BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   January 11, 2008<br>Time:   10:00 a.m.<br>Room:  Courtroom 1, 17th Floor<br>Judge:  Honorable Samuel Conti<br><br>Complaint filed:   November 13, 2007 |

## I.     INTRODUCTION

Plaintiff Joel Ruiz objects to two documents about which Gap Inc. ("GAP") has asked the Court to take judicial notice:  (i) a study about data breaches, and (ii) a table showing recent California data breaches taken from a list that was posted on the website of the Privacy Rights Clearinghouse.  The Court should overrule these objections and judicially notice both documents.

## II.    ARGUMENTS IN REPLY

### A.    The Data Breach Study Is Properly the Subject of Judicial Notice.

Plaintiff objects to a study showing that fewer than 1% of data breaches result in identity theft. (*See* Plaintiff's Opposition to GAP's Request for Judicial Notice in Support of Motion for Judgment on the Pleadings, 4:3-14 ["RJN Oppo."].)  But he misunderstands its significance.

GAP does not seek a "substantive determination of a material question of fact." (*Cf.*, RJN Oppo., 3:7-21.) Thus, the Court is not being asked to decide the odds of an identity theft occurring from a stolen laptop incident such as this. This study happens to place those odds at less than 1%. That may be too high, for it may be only .1%. The point of the citation, however, is simply to show that whatever the real number may be—and, ultimately, this may never be capable of calculation to a mathematical certainty—the odds are small.

Mr. Ruiz has opened this door himself. He lays claim to Article III standing based on being exposed to a "heightened risk" of identity theft, yet this study shows that he has only a small chance of experiencing such an injury. The operative word is "small"; the actual, mathematical odds are not what is significant about this study.

Mr. Ruiz complains that this study is unreliable, and says that it was criticized by the GAO. (RJN Oppo., 4:3-14.) However, far from showing the study to be unreliable, the GAO corroborates the key points of the study. Thus, the GAO concludes:

- "most breaches have *not* resulted in detected incidents of identity theft, particularly the unauthorized creation of new accounts." <u>Data Breaches are Frequent, but Evidence of Resulting Identity Theft is Limited; However, the Full Extent is Unknown</u>," GAO Report No. GAO-07-737, at page 1 ["GAO Report"], at p. 1 (italics added).[1]
- "[I]n reviewing the 24 largest breaches reported in the media from January 2000 through June 2005, GAO found that 3 included evidence of resulting fraud on existing accounts and 1 included evidence of unauthorized creation of new accounts. For 18 of the breaches, no clear evidence had been uncovered linking them to identity theft; and for the remaining 2, there was not sufficient information to make a determination." GAO Report, p. 1.

---

[1] A copy of the GAO Report can be found at http://www.gao.gov/new.items/d07737.pdf.

DEFENDANT GAP INC.'S REPLY BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
C 07-5739 SC
sf-2443501

2

- "determining potential harm may be particularly challenging with very large breaches because the volume of records involved can make it difficult to link individual victims to the breach." GAO Report, p. 25.

The Court should overrule Mr. Ruiz's objection.

### B. The List of Data Breaches Is Properly the Subject of Judicial Notice.

Plaintiff also objects to a list of recent California data breaches taken from a website compiled by the Privacy Rights Clearinghouse. (*See* RJN Oppo., 4:15-5:10.) Again, he contends it is unreliable, yet the point of the citation was merely to underscore that data breaches are an unfortunate but nevertheless frequent occurrence nowadays—a point that Mr. Ruiz himself makes (*see* Oppo. to Motion for Judg. on the Pleadings, 1:2-12)—and that a large percentage of the entities who have experienced data breaches (indeed, the majority) are governmental ones.

Mr. Ruiz complains that the list is not all-inclusive but, if anything, that would render this list *under*-inclusive. If he is right, and if there were more data breaches in California than just the ones shown on this list, that would tend to *reduce* the odds of Mr. Ruiz himself ever experiencing an identity theft as a result of this incident. The reason is that it would make the denominator of the fraction larger and, hence, the odds of an ID theft smaller.

The Court should overrule Mr. Ruiz's objection.

### III. CONCLUSION

For all the foregoing reasons, the Court should strike the class action averments.

Dated: December 28, 2007        WILLIAM L. STERN
                                CLAUDIA M. VETÉSI
                                MORRISON & FOERSTER LLP


                                By    /s/ William L. Stern
                                          William L. Stern

                                Attorneys for Defendant and Counterclaimant
                                GAP INC.

DEFENDANT GAP INC.'S REPLY BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
C 07-5739 SC
sf-2443501

3