Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>　　　　Defendants. | Case No. C-07-5739SC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS GAP'S COUNTERCLAIM**<br><br>Date:　　　January 11, 2008<br>Time:　　　10:00 a.m.<br>Location:　Courtroom 1, 17th Floor<br>Judge:　　 Honorable Samuel Conti |

## I. INTRODUCTION

The purpose of the Declaratory Judgment Act is to "afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to await until his adversary should decide to bring suit, and to act at his peril in the interim." *Shell Oil Co. v. Rusetta,* 290 F.2d 689, 691-92 (9th Cir. 1961). Gap's counterclaim for declaratory relief, however, is inconsistent with the purpose of the Declaratory Judgment Act. Instead, Gap's counterclaim for declaratory relief, filed after Plaintiff initiated this action, is redundant of the issues raised by Plaintiff's claims and GAP's motion for judgment on the pleadings. By its own admission, the resolution of Plaintiff's claims will necessarily moot Gap's counterclaim. *See Defendant Gap Inc.'s Opposition To Plaintiff's Motion To Dismiss Defendant's Counterclaim* (hereinafter "Def. Opp. to MTD") at 2. Because Gap has failed to show that it meets the requirements for declaratory relief, Plaintiff respectfully requests that the Court dismiss it.

## II. GAP HAS FAILED TO SHOW THAT ITS COUNTERCLAIM FOR DECLARATORY RELIEF IS APPROPRIATE

Gap argues that since the lawsuit involves a "dispute regarding the rights and duties of the parties" declaratory relief is necessary. Def. Opp. to MTD, at 1. However, given that all lawsuits are aimed at settling the rights and duties of the parties, what remains unclear is how *this* lawsuit is different.

### A. Defendant Has Not Shown the Requisite "Immediacy" to Warrant Declaratory Relief

Defendant's request for declaratory relief is premised on the mere fact that it will have to respond to plaintiff's allegations in this action. In its counterclaim, Defendant merely states that "[a] judicial declaration is necessary and appropriate so the parties may ascertain their rights and duties under the law." Counterclaim, ¶ 16. Such a contention is not sufficient to satisfy the requirements for declaratory relief, *i.e.*, a "substantial controversy, between parties having adverse legal interests, of

sufficient immediacy and reality…" *Maryland Cas. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

Defendant's argument that a declaratory judgment "must be allowed" merely on the basis that Plaintiff has adequate Article III standing for his own claims is misguided. *See* Def. Opp. to MTD, at 2:10.[1] Contrary to Defendant's contention, the test in determining whether Defendant states a claim for a declaratory judgment is not whether *Plaintiff* can show Article III standing, but rather, whether *Defendant* can establish its *own* standing for declaratory relief by showing a "sufficient immediacy and reality." *See Maryland Cas.,* 312 U.S. at 273 (1941). Defendant has not made this showing since it cannot show any immediate harm it faces simply by responding to plaintiff's allegation—especially since an Answer has already been filed. *See, e.g., Vallier v. Jet Propulsion Lab.,* 120 F. Supp. 2d 887, 916 (C.D. Cal. 2000) (dismissing Defendant's declaratory relief claim where no "substantial controversy" existed since Defendant liability had not yet been established).

The fact that Plaintiff may show Article III standing has no bearing on Defendant's request for declaratory relief since Defendant is unable to show the requisite "substantial controversy." *See* Opp. Memo at 2:22-23. Defendant contends that because Mr. Ruiz and Gap disagree over facts and legal issues related to Gap's compromising the personal information of 800,000 job applicants, this "classic dispute" is enough to show a "substantial controversy… of sufficient immediacy and reality" required for a declaratory judgment. *See* Def. Opp. Memo at 3:1-9 (citing *Maryland Cas.,* 312 U.S. at 273). Yet litigating parties rarely agree over facts and legal issues thereby prompting suits in the first place. Thus, as courts have made clear, establishing "sufficient immediacy" requires more than just a mere dispute over facts and legal issues. *See Vallier,* 120 F. Supp. 2d at 916; *Swartz v. KPMG, LLC,* 401 F. Supp. 2d 1146, 1155 (W.D. Wash. 2004) (taxpayer's claim against tax advisors for declaratory relief

---

[1] Despite Defendant's repeated attempts to convince this court that its counterclaim "*must be allowed*" because of the similarity between Defendant's counterclaim and Plaintiff's complaint (*see* Opp. to MTD, at 2:10 and 2:23), it is important to note that there is nothing mandatory about the Court's decision to issue declaratory relief, but, rather, it is entirely within this court's sound discretion. *See* 28 U.S.C. § 2201 ("a court *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

denied where movant had not yet suffered a penalty by the IRS).  By Defendant's rationale, any controversy in a lawsuit where the parties disagree over the facts and legal issues in the underlying suit would presumably warrant a showing of declaratory relief.  Clearly, this is not the case.  *See King v. Deutsche Bank Ag*, No. CV 04-1029-HU, 2005 WL 611954, at *29 (D. Or. Mar. 8, 2005) (mere allegations of defendants' conduct by itself did not sufficiently show a "concrete adverse interest" to warrant declaratory relief). As stated in Plaintiff's Motion to Dismiss, the only facts Defendant has used to support its claim for declaratory relief is so that "the parties may ascertain their rights and duties under the law."  Counterclaim, ¶ 16.  This fails to establish the type of "substantial controversy" necessary to warrant a declaratory judgment.[2]

Moreover, Defendant's argument that its counterclaim is just a "mirror image of [Plaintiff's] complaint" and that "both [the complaint and counterclaim] fall, or stand, together" is not accurate because it mischaracterizes the difference between Defendant's claim for declaratory relief with the showing necessary for Plaintiff's claims.  Defendant requests a form of relief where it must show a "substantial controversy… of sufficient immediacy and reality" for each of its causes of action-- an added burden which Plaintiff is not required to establish for purposes of a Rule 12(b)(6) motion.  *See Maryland Cas.*, 312 U.S. at 273.  Further, as an equitable remedy, the court in its sound discretion must also examine Defendant's counterclaim with a balancing test by comparing the plaintiff's needs and the consequences of giving declaratory relief.  *See Eccles v. Peoples Bank of Lakewood Village*, *Cal.*, 333 U.S. 426, 431 (1948).  Thus, Defendant's request for declaratory relief involves a more rigorous showing than required for Plaintiff to state his claims, and this court should analyze Defendant's request for a declaratory judgment separately from the claims pled in Plaintiff's complaint.  As Plaintiff

---

[2]   While Defendant callously disregards the harm it has caused to Plaintiff by framing the issue as holding Gap liable "over fears about future hypothetical injuries to class members," as Plaintiff states in his Opposition to Defendant's Motion for Judgment on the Pleadings, courts have expressly recognized the increased risk of identity theft as a legally cognizable harm.  *See* Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings at 4-6.

explained in his opening brief, a balancing of these interests weighs in favor of dismissing Defendant's counterclaim.

Defendant cites to *Societe de Conditionnement* for the proposition that the "case or controversy" requirement for a declaratory judgment requires a "much lower threshold" than an actual threat of litigation. Def. Opp. Memo. At 3:17. In *Societe*, the "lower threshold" raised by defendants applied specifically to "an actual threat of litigation… *by the patentee*." *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981) (emphasis added). However, as discussed in Plaintiff's Motion to Dismiss, the Ninth Circuit in *Societe* specifically analyzed declaratory relief in the context of a patent infringement action, where declaratory relief would serve to combat the immediate harm created by a patentee chilling competition. *See* Plaintiff's MTD, at 7:28 – 8:14. In the patent area, a declaratory judgment is often necessary where a patentee brings an infringement suit, and competitors would have no practical recourse except to enter into a licensing agreement or make another arrangement with the patentee. *See id.*, 655 F.2d at 943. Since Gap's declaratory relief bears no resemblance to the immediate harm related to the patent infringement dispute at issue in *Societe*, Defendant's reliance on that case is misplaced.

Moreover, Gap's citation to *SecuriMetrics* is not relevant here. *SecuriMetrics, Inc.v . Hartford Cas. Ins. Co.*, No. C 06-00917 CW, 2005 WL 2463749 (N.D. Cal. Oct. 5, 2005). There, the plaintiff had an insurance policy requiring the defendant to provide insurance coverage in any suit seeking damages for "personal and advertising injury." 2005 WL 2463749, at *1. When the plaintiff faced a lawsuit for that type of injury and made a timely demand on the defendant to defend it against the suit, the defendant refused. *Id*. In its counterclaim, the defendant sought a declaratory judgment that it was entitled to a reimbursement of amounts it paid to defend the plaintiff against non-covered claims asserted against it. *Id.* at 2. The court found that the defendant showed a sufficient "substantial controversy" because it would have to pay for costs associated with defending the plaintiff against claims *not potentially covered by the policy* in plaintiff's suit. *Id*. at *3 (emphasis added).

Insurance disputes like that in *SecuriMetrics* provide the classic example of a case appropriate for declaratory relief. *See* Shwarzer, Tashima & Wagstaffe, CAL. PRAC. GUID: FED. CIV. PRO.

BEFORE TRIAL § 10:9 (The Rutter Group 2006) (Declaratory relief is appropriate in actions "between insurers and insureds to determine rights and obligations under an insurance policy").  Where an insured party potentially faces an imminent harm as a result of an insurer's decision not to provide liability coverage in bad faith, declaratory relief is necessary in order for the insured party to defend itself against litigation, and it would be appropriate for the court to declare the rights of the parties in this instance.  Here, however, Gap is unable to show the same type of harm by merely responding to Plaintiff's allegations.   Thus, Defendant's citation to *SecuriMetrics* is inapplicable.

### B.     The Court has the Discretion to Refuse Adjudication of Gap's Counterclaim

As Plaintiff explained in his opening brief, declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) where it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  *See McGraw-Edison Co. v. Preformed Line Prod. Co.,* 362 F.2d 339, 343 (9th Cir. 1966), *cert. denied,* 385 U.S. 919 (1996).  In its opposition, Gap fails to address, much less explain, how its counterclaim for declaratory relief meets either of these two requirements.  That is because Gap cannot.  Gap's counterclaim merely seeks the same factual and legal determinations that are already before the Court on Plaintiff's state law claims.[3]  Under similar circumstances, the court in *Shepherd v. U.S. Olympic Committee,* 464 F.Supp.2d 1072, 1082 at n. 8 (D. Colo. 2006), held that declaratory relief was unavailable because it was redundant and merely sought a legal determination already before the Court. *See id.* Gap's cited authorities to the contrary are unpersuasive because those cases are factually and/or procedurally distinct.

For example, when a counterclaim is not completely redundant and serves a useful purpose, it has survived a motion to dismiss.  In *Glass v. IDS Financial Services, Inc.,* 778 F. Supp. 1029 (D. Minn. 1991), the defendant brought counterclaims to recover debts pursuant to its compensation

---

[3]     Gap's counterclaim for declaratory relief essentially asks the Court to enter orders finding that it is not liable to Plaintiff for his alleged claims and for an order dismissing the case. *See Answer* at p. 13 (Prayer for Relief).

system. Although the claims and counterclaims in that case involved similar issues of law and fact, the claims involved the validity of the defendant's compensation system. Even if the defendant prevailed on the plaintiff's claims, however, without the counterclaims, it would not be able to recover on the underlying debts. Thus, the defendant's counterclaim in that case served a useful purpose. The counterclaim for declaratory relief in *Glasheen v. City of Austin,* 840 F.Supp. 62 (W.D. Texas 1993) also served a useful purpose in that it would help avoid a multiplicity of suits brought by other businesses involving the constitutionality of the same ordinance.[4] In contrast here, Gap's counterclaim will not serve a useful purpose. A favorable or unfavorable ruling for Plaintiff will simply moot Gap's counterclaim, since Gap's counterclaim is dependent on the resolution of Plaintiff's claims. If Plaintiff prevails on his claims, obviously Gap's counterclaim would be dismissed. If Plaintiff does not prevail, Gap's counterclaim would also be dismissed because it would have already obtained the same relief through the resolution of Plaintiff's claims. *See e.g., Digital Envoy, Inc. v. Google, Inc.,* Case No. C04-01497RS, 2006 WL824412 (N.D. Cal. 2006) (dismissing Google's counterclaim for declaratory relief because it faced no further exposure after a finding that the plaintiff was not entitled to a remedy).

Moreover, if the counterclaim raises an alternative form of relief or raises an affirmative defense, then it may survive a motion to dismiss. In *Crescent Woodworking Co. v. Accent Furniture, Inc.,* No. EDCV 04-01318 DDP (PJWx), 2005 WL 5925586 (C.D. Cal. Dec. 6, 2005), the counterclaim for declaratory relief was an alternative theory of relief for the defendant, and also raised issues that would not be resolved by the other claims. Here, Gap's counterclaim for declaratory relief is not an

---

[4] It is also unlikely that Gap could use a declaratory judgment to avoid a multiplicity of suits as in *Glasheen,* since the lawsuit here is brought under California law and therefore issue preclusion would not be available in suits brought in other states by other individuals. For issue preclusion to apply, (1) the issue must have been necessarily decided at a previous proceeding identical to the one which is sought to be litigation; (2) the first proceeding must have ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted must have been a party or in privity with a party at the first proceeding. *See Reyn's v. Visa,* 442 F.3d 741, 746 (9th Cir. 2006). At present, Plaintiff is aware of at least one suit pending against Gap for this same data breach in [insert circuit court] Florida captioned [insert caption]. Any declaratory judgment here would have no impact on that pending suit.

alternative theory of relief and, as Gap admits, would be mooted by the resolution of Plaintiff's claims. *See* Def. Opp. Memo. at 2.

Finally, if the counterclaim for declaratory relief raises different factual or legal issues, or involves distinct parties from the plaintiff, a counterclaim may survive. In *Cooper Developmnent Co. v. Employers Ins. Of Wausau,* 765 F.Supp. 1429 (N.D. Cal. 1991), while the court permitted the defendant's counterclaim to proceed, the defendant's counterclaim raised different facts, legal issues, and parties that were distinct from the plaintiff's claims. Similarly, in *Levin Metals Corp. v. Parr-Richmond Terminal Co.,* 799 F.2d 1312 (9th Cir. 1986), the defendant's counterclaim for declaratory relief was against additional parties who were not parties to the plaintiff's claims.[5] In contrast here, Gap's counterclaim does not raise different facts, legal issues or parties. Rather, Gap's counterclaim seeks the same factual and legal determinations that can be had through Plaintiff's claims.

The remaining cases cited by Defendant are entirely irrelevant as they do not address a counterclaim for declaratory relief raising the same legal and factual issues and providing the same relief as a resolution of the claims. *See Federal Ins. Co. v. Oak Indus.,* Case No. 85-985-G(M), 1986 WL 2699 (S.D. Cal. Feb. 3, 1986) (involved partial summary judgment of the plaintiff's claim for declaratory relief); *Thelen Reid & Priest LLP v. Marland,* Case No. 06-2071, 2006 WL 2619261 (N.D. Cal. Sept. 12, 2006). (counterclaims for breach of fiduciary duty, breach of contract, bad faith denial of a contract, intentional misrepresentation, and negligence (not declaratory relief) which would provide different relief than the claims and otherwise serve a useful purpose). Since Gap's counterclaim for declaratory relief merely seeks the same factual and legal determinations as Plaintiff's claims, and would otherwise serve no useful purpose, the Court should exercise its discretion and dismiss it.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to dismiss Gap's counterclaim for declaratory relief.

---

[5]   The *Levin* case also did not address the propriety of a counterclaim for declaratory relief in light of any claims seeking the same factual and legal determinations, as in this case.

Dated: December 28, 2007

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

/s/ Mark Punzalan

Mark Punzalan

Rosemary M. Rivas
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: 415.398.8700
Facsimile:  415.398.8704

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street
Suite 4600
Chicago, Illinois 60602

# CERTIFICATE OF SERVICE

I, Mark Punzalan, declare:

I am employed in San Francisco County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Finkelstein Thompson LLP, 100 Bush Street, Suite 1450, San Francisco, California 94104.

On December 28, 2007, I served the following document

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS GAP'S COUNTERCLAIM**

by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the e-mail address listed below:

William L. Stern
wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on December 28, 2007.

                                          /s/ Mark Punzalan
                                          Mark Punzalan