Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

William L. Stern (State Bar No. 96105)
Claudia M. Vetesi (State Bar No. 233485)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
wstern@mofo.com

Counsel for Defendant Gap, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>　　　　　Defendants. | Case No. CV07-05739-SC<br><br>**REPORT OF PARTIES' PLANNING CONFERENCE**<br><br>**FRCP 26(f)** |

1  The parties to this litigation met and conferred on January 31, 2008.  It is Defendant GAP Inc.'s
2  ("GAP") position that it is premature to discuss any of the matters set forth in Rule 26(f) until the Court
3  has ruled on the pending motions, which include GAP's Motion for Judgment on the Pleadings, GAP's
4  Motion to Strike Plaintiff's Class Allegations, and Plaintiff's Motion to Dismiss Defendant's
5  Counterclaim.  Plaintiff disagrees and makes the following report.

6  **I.     Settlement Discussions**

7  During the Meet and Confer on January 31, 2008, the parties briefly discussed any possibilities
8  for settlement or resolution of the case.  Defendant's position is that any discussion of settlement is
9  premature until Judge Conti has ruled on the pending motions.  As reflected in the Stipulation and
10 Order Selecting ADR Process signed by Judge Conti on February 4, 2008, the parties agree that
11 mediation is preferable to other forms of ADR for this case.  A conference call has been set with an
12 ADR Staff Attorney or Director on February 19, 2008 at 10:00 a.m.

13 **II.    RULE 26(a) DISCLOSURES**

14 Plaintiff expects to file his initial disclosures on February 15, 2008 and does not anticipate
15 proposing any changes to timing, form, or any other requirements under Rule 26(a)(1).  Defendant's
16 position is that Rule 26(a)(1) disclosures are premature until Judge Conti has ruled on the pending
17 motions.

18 **III.   DISCOVERY PLAN**

19 Defendant GAP's position is that any discussion of discovery topics is premature until Judge
20 Conti has ruled on the pending motions.   The parties' pending motions were submitted to the Court
21 without a hearing on January 11, 2008. GAP suggests that approximately 60 days from the date that
22 the Court rules on the motions, this Court schedule a new case management conference for the setting
23 of dates, if necessary.  GAP does not believe that the Court should adopt a pre-trial schedule at this
24 time due to the pending motions.

25 Plaintiff seeks to implement the following discovery plan:

26 **A.     Preservation of Discoverable Information**

27 The parties are aware of their obligations to preserve evidence and are taking appropriate steps
28 to preserve all information that could be relevant to this action.  Plaintiff will maintain any documents

1  or materials in his possession that are reasonably likely to be relevant to this action.  Plaintiff requests
2  that Defendant place a litigation hold, including the suspension of any document destruction programs
3  and any deletion of material reasonably likely to be relevant to this action.
4      Defendant GAP has taken steps to preserve evidence reasonably related to issues reasonably
5  evident in this action, including the preservation of electronically recorded material and the suspension
6  of any document destruction or electronic erasure programs.

### B. Subjects for Discovery

8      Plaintiff will seek information and documents from the Defendant and/or third parties relating
9  to: the security procedures that Defendant and its third-party vendor used to secure Plaintiff and class
10 members' personal information; the information that Plaintiff and class members were required to
11 provide to Gap's online application website; the information that was provided to Plaintiff and class
12 members regarding the protection of their personal information; investigation details of the theft of the
13 laptops containing Plaintiff and class members' information; and the manner in which GAP stored
14 Plaintiff's personal information.   Plaintiff reserves the right to seek other information and documents
15 pertaining to the claims and defenses in this matter.
16     Plaintiff proposes the following discovery deadlines:
17     **Fact Discovery Cut-Off:** Plaintiff proposes September 1, 2008.
18     **Expert Reports on Behalf of Plaintiffs:** Plaintiff proposes September 1, 2008.
19     **Expert Report on Behalf of Defendant:** Plaintiff proposes September 15, 2008.
20     **Deadline for All Expert Discovery**: Plaintiff proposes January 5, 2009.
21     Defendant GAP believes that that no discovery should proceed prior to the Court's
22 determination of the pending motions.  It is premature to submit a schedule of discovery prior to the
23 Court's decision on the pending motions.

### C. Electronically Stored Information

25     Plaintiff will request that Defendant produce all electronically stored information ("ESI") in its
26 natural format with all associated metadata.  Plaintiff is willing to work with Defendant to help
27 Defendant identify the best procedure to isolate the relevant ESI and to narrow the scope of production
28 accordingly.

1  Defendant GAP believes that it is premature to discuss the manner and form of production of ESI
2  until the Court rules on the pending motions.

### D. Privilege Issues

Plaintiff is agreeable to allowing Defendant thirty days after production the right to request any attorney-client privileged information that has been inadvertently produced. Defendant believes it is premature to discuss privilege issues until the Court rules on the pending motions.

### E. Limitations on Discovery

Plaintiff does not request any limitations on discovery at this time, nor does Plaintiff see a need to conduct discovery in phases, or to limit or focus discovery to any particular issues.

Defendant GAP believes it until the Court rules on the pending motions it is premature to discuss limitations on discovery.

## IV. OTHER ORDERS

**A. Protective Order:** Plaintiff believes a protective order is appropriate in this matter to ensure the confidentiality of any sensitive information that may be produced by parties and non-parties during the course of the litigation. Plaintiff is willing to work with Defendant to negotiate the details of a proposed protective order for the Court's convenience.

**B. Preservation Order:** Plaintiff will seek a preservation order to request that Defendant preserve any documents or other material reasonably likely to be relevant to this action.

**C. Discovery Referee**: Plaintiff requests the assignment of a magistrate judge to handle any discovery disputes.

Defendant GAP believes it is premature to evaluate whether any other orders will be necessary until the Court rules on the pending motions.

| | | |
|---|---|---|
| 1 | Dated: February 15, 2007 | Respectfully submitted, |
| 2 | | **FINKELSTEIN THOMPSON LLP** |
| 3 | | /s/ Mark Punzalan |
| 4 | | Mark Punzalan |

Rosemary M. Rivas
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: 415.398.8700
Facsimile: 415.398.8704

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street
Suite 4600
Chicago, Illinois 60602

Dated: February 15, 2008

WILLIAM L. STERN
CLAUDIA M. VETÉSI
MORRISON & FOERSTER LLP

By /s/ William L. Stern
William L. Stern

Attorneys for Defendant and Counterclaimant
GAP INC.

REPORT OF PARTIES' PLANNING CONFERENCE
CASE NO. C 07-5739SC