Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

William L. Stern (State Bar No. 96105)
Claudia M. Vetesi (State Bar No. 233485)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
wstern@mofo.com

Counsel for Defendant Gap, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>  Plaintiff,<br>vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>  Defendants. | Case No. CV07-05739-SC<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     March 21, 2008<br>Time:     10:00 a.m.<br>Location: Courtroom 1, 17th Floor<br>Judge:    Honorable Samuel Conti |

1  Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action jointly submit this
2 Joint Case Management Statement in advance of the Initial Case Management Conference scheduled
3 for March 21, 2008.

### I. JURISDICTION AND SERVICE

Plaintiffs seeks relief under the UCL, California Civil Code § 1798.85, and common law claims for invasion of privacy, negligence and bailment.  The Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  This Court has personal jurisdiction over GAP Inc ("GAP") because Defendant conducts substantial business in this state, has had systematic and continuous contacts with this state, and has agents and representatives that can be found in this state.  The Complaint also alleges Doe defendants.

Defendant GAP does not contest that this Court has personal jurisdiction as to GAP for purposes of this case.  GAP similarly does not contest that venue is proper in this district.  For GAP's counterclaim, GAP claims that this Court has subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 13, 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. §§ 2201 and 2202 (declaratory judgment).

All named parties have been served.

### II. FACTS

#### A. Chronology of the Facts

##### 1. Plaintiff Joel Ruiz

The following describes Plaintiffs' allegations in the Complaint.  Plaintiff alleges that he applied for a position with Old Navy, one of GAP's brand stores, through GAP's online application website.  Plaintiff alleges that he was required to provide personal information, including his social security number, email, home address, telephone number, and answers to certain questions as part of the application process.

Plaintiff alleges that GAP required Plaintiff to use his social security number in order for him to access the online application process.  Plaintiff alleges that GAP stated that Plaintiff's application would be considered for ninety days but that GAP maintained his personal information for over a

year. Plaintiff alleges that GAP's website application promised him that GAP would use reasonable precautions to protect his personal information from unauthorized use.

Plaintiff alleges that GAP employed a third-party vendor to manage its job applicant data. Plaintiff alleges that on September 19, 2007, GAP learned that two laptop computers were stolen from the office of its third-party vendor. Plaintiff alleges the laptops contained the personal information of approximately 800,000 persons who applied for employment with Old Navy, GAP, Banana Republic, and/or its outlet stores by the telephone or internet from July 2006 to June 2007. Plaintiff alleges that the 800,000 applicants whose personal information was compromised consisted of job applicants from the United States, Puerto Rico, and Canada.

Plaintiff alleges that neither GAP nor any of its vendors encrypted the job applicants' personal information on the stolen laptops. Plaintiff alleges that he received a letter dated September 28, 2007 from GAP stating that his personal information was among those compromised in the laptop thefts. Plaintiff, on behalf of himself and a class of similarly situated persons, asserts claims against GAP for unlawful and unfair business practices under the UCL, violation of the California Civil Code § 1798.85, and common law claims for invasion of privacy, negligence and bailment. Plaintiff seeks injunctive relief and any other relief as the Court may find just and proper.

Defendant GAP filed an Answer to the Complaint, Affirmative Defenses, and Counterclaim on November 20, 2007. The Counterclaim requests a declaratory judgment that its actions were in compliance with federal and state laws and that Mr. Ruiz and the Class not be entitled to relief.

### 2. Defendant GAP Inc.

Defendant GAP filed an Answer to the Complaint, Affirmative Defenses, and a Counterclaim on November 20, 2007. The Counterclaim requests a declaratory judgment that GAP's actions were in compliance with federal and state laws and that it is not liable to Mr. Ruiz or the putative class he purports to represent on any of his claims.

### B. Principal Factual Issues in Dispute

Plaintiff identifies some of the potential factual disputes as:

a) Whether Defendant maintained reasonable and adequate security procedures to protect against the theft of Plaintiff's personal information,

b) Whether GAP's online website offered the option to job applicants to use an authentication device other than a social security number to access the job application,

c) Whether GAP required that job applicants enter a social security number to access the online application process, and

d) Whether the "Terms and Conditions" of GAP's credit monitoring plan included a waiver of Plaintiff's rights to a jury trial.

Defendant GAP believes it is premature to discuss the factual issues disputed. The parties have filed three motions which are currently pending before the Court: GAP's Motion for Judgment on the Pleadings, GAP's Motion to Strike Plaintiff's Class Allegations, and Plaintiff's Motion to Dismiss Defendant's Counterclaim. These motions were submitted to the Court without a hearing on January 11, 2008.

Because the Court's ruling on these motions will determine the scope of the case going forward, GAP believes that it would be beneficial to await a ruling from the Court before discussing factual disputes.

### III.   LEGAL ISSUES

*Plaintiff's position.*  At the present stage of this case, there are currently several legal issues in dispute. Plaintiff identifies these issues as including:

a) Whether Defendant owed Plaintiff a duty to protect his personal information and whether Defendant breached that duty;

b) Whether a failure to maintain reasonable security procedures and practices to protect Plaintiff's personal information is actionable under Negligence or Bailment;

c) Whether Plaintiff has suffered an injury-in-fact by being at an increased risk of identity theft and losing his personal information under Cal. Bus. and Prof. Code §§ 17200;

d) Whether Defendant's practices constitute an unlawful business practice under Cal. Bus. and Prof. Code §§ 17200;

e) Whether Defendant's practices constitute an unfair business practice under Cal. Bus. and Prof. Code §§ 17200;

f) Whether Plaintiff is entitled to injunctive relief under Cal. Bus. and Prof. Code §§ 17200;

g) Whether Plaintiff has a legally protected privacy interest in his personal information and whether Defendant violated Plaintiff's California constitutional right of privacy;

h) Whether Defendant has violated Cal. Civ. Code § 1798.85 and whether Plaintiff is entitled to damages; and

i) Whether Defendant is entitled to a declaratory judgment that Defendant is not liable for Plaintiff's claims.

*Defendant's position.* GAP believes it is premature to discuss the legal issues disputed until the Court rules on the parties' pending motions.

## IV. MOTIONS

On December 7, 2007, Defendant filed a Motion for Judgment on the Pleadings, Motion to Strike Plaintiff's Class Allegations and a Request for Judicial Notice. On December 21, 2007, Plaintiff filed oppositions to these motions. On December 28, 2007, Defendant filed its responses in support of these motions.

On December 7, 2008, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim. On December 21, 2007, GAP filed its opposition to this motion. On December 28, 2007, Plaintiff filed his response in support of this motion.

*Plaintiff's position.* Future motions would include motion for class certification, dispositive motions, motions in limine, possible discovery motions, and a motion for a preservation order.

*Defendant's position.* GAP submits that until such time as the Court rules on the pending motions, it is premature to evaluate whether there will be further motion practice before this Court. GAP does not believe that a pre-trial schedule is necessary at this time due to the pending motions.

## V. AMENDMENT OF PLEADINGS

Plaintiff's Class Action Complaint was originally filed on November 13, 2007. Defendant's counterclaim was filed on November 20, 2007. The parties are unable to anticipate at this time the extent to which they may want or be required by the Court to amend their respective pleadings.

## VI. EVIDENCE PRESERVATION

The parties are aware of their obligations to preserve evidence and are taking appropriate steps to preserve all information that could be relevant to this action. Plaintiff will maintain any documents or

materials in his possession that are reasonably likely to be relevant to this action.  Plaintiff requests that Defendant place a litigation hold, including the suspension of any document destruction programs and any deletion of material reasonably likely to be relevant to this action.

Defendant GAP has taken steps to preserve evidence reasonably related to issues reasonably evident in this action, including the preservation of electronically recorded material and the suspension of any document destruction or electronic erasure programs.

### VII.   DISCLOSURES

Plaintiff filed his initial disclosures on February 15, 2007, in accordance with the Order Setting Initial Case Management Conference and ADR Deadlines.  Defendant's position is that initial disclosures are premature until after Judge Conti has ruled on the pending motions.

### VIII.   DISCOVERY

There has been no discovery taken by either of the parties.

*Plaintiff's position.*  Plaintiff anticipates discovery to include interrogatories, document requests, requests for admission, and depositions aimed at discovering, *inter alia*: the security procedures that Defendant and its third-party vendor used to secure Plaintiff and class members' personal information; any perceived and known risks associated with these third-party vendor security protocols; the information that Plaintiff and class members were required to provide to Gap's online application website; the information that was provided to Plaintiff and class members regarding the protection of their personal information; and investigation details of the theft of the laptops containing Plaintiff and Class members' information.

*Defendant's position.*  GAP believes that disclosures are premature in view of the parties' pending motions.

#### A.   Other Discovery Issues

*Plaintiff's position.*  Plaintiff opposes any attempt at the bifurcation of discovery.  Plaintiff is not prepared to assess any limitations on discovery or exceptions thereto with regard to the number and length of depositions, number of interrogatories and the like, at this time. Plaintiff will communicate with Defendant about discovery issues as the case moves forward.

*Defendant's position.* GAP submits that no discovery should proceed prior to the Court's determination of the pending motions. It is premature to submit a schedule of discovery prior to the Court's decision on the pending motions.

## IX. CLASS ACTIONS

*Plaintiff's position.* Plaintiff requests an order setting a deadline of September 5, 2008 for the filing of Plaintiff's motion for class certification, subject to change upon request by any party and approval by the Court or by stipulation of all parties and approval by the Court. Plaintiff proposes October 3, 2008 for Defendant's opposition, and October 17, 2008 for Plaintiff's reply. Plaintiff requests an Order that the Class Certification Hearing be held on October 31, 2008.

*Defendant's position.* One of the three pending motions is GAP's Motion to Strike Plaintiff's Class Allegations. GAP believes that Plaintiff's class allegations are inadequate to maintain a class. Until the time that the Court rules on the pending motions, GAP believes it is premature to address the procedure for dealing with Plaintiff's request for certification of a class.

## X. RELATED CASES

This action arises out of the same facts and appears to be related to *Francis Perez v. The GAP Stores, Inc.*, Case No. 07-33189CA20, pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

## XI. RELIEF

Plaintiff seeks the following forms of relief: a) compensatory damages against Defendant in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law; b) all appropriate injunctive relief under Cal. Bus. and Prof. Code §§ 17200 *et seq.*; c) all appropriate relief under Cal. Civ. Code § 1798.85; d) the reasonable costs and expenses of suit, including attorneys' fees, filing fees; and e) additional legal or equitable relief as this Court may find just and proper.

Defendant through its counterclaim seeks the following relief: (1) an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for negligence; (2) an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his

claim for bailment; (3) an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for violation of California Business & Professions Code §§ 17200 *et seq.*; (4) an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for violation of the California Constitutional Right to Privacy; (5) an order declaring that GAP is not liable to Mr. Ruiz or the putative class he purports to represent on his claim for violation of California Civil Code § 1798.85; (6) an order dismissing Mr. Ruiz's case, and the claims of the putative class he purports to represent; (7) an order awarding GAP its costs and attorneys fees, together with any other relief this Court deems equitable and just.

## XII. SETTLEMENT AND ADR

The parties have filed ADR Certifications and a Stipulation and Proposed Order Selecting ADR Process. Judge Conti signed the order on February 4, 2008. The parties preliminarily agree that mediation is preferable to other forms of ADR for this case. Mark LeHocky has been appointed as the mediator in this case pursuant to the Court's Mediation program. The parties conducted a telephone conference call with Mr. LeHocky on March 5, 2008, and a mediation date has been tentatively set for Monday, April 14, 2008, at 9:00 a.m. at the Morrison & Foerster offices in San Francisco. The parties will hold another conference call on Monday, March 24, 2008 to discuss any relevant developments at the case management conference currently scheduled for March 21, 2008.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Plaintiff's position.* For the sake of judicial efficiency, Plaintiff consents to the appointment of a Magistrate Judge to handle pre-trial proceedings. However, Plaintiff does not consent to a Magistrate Judge for the purposes of trial and entry of judgment.

*Defendant's position.* Defendant opposes the appointment of a Magistrate Judge for any and all purposes.

## XIV. OTHER REFERENCES

*Plaintiff's position.* Plaintiffs believe it is premature at this time to determine whether appointment of a special master is necessary. However, Plaintiff reserves his right to oppose the appointment of a special master to oversee discovery. Plaintiff believes that a referral to the Judicial Panel on Multidistrict is not appropriate at this time as there appears to be only one other related case.

*Defendant's position.* GAP does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

At this stage of the proceedings, the parties are not aware of any issues that can be narrowed by agreement.

### XVI. EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

*Plaintiff's position.* Plaintiff requests the following dates for a discovery and case management scheduling order:

    A. **Class Certification:** Plaintiff requests an order setting a deadline of September 5, 2008 for the filing of Plaintiff's motion for class certification, subject to change upon request by any party and approval by the Court or by stipulation of all parties and approval by the Court. Plaintiff proposes October 3, 2008 for Defendant's Opposition, and October 17, 2008 for Plaintiff's reply. Plaintiff requests an Order that the Class Certification Hearing be held on October 31, 2008.

    B. **Fact Discovery Cut-Off:** Plaintiff proposes September 1, 2008.

    C. **Expert Reports on Behalf of Plaintiffs:** Plaintiff proposes September 1, 2008.

    D. **Expert Report on Behalf of Defendant:** Plaintiff proposes September 15, 2008.

    E. **Deadline for All Expert Discovery**: Plaintiff proposes January 5, 2009.

    F. **Dispositive Motions:** Plaintiff proposes January 30, 2009.

*Defendant's position.* The parties' pending motions were submitted to the Court without a hearing on January 11, 2008. GAP suggests that approximately 60 days from the date that the Court rules on the motions, this Court schedule a new case management conference for the setting of dates, if necessary. GAP does not believe that the Court should adopt a pre-trial schedule at this time due to the pending motions.

## XVIII. TRIAL

Plaintiffs have requested a jury trial of this action. The parties believe it is premature to discuss dates for any possible trial in this case.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed his Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16 and has no interests to report other than his own or of the proposed Class.

Defendant GAP filed a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16 on November 20, 2007.

Dated: March 14, 2007                              Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

 /s/ Mark Punzalan
Mark Punzalan

Rosemary M. Rivas
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: 415.398.8700
Facsimile:  415.398.8704

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street
Suite 4600
Chicago, Illinois 60602

1  Dated: March 14, 2008

WILLIAM L. STERN
CLAUDIA M. VETÉSI
MORRISON & FOERSTER LLP

By /s/ William L. Stern

William L. Stern
Attorneys for Defendant and Counterclaimant
GAP INC.

**CERTIFICATE OF SERVICE**

I, Mark Punzalan, declare:

On March 14, 2008, I served the following document:

**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**

☒ By electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the e-mail address listed below:

William L. Stern, wstern@mofo.com
Claudia M. Vetesi, cvetesi@mofo.com
**MORRISON FOERSTER**
425 Market Street
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on March 14, 2008.

/s/ Mark Punzalan
Mark Punzalan