1   Rosemary M. Rivas (State Bar No. 209147)
    rrivas@finkelsteinthompson.com
2   Mark Punzalan (State Bar No. 247599)
    mpunzalan@finkelsteinthompson.com
3   **FINKELSTEIN THOMPSON LLP**
4   100 Bush Street, Suite 1450
    San Francisco, California 94104
5   Telephone: (415) 398-8700
    Facsimile: (415) 398-8704
6
7   [Additional Counsel Listed on Signature Page]
8   Counsel for Plaintiff Joel Ruiz
9   WILLIAM L. STERN (CA SBN 96105)
    CLAUDIA M. VETÉSI (CA SBN 233485)
10  MORRISON & FOERSTER LLP
    425 Market Street
11  San Francisco, California  94105-2482
    Telephone: 415.268.7000
12  Facsimile:  415.268.7522
    E-mail:  wstern@mofo.com
13
    Attorneys for Defendant
14  GAP INC.
15
16                  UNITED STATES DISTRICT COURT
17                 NORTHERN DISTRICT OF CALIFORNIA
18                     SAN FRANCISCO DIVISION
19

| | |
|---|---|
| 20  JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated, | Case No.    C 07-5739 SC |
| 21                              Plaintiff, | **JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT** |
| 22           v. | |
| 23  GAP, INC., and DOES 1-9 inclusive, | Date:    April 4, 2008 |
|    | Time:    10:00 a.m. |
| 24                              Defendants. | Room:  Courtroom 1, 17th Floor |
|    | Judge:  Honorable Samuel Conti |
| 25 | Complaint filed:    November 13, 2007 |

26
27
28

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action jointly submit this Supplemental Case Management Statement in advance of the Initial Case Management Conference scheduled for April 4, 2008.  The purpose of this supplement is to augment their earlier Joint Initial Case Management Conference Statements, filed February 15, 2008 (Docket #34) and March 14, 2008 (Docket #44) in light of subsequent events.

### COURT'S RULING ON MOTIONS

On March 24, 2008, the Court ruled on several pending motions.  Judge Conti granted in part and denied in part GAP Inc.'s ("GAP") Motion for Judgment on the Pleadings, denied GAP's Motion to Strike Plaintiff's Class Allegations and Request for Judicial Notice, and granted Plaintiff's Motion to Dismiss GAP's Counterclaim.  On GAP's Motion for Judgment on the Pleadings, the Court dismissed the bailment, constitutional right of privacy, and Cal. Bus. and Prof. Code § 17200 claims, but allowed the negligence and the Cal. Civ. Code 1798.85 claims to proceed.

### MEDIATOR CHOSEN

Mark LeHocky has been appointed as the mediator pursuant to the Court's ENE program. Mediation is scheduled for April 15, 2008.

### THE PARTIES PROPOSED CHANGES TO CMC STATEMENT AND ORDER

#### *Plaintiff's Position.*

***Motions.***  Plaintiff anticipates filing a motion for class certification.  Other future motions may include dispositive motions, motions in limine, discovery motions, a motion for a protective order and motion for a document preservation order.

***Discovery Issues.***  Plaintiff anticipates discovery to include interrogatories, document requests, requests for admission, and depositions aimed at discovering, facts relevant to the surviving claims.  This discovery would include *inter alia*:

    a) the steps, policies, and procedures GAP implemented to comply with Cal. Civ. Code § 1798.85;

    b) the security procedures that Defendant and its third-party vendor used to secure Plaintiff and class members' personal information;

c) any perceived and known risks associated with these third-party vendor security protocols;

d) the representations and information that GAP provided to Plaintiff and class members during GAP's online application process;

e) the information that was provided to Plaintiff and class members regarding the protection of their personal information; and

f) details of the theft of the laptops containing Plaintiff and Class members' information.

Plaintiff believes the parties should proceed with discovery immediately on all class certification and merits issues as these are inextricably intertwined. Plaintiff opposes bifurcation of discovery. Courts have recognized that because "information about the nature of the claims on the merits and the proof that they require is important to deciding certification… arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." Manual for Complex Litigation (Fourth) § 21.14 (2006). Here, Defendant's plan for bifurcation is vague and ambiguous and will likely result in discovery disputes requiring persistent court intervention to parse out whether information is merits, class, standing, etc. Moreover, simultaneous briefing of class and summary judgment, as proposed by Gap, is inefficient and could result in notice problems to the putative class. Finally, Plaintiff does not agree to the schedule proposed for the ill-defined "Phase I" and "Phase II" plan. Plaintiff proposes deadlines for motions and discovery below in §IV.

*Disclosures*. Plaintiff filed his initial disclosures on February 15, 2007, in accordance with the Order Setting Initial Case Management Conference and ADR Deadlines.

*Scheduling.* Plaintiff requests the following dates for a discovery and case management scheduling order:

A. **Class Certification:** Plaintiff requests an order setting a deadline of October 5, 2008 for the filing of Plaintiff's motion for class certification, subject to change upon request by any party and approval by the Court or by stipulation of all parties and approval by the Court. Plaintiff proposes November 3, 2008 for

Defendant's Opposition, and November 17, 2008 for Plaintiff's reply.  Plaintiff requests an Order that the Class Certification Hearing be held on December 5, 2008.

  B. **Fact Discovery Cut-Off:** Plaintiff proposes October 1, 2008.

  C. **Expert Reports on Behalf of Plaintiffs:** Plaintiff proposes October 1, 2008.

  D. **Expert Report on Behalf of Defendant:** Plaintiff proposes October 15, 2008.

  E. **Deadline for All Expert Discovery**: Plaintiff proposes February 5, 2009.

  F. **Dispositive Motions:** Plaintiff proposes March 2, 2009.

*Defendant's Position.*

*Motions.*  GAP anticipates filing a motion for summary judgment on Mr. Ruiz's remaining claims of negligence and California Civil Code § 1798.85.  GAP expects to advance two grounds:  (i) As to standing, that Mr. Ruiz cannot prove a cognizable injury because his alleged "increased" risk of identity theft is not actual, imminent or credible, and (ii) as to Section 1798.85, that Mr. Ruiz's social security number was requested only to submit his job application and not to "access any website."  (*See* Order, p. 11 n. 4.)

*Discovery Issues.*  GAP believes that discovery should be bifurcated.  In Phase I, the parties would direct discovery to the class certification, standing, and Section 1798.85 issues, to be followed by motions for class certification (by plaintiffs) and summary judgment (by GAP). GAP proposes adopting the same schedule for both motions that Plaintiffs had previously proposed for class certification, and have it apply to all "Phase I" motions:  September 5, 2008 to file, October 3, 2008 for opposition, October 17, 2008 for reply, and October 31, 2008 for hearing.  The parties would meet and confer to discuss the first phase of discovery, which may include, but is not limited to, document discovery, interrogatories, and the depositions of Mr. Ruiz as well as the individuals who would be submitting declarations in support of GAP's motion.

GAP believes that bifurcating discovery in this manner will encourage the preservation of the Court and the parties' resources and time.  Once the Court has ruled on GAP's motion, the parties can negotiate topics for Phase II, merits discovery.

1        I, William L. Stern, am the ECF user whose ID and password are being used to file this

2   Joint Supplemental Case Management Conference Statement.   In compliance with General Order

3   45.X.B, I hereby attest that Mark Punzalan has concurred in this filing.

4   Dated:  March 28, 2008                    Respectfully submitted,

5                                             **FINKELSTEIN THOMPSON LLP**

6                                                      /s/ Mark Punzalan
                                                       Mark Punzalan
7
                                             Attorneys for Plaintiff Joel Ruiz
8
9                                            Rosemary M. Rivas
                                             100 Bush Street, Suite 1450
                                             San Francisco, California 94104
10                                           Telephone: 415.398.8700
                                             Facsimile:  415.398.8704
11
                                             Mila F. Bartos
12                                           Tracy Rezvani
                                             Karen J. Marcus
13                                           **FINKELSTEIN THOMPSON LLP**
                                             1050 30th Street, NW
14                                           Washington, D.C. 20007
                                             Telephone: 202.337.8000
15                                           Facsimile: 202.337.8090

16                                           *Of Counsel*
                                             Ben Barnow
17                                           **BARNOW AND ASSOCIATES, P.C.**
                                             One N. LaSalle Street
18                                           Suite 4600
                                             Chicago, Illinois 60602
19
20  Dated: March 28, 2008                    WILLIAM L. STERN
                                             CLAUDIA M. VETÉSI
21                                           MORRISON & FOERSTER LLP

22
                                             By          /s/ William L. Stern
23                                                       William L. Stern

24                                           Attorneys for Defendant GAP INC.

25

26

27

28