Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

William L. Stern (State Bar No. 96105)
Claudia M. Vetesi (State Bar No. 233485)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
wstern@mofo.com

Counsel for Defendant GAP Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>            Plaintiff,<br>  vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>            Defendants. | Case No. CV07-05739-SC<br><br>**SUPPLEMENTAL FRCP 26(f) REPORT OF PARTIES' PLANNING CONFERENCE** |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties to the above-entitled action jointly submit this Supplemental FRCP 26(f) Report of Parties' Planning Conference in advance of the Initial Case Management Conference scheduled for April 25, 2008.  The purpose of this supplement is to augment and update the parties' earlier Report of Parties' Planning Conference, filed February 15, 2008 (Docket #36) in light of subsequent events.

## I. RULE 26(a) DISCLOSURES

Plaintiff filed his initial disclosures on February 15, 2008.

Defendant GAP Inc. ("GAP") believes it is premature to discuss initial disclosures until the Court has ruled on whether discovery should be bifurcated.

## II. DISCOVERY

### A. Preservation of Discoverable Information

The parties are aware of their obligations to preserve evidence and are taking appropriate steps to preserve all information that could be relevant to this action.  Plaintiff will maintain any documents or materials in his possession that are reasonably likely to be relevant to this action.  Plaintiff requests that Defendant place a litigation hold, including the suspension of any document destruction programs and any deletion of material reasonably likely to be relevant to this action.

Defendant GAP has taken steps to preserve evidence reasonably related to issues reasonably evident in this action, including the preservation of electronically recorded material and the suspension of any document destruction or electronic erasure programs.

### B. Discovery Plan

Plaintiff believes the parties should proceed with discovery immediately on all class certification and merits issues as these are inextricably intertwined.  Plaintiff opposes bifurcation of discovery.  Courts have recognized that because "information about the nature of the claims on the merits and the proof that they require is important to deciding certification… arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." Manual for Complex Litigation (Fourth) § 21.14 (2006).  Here, Defendant's below plan for bifurcation is vague and ambiguous and will likely result in discovery disputes requiring persistent court intervention to parse out whether information is merits, class,

standing, etc. Moreover, simultaneous briefing of class and summary judgment, as proposed by Gap, is inefficient and could result in notice problems to the putative class. Finally, Plaintiff does not agree to the schedule proposed for the ill-defined "Phase I" and "Phase II" plan.

GAP believes that discovery should be bifurcated. In Phase I, the parties would direct discovery to the class certification, standing, and Section 1798.85 issues, to be followed by motions for class certification (by plaintiffs) and summary judgment (by GAP). GAP proposes adopting the same schedule for both motions that Plaintiff had previously proposed for class certification, and have it apply to all "Phase I" motions: September 5, 2008 to file, October 3, 2008 for opposition, October 17, 2008 for reply, and October 31, 2008 for hearing. The parties would meet and confer to discuss the first phase of discovery, which may include, but is not limited to, document discovery, interrogatories, and the depositions of Mr. Ruiz as well as the individuals who would be submitting declarations in support of GAP's motion. GAP believes that bifurcating discovery in this manner will encourage the preservation of the Court and the parties' resources and time. Once the Court has ruled on GAP's motion, the parties can negotiate topics for Phase II, merits discovery.

### C. Subjects for Discovery

Plaintiff anticipates discovery to include interrogatories, document requests, requests for admission, and depositions aimed at discovering, facts relevant to the surviving claims. This discovery would include, among other things:

    a. the steps, policies, and procedures GAP implemented to comply with Cal. Civ. Code § 1798.85;

    b. the security procedures that Defendant and its third-party vendor used to secure Plaintiff and class members' personal information;

    c. the identity of, and agreements with, the third party vendor used to secure Plaintiff and Class members' personal information;

    d. records of communications between GAP and Class members regarding the Experian Triple Advantage offer;

      e. records of communications between GAP and Class members regarding identity theft;

      f. any perceived and known risks associated with these third-party vendor security protocols;

      g. all representations and information that GAP provided to Plaintiff and class members during GAP's online application process;

      h. all materials in Gap's possession relating to or discussing data breaches or identity theft;

      i. the information that was provided to Plaintiff and class members regarding the protection of their personal information; and

      j. details of the theft of the laptops containing Plaintiff and Class members' information.

Defendant GAP believes that discovery should be bifurcated. In Phase I, the parties would direct discovery to the class certification, standing, and Section 1798.85 issues, to be followed by motions for class certification (by plaintiffs) and summary judgment (by GAP). The parties would meet and confer to discuss the first phase of discovery, which may include, but is not limited to, document discovery, interrogatories, and the depositions of Mr. Ruiz as well as the individuals who would be submitting declarations in support of GAP's motion. Once the Court has ruled on GAP's motion, the parties can negotiate topics for Phase II, merits discovery.

### D. Scheduling

Plaintiff proposes the following discovery deadlines:

      **a. Fact Discovery Cut-Off:** Plaintiff proposes October 1, 2008.

      **b. Expert Reports on Behalf of Plaintiffs:** Plaintiff proposes October 1, 2008.

      **c. Expert Report on Behalf of Defendant:** Plaintiff proposes October 15, 2008.

      **d. Deadline for All Expert Discovery**: Plaintiff proposes February 5, 2009.

Defendant GAP believes it is premature to discuss discovery deadlines until the Court has ruled on whether discovery should be bifurcated.

### E. Electronically Stored Information

Plaintiff will request that Defendant produce all electronically stored information ("ESI") in its natural format with all associated metadata. Plaintiff is willing to work with Defendant to help Defendant identify the best procedure to isolate the relevant ESI and to narrow the scope of production accordingly.

Defendant GAP believes the parties should produce ESI in word-searchable TIFF format.

### F. Privilege Issues

Plaintiff is agreeable to allowing Defendant thirty days after production the right to request any attorney-client privileged information that has been inadvertently produced.

Defendant GAP does not believe there should be a time limit for requesting any attorney-client privileged information that has been inadvertently produced.

### G. Limitations on Discovery

Plaintiff does not request any limitations on discovery at this time, nor does Plaintiff see a need to conduct discovery in phases, as stated above, or to limit or focus discovery to any particular issues.

Defendant GAP believes that discovery should be bifurcated, as discussed above.

## III. OTHER ORDERS

**A. Protective Order:** Plaintiff believes a protective order is appropriate in this matter to ensure the confidentiality of any sensitive information that may be produced by parties and non-parties during the course of the litigation. Plaintiff is willing to work with Defendant to negotiate the details of a proposed protective order for the Court's convenience.

**B. Preservation Order:** Plaintiff will seek a preservation order to request that Defendant preserve any documents or other material reasonably likely to be relevant to this action.

**C. Discovery Referee**: Plaintiff requests the assignment of a magistrate judge to handle any discovery disputes.

GAP believes it is premature to discuss any other orders until the Court has ruled on whether discovery should be bifurcated.

I, Mark Punzalan, am the ECF user whose ID and password are being used to file this Supplemental FRCP 26(f) Report of Parties' Planning Conference. In compliance with General Order 45.X.B., I hereby attest that William L. Stern has concurred in this filing.

Dated: April 18, 2007  Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

 /s/ Mark Punzalan
Mark Punzalan

Rosemary M. Rivas
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: 415.398.8700
Facsimile: 415.398.8704

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, NW
Washington, D.C. 20007
Telephone: 202.337.8000
Facsimile: 202.337.8090

*Of Counsel*
Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street
Suite 4600
Chicago, Illinois 60602

Dated: April 18, 2008  WILLIAM L. STERN
CLAUDIA M. VETÉSI
MORRISON & FOERSTER LLP

 By  /s/ William L. Stern
William L. Stern

Attorneys for Defendant GAP INC.

**CERTIFICATE OF SERVICE**

I, Mark Punzalan, declare:

On April 18, 2008, I served the foregoing document:

☒ By electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the e-mail address listed below:

William L. Stern, wstern@mofo.com
Claudia M. Vetesi, cvetesi@mofo.com
**MORRISON FOERSTER**
425 Market Street
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on April 18, 2008.

/s/ Mark Punzalan
Mark Punzalan

SUPPLEMENTAL REPORT OF PARTIES' PLANNING CONFERENCE
CASE NO. C 07-5739SC