1

Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com

2

Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com

3

FINKELSTEIN THOMPSON LLP

4

100 Bush Street, Suite 1450
San Francisco, California 94104

5

Telephone: (415) 398-8700
Facsimile: (415) 398-8704

6

7

[Additional Counsel Listed on Signature Page]

8

Counsel for Plaintiff JOEL RUIZ

9

WILLIAM L. STERN (CA SBN 96105)
CLAUDIA M. VETÉSI (BAR NO. 233485)

10

MORRISON & FOERSTER LLP
425 Market Street

11

San Francisco, California  94105-2482
Telephone: 415.268.7000

12

Facsimile:  415.268.7522
E-mail:  wstern@mofo.com

13

14

Attorneys for Defendant
GAP INC.

15

16

17

UNITED STATES DISTRICT COURT

18

NORTHERN DISTRICT OF CALIFORNIA

19

SAN FRANCISCO DIVISION

20

21

JOEL RUIZ, On Behalf of Himself and All Others
Similarly Situated,

22

Plaintiff,

23

24

v.

25

GAP, INC., and DOES 1-9 inclusive,

26

Defendants.

| Case No.    C 07-5739 SC |
| --- |
| **STIPULATED CONFIDENTIALITY ORDER** |
| Judge:  Honorable Samuel Conti |
| Complaint filed:    November 13, 2007 |

27

28

1    IT IS HEREBY STIPULATED AND AGREED, by and among the parties, by and

2    through their respective undersigned counsel that, subject to the approval of the Court, a

3    Confidentiality Order shall issue in this action regarding certain information, documents, and

4    other materials produced during discovery.  The parties hereto intend to produce and seek the

5    production of documents, information, and other materials, and intend to respond to written

6    discovery and provide and elicit certain testimony which may contain or reveal proprietary,

7    secret, or sensitive financial, business or trade secret or commercial information, and other

8    sensitive or proprietary information.  The parties desire that such confidential material be

9    protected by virtue of designating such material as confidential and restricting its dissemination.

10   This stipulation and order is without prejudice to any party's moving the Court for different or

11   additional protection for specified materials or categories of materials.

12                                   **DEFINITIONS**

13   1.   As used in this Confidentiality Order,

14        a.   "Designating Party" means any Person, including third parties, who designates

15   Material as Confidential or Confidential Attorney's Eyes Only Material.

16        b.   "Discovering Counsel" means counsel of record for a Discovering Party.

17        c.   "Discovering Party" means the Party to whom Material is being provided by a

18   Producing Party.

19        d.   "Expert" means a person with specialized knowledge or experience in a matter

20   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

21   witness or a consultant in this action and who is not a past or a current employee of a Party and

22   who, at the time of retention, is not anticipated to become an employee of a Party.  This definition

23   includes a professional jury or trial consultant retained in connection with this litigation.

24        e.   "Material" means any document, testimony or information in any form or medium

25   whatsoever, including, without limitation, any written, printed, or electronic matter provided in

26   this action after the date of this Confidentiality Order.  "Material" shall include information

27   contained in such documents, testimony, or other matter.

28

1    f.   "Party" or "Parties" means one or more of the Parties to this action, their attorneys

2    of record and their agents.

3    g.   "Person" means any individual, corporation, partnership, organization,

4    unincorporated association, governmental agency, or other business or governmental entity.

5    h.   "Producing Party" means any Person who Provides Material during the course of

6    this action.

7    i.   "Provide" means to produce any Material, whether voluntarily or involuntarily,

8    whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil

9    Procedure or otherwise.

10                               **CONFIDENTIAL DESIGNATION**

11    2.   A Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS

12    EYES ONLY" any material that the Party, by his/her attorney, has in good faith determined to

13    contain or disclose any of the following, and for which the Producing Party has in fact

14    consistently treated as such:

15    a.   "Confidential Material" is Material that a Party in good faith believes constitutes,

16    contains or reveals proprietary, secret, or sensitive financial, business, trade secret, technical or

17    commercial information that is protected by law, the disclosure of which would likely cause harm

18    to the Party or Person from whom the Material was obtained.

19    b.   "Confidential – Attorneys' Eyes Only Material" is Material that a Party in good

20    faith believes constitutes, contains or reveals highly proprietary, secret, or sensitive financial,

21    business, trade secret, technical or commercial information, the disclosure of which would create

22    a substantial risk of serious injury to the Party from whom the Material was obtained.

23    3.   A Producing Party may designate as "CONFIDENTIAL or CONFIDENTIAL –

24    ATTORNEYS' EYES ONLY" Materials that the Producing Party in good faith believes are

25    entitled to protection pursuant to the standards set forth in Paragraph 2 of this Confidentiality

26    Order.  Subject to Paragraph 17 of this Confidentiality Order, a Producing Party may designate

27    Confidential or Confidential Attorneys' Eyes Only Material for Protection under this

28    Confidentiality Order by any of the following methods:

STIPULATED CONFIDENTIALITY ORDER  C 07-5739 SC                                    3
sf-2507249

1      a.   By identifying the Material with reasonable specificity before permitting the

2   Discovering Counsel to inspect it or to make a copy of it; or

3          b.   By physically marking it with the following inscription prior to Providing it to a

4   Party:  "CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY;" or

5          c.   If a Party produces Materials for inspection prior to copying, no marking need be

6   made by the Producing Party in advance of the inspection.  For purposes of the initial inspection,

7   all Material shall be considered marked as Confidential – Attorneys' Eyes Only Material.

8   Thereafter, upon selection of specified Material for copying by the inspecting Party, the

9   Producing Party shall mark the copies of such Material with the appropriate confidentiality

10  designation, if any, at the time that the copies are Provided to the Discovering Party.

11         d.   Any Party that in good faith believes Material contains Confidential or

12  Confidential – Attorneys' Eyes Only Material of that Party may so designate such Material,

13  notwithstanding that they were produced by a different Party.

14      4.   Before the production of discoverable documents, the Parties have the right to redact

15  personal information, such as names, addresses, social security numbers, credit card numbers,

16  financial account numbers, or any account passwords, from the otherwise discoverable document

17  in order to safeguard the privacy of non-Party individuals.

18              **USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

19      5.   Confidential and Confidential – Attorneys' Eyes Only Material shall not be disclosed

20  to any Person other than those described in Paragraphs 8 and 9 of this Confidentiality Order and

21  other than in accordance with the terms, conditions and restrictions of this Confidentiality Order.

22      6.   Confidential Material and Confidential – Attorneys' Eyes Only Material Provided by a

23  Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone

24  other than the Producing Party, specifically including the persons identified in Paragraphs 8 and

25  9, for any purpose other than the litigation of the above-captioned action or any appeal thereof,

26  including, without limitation any personal, business, governmental, commercial, or litigation

27  (administrative or judicial) purpose, other than the prosecution or defense of the above-captioned

28  action or any appeal thereof.

7.   All Confidential and Confidential – Attorneys' Eyes Only Material shall be kept secure by Discovering Counsel and access to such Material shall be limited to persons authorized pursuant to Paragraphs 8 and 9 of this Confidentiality Order.

8.   For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Confidentiality Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL only to the following Persons:

a.   Counsel of record for the Parties in this proceeding, including paralegals, assistants, secretaries, clerical staff or other employees of counsel of record who are assisting counsel of record in this action;

b.   Court reporters and their staff engaged by the Court or by the Parties;

c.   The Court and any Person employed by the Court whose duties require access to Confidential Material;

d.   Witnesses at depositions, pre-trial proceedings or trial, in accordance with procedures set forth in Paragraphs 13-15;

e.   Outside photocopy, imaging, database, graphics, and design services retained by counsel of record, to the extent necessary to assist such counsel in this litigation;

f.   Plaintiff;

g.   Defendant;

h.   Non-Party Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees, including copy services, who are actively assisting in the preparation of this action subject to execution of a Certification according to Exhibit A and disclosure according to the procedure set forth in Paragraphs 11 and 12;

i.   Jury Consultants and mock jurors subject to execution of a Certification according to Exhibit A and disclosure according to the procedure set forth in Paragraphs 11 and 12; and

The Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to Persons who have a reasonable need for access thereto.

9.   For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Confidentiality Order, Confidential – Attorneys' Eyes Only Material produced

by a Party shall be disclosed only to those persons listed in Paragraph 8 (a), (b), (c), (d), and to persons designated under Paragraph 8(h) provided that such Experts or consultants are disclosed to the Producing Party as provided for in Paragraphs 11 and 12 and execute a Certification in the form of Exhibit A.

10. Copies, extracts and translations of Confidential and Confidential – Attorneys' Eyes Only Material may be made by or for the Persons authorized to have access to Material designated under this Confidentiality Order, provided that all copies, extracts and translations are appropriately marked "CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY." All copies, extracts and translations are subject to Paragraph 15 of this Confidentiality Order.

**DISCLOSURE OF CONSULTANTS AND CERTIFICATION TO BE BOUND BY CONFIDENTIALITY ORDER**

11.  Before Discovering Counsel may disclose Confidential or Confidential – Attorneys' Eyes Only Material to any Person described in subparagraph 8(h) above, the Person to whom disclosure is to be made shall read a copy of this Confidentiality Order, shall evidence his or her agreement to be bound by its terms, conditions, and restrictions by signing a certification in the form attached hereto as Exhibit A (the "Certification") and shall retain a copy of this Confidentiality Order, with a copy of his or her signed Certification attached.  Discovering Counsel shall keep a copy of the signed Certification for each Person described in subparagraph 8(h) to whom Discovering Counsel discloses Confidential and Confidential – Attorneys' Eyes Only Material.

12.  Before disclosing any Confidential or Confidential – Attorneys' Eyes Only Material to any Person described in subparagraph 8(h) above, Discovering Counsel shall provide to the other Party a copy of a resume or curriculum vitae describing in detail the Expert or consultant's employment history and every consulting relationship in which such Expert or consultant is currently engaged or has been engaged in the past five (5) years and all work relating to the retail business, privacy or information security.  The notified Parties shall have ten (10) business days from receipt of the Notice to deliver to the notifying Party written objections, if any, setting forth in detail the reasons therefore.  Absent timely objection, the Expert or consultant shall be deemed

1  approved.  Upon timely objection, disclosure of designated Material to the Expert or consultant

2  shall not be made, subject to a ruling on a motion for relief brought by the Designating Party

3  which motion must be brought within ten (10) business days from receipt of the Notice.

4  **DEPOSITIONS**

5       13.  Those portions of depositions taken by any Party at which any Confidential or

6  Confidential – Attorneys' Eyes Only Material is used or inquired into, may not be conducted in

7  the presence of any Persons other than (a) the deposition witness, (b) his or her counsel, and

8  (c) Persons authorized under Paragraphs 8 and 9 of this Confidentiality Order to view such

9  Material.

10       14.  Counsel for any deponent may designate testimony or exhibits as Confidential or

11  Confidential – Attorneys' Eyes Only Material by indicating on the record at the deposition that

12  the testimony of the deponent or any exhibits to his or her testimony are to be treated as

13  Confidential Material or Confidential – Attorney's Eyes Only.  Counsel for any Party may

14  designate any exhibit in which that Party has a cognizable interest as Confidential and

15  Confidential – Attorneys' Eyes Only Material by indicating on the record at the deposition that

16  such exhibit is to be treated as Confidential or Confidential – Attorneys' Eyes Only Material.

17  Failure of counsel to designate testimony or exhibits at deposition, however, shall not constitute a

18  waiver of the confidential status of the testimony or exhibits.  Within thirty (30) calendar days of

19  receipt of the transcript of the deposition counsel shall be entitled to designate specific testimony

20  or exhibits as Confidential or Confidential – Attorneys' Eyes Only Material.  If counsel for the

21  deponent or Party fails to designate the transcript or exhibits as Confidential or Confidential –

22  Attorneys' Eyes Only within the thirty (30) day period, any other Party shall be entitled to treat

23  the transcript or exhibits as non-confidential material.

24       15.  When Material disclosed during a deposition is designated Confidential or

25  Confidential – Attorneys' Eyes Only Material at the time testimony is given, the reporter shall

26  separately transcribe those portions of the testimony so designated, shall mark the face of the

27  separate transcript in accordance with Paragraph 4 as directed by the Designating Party, and shall

28  maintain that portion of the transcript or exhibits in separate files marked to designate the

1    confidentiality of their contents.  The reporter shall not file or lodge with the Court any

2    Confidential or Confidential – Attorneys' Eyes Only Material without obtaining written consent

3    from the Party that made such designation.  For convenience, if a deposition transcript or exhibit

4    contains repeated references to Confidential or Confidential – Attorneys' Eyes Only Material

5    which cannot conveniently be segregated from non-confidential material, any Party may request

6    that the entire transcript or exhibit be maintained by the reporter as Confidential or Confidential –

7    Attorneys' Eyes Only Material.

8    **USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS**

9        16.  If any Party files with the Court any pleading, discovery response, affidavit, motion,

10    brief, or other paper containing, appending, summarizing, excerpting or otherwise constituting

11    Confidential or Confidential – Attorneys' Eyes Only Material, the pleading or other paper

12    containing the Confidential or Confidential – Attorneys' Eyes Only Material shall be filed under

13    seal pursuant to the Local Rules of the United States District Court of the Northern District of

14    California.

15                          **OBJECTIONS TO DESIGNATION**

16        17.  Any Party may at any time notify the Designating Party in writing of its contention

17    that specified Material designated as Confidential or Confidential – Attorneys' Eyes Only

18    Material is not properly so designated because such Material does not meet the standards set forth

19    in Paragraph 3 of this Confidentiality Order.  The Designating Party shall within ten (10) court

20    days, meet and confer in good faith with the Party challenging the designation in an attempt to

21    resolve such dispute.  The challenging Party shall have twenty (20) calendar days from the

22    conclusion of the meet and confer to file a motion challenging the designation of the Material in

23    question.  If no motion is filed within that 20-day period, or any mutually agreed to extension of

24    time, all Parties shall treat the Material as designated.  If a motion challenging the designation is

25    filed, the challenging Party must show by a preponderance of the evidence that there is no good

26    cause for the designation as Confidential or Confidential – Attorneys' Eyes Only Material.

27    Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this

28

1    Confidentiality Order shall continue to treat the Material that is the subject of the motion

2    according to its designation.

3        18.  If any Material that a Party claims in good faith is Confidential or Confidential –

4    Attorneys' Eyes Only Material is inadvertently disclosed to a Discovering Party without being

5    properly designated, the Producing Party may notify each Discovering Party that such Material

6    was inadvertently Provided without designation and the reasons therefore.  Such written notice

7    shall identify with specificity the Material the Producing Party is then designating to be

8    Confidential or Confidential – Attorneys' Eyes Only Material.  If the Producing Party gives such

9    written notice as provided above, its claims of confidentiality shall not be deemed to have been

10   waived by its failure to designate properly the Material prior to disclosure.  Upon receipt of

11   written notice as provided for herein, the receiving party shall mark the original and all known

12   copies of the Material with the proper designation.  In addition, the Discovering Party shall use its

13   best efforts to ensure that the Material that was inadvertently disclosed is thereafter restricted to

14   only those persons entitled to receive Confidential or Confidential – Attorneys' Eyes Only

15   Material under the terms set forth herein.

16       19.  Counsel shall exert their best efforts to identify Material protected by the attorney-

17   client privilege or the work product doctrine prior to the disclosure of any such information or

18   Material.  The inadvertent production of any Material shall be without prejudice to any claim that

19   such Material is protected by the attorney-client privilege or protected from discovery as work

20   product, and no Party shall be held to have waived any rights thereunder by inadvertent

21   production.  If within a reasonable time after Material is disclosed, a Producing Party asserts that

22   such information or material is protected by the attorney-client privilege or work product doctrine

23   and was inadvertently Provided, the Discovering Party shall take prompt steps to ensure that all

24   known copies of such Material are returned promptly to the Producing Party.  The cost, if any, for

25   returning such Materials by the Discovering Party shall be borne by the Producing Party.  The

26   Parties may thereafter contest such claims of privilege or work product as if the Material had not

27   been Provided but shall not assert that a waiver occurred as a result of the production.

28

20.  In the event any Confidential or Confidential – Attorneys' Eyes Only Material is disclosed, through inadvertence or otherwise, to any Person not authorized under this Confidentiality Order, the disclosing Party shall promptly:  (a) inform such person of the provisions of this Confidentiality Order; (b) advise the Designating Party of the identity of any Confidential or Confidential – Attorneys' Eyes Only Material so disclosed and the identity of the person(s) to whom it was disclosed; and (c) make all reasonable efforts to retrieve all copies of such Material.

## RETURN OF MATERIAL

21.  Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of the Producing Party) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted.  In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which constitutes or contains Confidential or Confidential – Attorneys' Eyes Only Material together with all of the signed Certifications they are required to preserve pursuant to Paragraphs 11 and 12 above.  Counsel shall not make use of such Material except in connection with any action arising directly out of the above captioned action, or pursuant to a court order for good cause shown.  The obligation of this Confidentiality Order shall survive the termination of this action.  To the extent that Confidential or Confidential – Attorneys' Eyes Only Material is, or becomes, known to the public through no fault or action of the Discovering Party, the Discovering Party may notify the Producing Party in writing of its contention that the specified Material shall no longer be subject to the terms of this Confidentiality Order.  The Designating Party shall within ten (10) court days, meet and confer in good faith with the Discovering Party in an attempt to resolve any dispute over whether the Material is still subject to the terms of this Confidentiality Order.  The Discovering Party shall have twenty (20) calendar days from the conclusion of the meet and confer to file a motion challenging the applicability of

1   the Confidentiality Order to the Material.  Upon request, counsel for each Party shall verify in

2   writing that they have complied with the provisions of this paragraph.

3                                     **THIRD PARTIES**

4       22.  Should either Party to this action seek discovery from a non-Party, the non-Party shall

5   be notified of the existence of this Confidentiality Order and provided with a copy at the same

6   time as such discovery is sought.  Such non-Party or any Party may designate Material in the non-

7   Party's possession in accordance with the provisions of this Confidentiality Order, the Parties and

8   all Persons eligible to receive Materials designated under this Confidentiality Order shall treat

9   designated Material in the same manner as documents designated by Parties to this action, and the

10  non-Party shall have all the same rights and protections provided in this Confidentiality Order

11  with respect to its Confidential and Confidential – Attorneys' Eyes Only Material as provided to

12  the Parties.

13      23.  If any Person or Party receives a subpoena from a non-Party or a court or

14  administrative agency that potentially calls for the production of Confidential or Confidential –

15  Attorneys' Eyes Only Material, the Person or Party receiving the subpoena shall promptly notify

16  and provide a copy of the subpoena to the Designating Party within ten (10) business days of

17  receipt of the subpoena (or as soon as reasonably possible before the designated date for

18  production if the return date on the subpoena is less than ten days from the date of receipt).  This

19  paragraph shall apply to Confidential Information obtained by a Person or Party under the terms

20  of the Confidentiality Order, or Confidential Information that is held by a Person or Party under

21  an obligation of confidentiality to another Party or non-Party.  The Person or Party receiving the

22  subpoena shall produce designated Material unless the Designating Party seeks an order of this

23  Court to prevent its disclosure within ten (10) business days of receiving notice of the subpoena

24  or before the designated date of production if the return date on the subpoena is less than ten days

25  from the date of receipt and the receiving Person or Party is unable in good faith to negotiate an

26  extension of time.  The Person or Party subpoenaed shall also inform the subpoena's issuer of this

27  Confidentiality Order.

28

1

**NO PREJUDICE**

2        24.  Nothing in this Confidentiality Order shall preclude any Party from seeking and

3    obtaining additional protection with respect to the confidentiality of discovery by further Orders.

4        25.  This Confidentiality Order shall not diminish any existing obligation or right with

5    respect to designated Material, nor shall it prevent a disclosure to which the Designating Party

6    consents in writing before the disclosure takes place.

7        26.  Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a

8    designation under this Confidentiality Order shall not be admissible for any purpose during any

9    proceeding on the merits of this action.

10        27.  A Party may seek by written agreement or court order to make late designations of

11    material otherwise entitled to protection under this Confidentiality Order if the Party failed to

12    make a timely designation through mistake or inadvertence and failed to correct such error within

13    a reasonable time in accordance with the requirements of Paragraph 14.

14

**SCOPE OF THIS ORDER**

15        28.  Nothing in this Confidentiality Order shall be deemed to limit, prejudice, or waive

16    any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to

17    obtain additional or different protection for, Material claimed to be protected work product or

18    privileged under California or federal law, Material as to which the Producing Party claims a

19    legal obligation not to disclose, or Material not required to be provided pursuant to California or

20    federal law; (b) to seek to modify or obtain relief from any aspect of this Confidentiality Order;

21    (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or

22    not designated in whole or in part as Confidential or Confidential – Attorneys' Eyes Only

23    Material governed by this Confidentiality Order; or (d) otherwise to require that discovery be

24    conducted according to governing laws and rules.

25        29.  Designation of Material as Confidential or Confidential – Attorneys' Eyes Only

26    Material on the face of such Material shall have no effect on the authenticity or admissibility of

27    such Material at trial.

28

STIPULATED CONFIDENTIALITY ORDER  C 07-5739 SC                    12
sf-2507249

30.  This Confidentiality Order shall not preclude any Person from waiving the applicability of this Confidentiality Order with respect to any Confidential or Confidential – Attorneys' Eyes Only Material Provided by that Person or using any Confidential or Confidential – Attorneys' Eyes Only Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

31.  This Confidentiality Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential or Confidential – Attorneys' Eyes Only Material designated by that Party.

**SUBMISSION TO COURT**

32.  The Parties agree to submit this Confidentiality Order to the Court for adoption as an order of the Court.

33.  The Parties reserve the right to seek, upon good cause, modification of this Confidentiality Order by the Court.

34.  This Confidentiality Order may be executed in counterparts.

I, William L. Stern, am the ECF user whose ID and password are being used to file this Stipulated Confidentiality Order.  In compliance with General Order 45.X.B, I hereby attest that Tracy D. Rezvani has concurred in this filing.

Dated:  June 26, 2008                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By:  /s/ Tracy D. Rezvani_____
Mila F. Bartos
Tracy D. Rezvani *(pro hac vice)*
Karen L. Marcus
1050 30th Street, NW
Washington, D.C.  20007
Telephone: 202.337.8000
Facsimile:  202.337.8090

1                                           Rosemary M. Rivas
Mark Punzalan

2                                           **FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450

3                                           San Francisco, California  94104
Telephone: 415 398-8700

4                                           Facsimile: 415 398.8704

5                                           *Of Counsel*
Ben Barnow

6                                         **BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street

7                                         Suite 4600

8                                         Chicago, Illinois 60602
Attorneys for Plaintiff JOEL RUIZ

9

10
Dated: June 26, 2008                   WILLIAM L. STERN

11                                         CLAUDIA M. VETÉSI
MORRISON & FOERSTER LLP

12

13

14                             By: _____/s/ William L. Stern_____
                                         William L. Stern

15                                 Attorneys for Defendant GAP INC.

16

17

18

19                                     IT IS SO ORDERED

20

21                                       Judge Samuel Conti

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4   Dated: _____

5

6   _____
                          The Honorable Samuel Conti
7                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

CERTIFICATION

4        I, _____ (print or type name), hereby certify that

5  I have read the "Stipulated Confidentiality Order" in the action entitled *Ruiz v. GAP, Inc.*, No. C

6  07-5739 SC, prior to receiving any Confidential or Confidential – Attorneys' Eyes Only Materials

7  as defined therein, that I understand the terms and effect of that Order, and that I agree to be

8  bound thereby.  I acknowledge and agree that the terms of the Confidentiality Order are

9  enforceable against me as a contract by any party both during and after the conclusion of this

10  proceeding.  I further agree to submit to the jurisdiction of the United States District Court for the

11  Northern District of California, in connection with that Order.

12        I understand that the Confidentiality Order, among other things, prohibits the use of any

13  information designated as confidential for any purpose other than these proceedings, and further

14  that I am prohibited from disclosing confidential information (or any copies, extracts, summaries

15  or information otherwise derived from such information) to any other person except as

16  specifically provided for in the Confidentiality Order.

17        I understand that all Confidential or Confidential – Attorneys' Eyes Only Materials, as

18  defined in the Order, including, but not limited to any copies thereof or notes or other

19  transcriptions made therefrom, shall be maintained in a secure manner and shall be returned upon

20  termination of my services in this action, but in no event within 30 days following the termination

21  of this litigation, including all appeals.

22        I declare the foregoing under penalty of perjury under the laws of the State of California.

23  DATED: _____        SIGNED: _____

24

25

26

27

28