**EXHIBIT A**

**EXHIBIT A-1**

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 7, 2008

Writer's Direct Contact
415.268.7637
WStern@mofo.com

Via Telefacsimile [(312) 641-5504 / (202) 337-8090] and Regular Mail

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602

Tracy D. Rezvani
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, DC 20007

Re:    *Joel Ruiz v. Gap Inc.*

Dear Ben and Tracy:

This letter is to meet-and-confer regarding a proposed Stipulation prior to Defendants' filing of a motion. Mr. Ruiz made clear in his deposition that he himself has not experienced any identity theft, and that this lawsuit is brought only on behalf of persons similarly situated, i.e., persons who have been exposed to an increased risk of identity theft but who have not actually experienced identity theft as a result of the incident. Gap is unaware of anyone in the latter category, but whether or not there are, my point is narrower—that doesn't describe Mr. Ruiz's circumstance.

For that reason, plaintiffs should amend the class definition to exclude anyone who has experienced identity theft as a result of the incident. We would hope this proposal will be non-controversial. Please let me know by close of business on Friday, July 11 whether plaintiffs will agree.

Sincerely,

*Will*

William L. Stern

cc:    Mark Punzalan

sf-2542096

**EXHIBIT A-2**



# FINKELSTEIN THOMPSON LLP

July 14, 2008

Reply to Washington, D.C.
Writer's Direct E-Mail: trezvani@finkelsteinthompson.com

<u>VIA FAX</u>

William L. Stern
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105-2482

RE:    *Ruiz, et al. v. Gap, Inc.*

Dear Will:

This is in response to your letter dated July 7, 2008. As Mark Punzalan explained by email dated July 11, 2008, my vacation last week delayed my ability to respond within the deadline you set. In your letter, you request a premature class redefinition based on a misapprehension of the deposition testimony given by Joel Ruiz. We cannot agree to your request for the following reasons:

First, your letter is styled as a "meet and confer" letter to avoid motions practice on the issue of the class definition. Your client has already taken a premature shot at the class issue which was rejected by the Court as untimely. Moreover, the parties have been ordered by the Court to commence motions practice on the issue of class certification (which includes an analysis of the class definition) by October 31, 2008. This schedule has been set and was done so at the parties' joint request which took into account the very real need for discovery to flesh out the issues and help shape the class motion. In short, your request is premature and ignores the scheduling order.

Second, your request for a new and limited class definition came seven days after your discovery production was due but not yet served. Thus, you asked us to advise Mr. Ruiz on a significant and substantive change before the first document was received. Putting aside that your discovery production is late, the first part of your "rolling production", coincidentally, began arriving the afternoon of July 11, 2008 – the deadline you placed for this response. If our review of discovery leads us to believe the class definition should be modified, we would do so at the appropriate time.

Finally, although Mr. Ruiz did testify that he had not yet suffered any identity theft, there is no testimony that he wanted to so limit his representation of a class of Gap applicants to those who had not suffered any identity theft. So the premise of your request, Ruiz's intent and understanding of his limited representation, is not borne by the

1050 30TH STREET, NW • WASHINGTON, DC 20007 • PHONE: 202.337.8000 • FAX: 202.337.8090 • TOLL-FREE: 877.337.1050

100 BUSH STREET • SUITE 1450 • SAN FRANCISCO, CA 94104 • PHONE: 415.398.8700 • FAX: 415.398.8704 • TOLL-FREE: 877.800.1450
WWW.FINKELSTEINTHOMPSON.COM



testimony or record. If you see his testimony as otherwise, please respond with the page/line citation.

I trust this issue can rest until later this year when the discussion of the class definition is appropriately before the Court. If however, you would like to discuss this further, please give me a call.

Sincerely,

*Tracy Rezvani*

Tracy D. Rezvani

Cc:     Ben Barnow
        Mark Punzalan

**EXHIBIT A-3**

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 15, 2008

Writer's Direct Contact
415.268.7637
WStern@mofo.com

Via e-mail [trezvani@finkelsteinthompson.com] and Regular Mail

Tracy D. Rezvani
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, DC 20007

Re:    *Joel Ruiz v. Gap Inc.*

Dear Tracy:

This letter is to respond to your letter of July 14.  It appears we do not agree and that plaintiff may have misunderstood my July 7 letter.

Taking your last point first, Mr. Ruiz admitted in deposition exactly what you say, namely, "that he had not yet suffered any identity theft."  Based on that admission, he cannot represent a class of hypothetical persons who did suffer identify theft.  (I use the term "hypothetical" because this is an "empty set.")  Whether Mr. Ruiz "wanted" to limit his representation to those who were similarly-situated to him is not the point; that is a legal question, not a factual one.  He doesn't get to decide if he wants to represent a subgroup of which he is not himself a member.

Your first point is also not well taken.  In his "Civil Minutes" (Docket #52), Judge Conti set December 5 as the last date for hearing class certification and summary judgment.  He did not prohibit those or any other motions from being heard sooner, and he did not prohibit other motions provided the date is clear on his calendar.  In short, Judge Conti did not stay discovery pending the outcome of the defense motions, as we had asked, but neither did he stay the defense's motions while discovery was proceeding, which is what your letter suggests.  The Civil Minutes do not support that.

Third, your point about document discovery is wrong.  The reason plaintiff should amend the class definition is because Mr. Ruiz admits he was not harmed.  Either he did or he did not suffer ID theft; nothing in Gap's discovery or document production is going to change that.  Gap wouldn't know that; only Ruiz would.

sf-2546257

MORRISON | FOERSTER

Tracy D. Rezvani
July 15, 2008
Page Two

As currently structured and as the Complaint itself recites, this is an "increased risk" class action. Your complaint does not even allege claims on behalf of an injured class, only an "increased risk" class. We are not asking plaintiff to "give up" anything, rather, we are asking that you clear up the ambiguity you created by acknowledging that claims asserting relief on behalf of actual *injured* persons have no business being part of this lawsuit.

I invite you to reconsider and amend the class notice to exclude anyone who has suffered identity theft. If not, we will file our motion.

Sincerely,

William L. Stern

cc:   Ben Barnow, Mark Punzalan

sf-2546257

**EXHIBIT A-4**



# FINKELSTEIN THOMPSON LLP

July 22, 2008

Reply to Washington, D.C.
Writer's Direct E-Mail: trezvanl@finkelsteinthompson.com

**VIA FAX**

William L. Stern
**Morrison & Foerster LLP**
425 Market Street
San Fancisco, CA 94105-2482

RE:   *Ruiz, et al. v. Gap, Inc.*

Dear Will:

We've reviewed your letters and it seems that we have a fundamental difference of opinion on the proper timing and vehicle to raise, address, and settle the issues related to class certification. So at this point, we have to agree to disagree.

Gap seems to prefer a piecemeal approach to class certification choosing class definition first and then perhaps raising the other elements of Rule 23 over the ensuing months. Plaintiff believes it far more efficient to substantially complete discovery and present all the issues in an informed manner in one motion to the Court for determination. We feel that if, after a substantial amount of discovery is complete, a change to the class definition should be made, it can be made in the class motion with a subsequent amendment to the pleading as you suggest. However, it is our opinion that the issue is not yet ripe.

You allude to an upcoming motion on this issue. I will note that if Court again rejects Gap's motion as untimely, I will ask the Court for costs associated with defending the second defensive motion on the issue of class certification. We feel this is fair given that courts generally do not prefer premature and piecemeal litigation.

In closing, we ask that your client hold off on any premature and piecemeal litigation dealing with the issue of class certification until a time the record is more complete and the issues can be properly brought. Please call me if we can discuss this further.

Sincerely,

Tracy D. Rezvani

1050 30TH STREET, NW • WASHINGTON, DC 20007 • PHONE: 202.337.8000 • FAX: 202.337.8090 • TOLL-FREE: 877.337.1050

100 BUSH STREET • SUITE 1450 • SAN FRANCISCO, CA 94104 • PHONE: 415.398.8700 • FAX: 415.398.8704 • TOLL-FREE: 877.800.1450

WWW.FINKELSTEINTHOMPSON.COM

Cc:    Ben Barnow
       Mark Punzalan