**EXHIBIT C**

Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No. CV07-05739-SC<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** DEFENDANT GAP, INC.

**RESPONDING PARTY:** PLAINTIFF JOEL RUIZ

**SET NUMBER:** ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the Court, Plaintiff Joel Ruiz ("Plaintiff") submits these Objections and Responses to Defendant Gap, Inc.'s ("Defendant" or "Gap") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

### A.   Right to Supplement or Modify Responses

Plaintiff is providing information in good faith as Plaintiff interprets and understands these Interrogatories. Plaintiff reserves the right to supplement or amend his objections and responses if further responsive information becomes available or if errors are discovered.

### B.   No Admissions

A response to any of the Interrogatories does not constitute an admission by Plaintiff that he agrees with Defendant's characterizations or definitions contained therein, or that the information sought is relevant to the claim or defense of any party.

## GENERAL OBJECTIONS

Plaintiff objects to each and every Interrogatory on the basis of the following General Objections, which are incorporated into Plaintiff's responses to each Interrogatory below as if fully set forth:

### A.   Expansion of Obligations Under the Federal Rules of Civil Procedure

Plaintiff objects to each and every Interrogatory on the grounds, and to the extent that, it is inconsistent with, or enlarges upon, obligations imposed upon Plaintiff by the Federal Rules of Civil Procedure.

### B.   Privileged or Protected Material

Plaintiff objects to each and every Interrogatory on the grounds, and in that, it seeks information: (a) that is protected from discovery pursuant to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege; (b) that was prepared in anticipation of litigation; (c) that is protected by Plaintiff's constitutional right to privacy, or (d) that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, relevant federal procedural rules,

1   or relevant case law.

2       **C.    Legal Conclusion**

3

4       Plaintiff objects to each and every Interrogatory on the grounds, and to the extent that, it

5   requires Plaintiff to draw a legal conclusion.

6       **D.    Overbreadth**

7       Plaintiff objects to each and every Interrogatory on the grounds, and to the extent that, it

8   overly broad as it has no time or geographic limitations and/or fails to relate to the allegations

9   contained in Plaintiff's Class Action Complaint ("Complaint").

10      **E.    Duplication**

11

12      Plaintiff objects to each and every Interrogatory on the grounds, and to the extent that, it seeks

13  information, documents or other materials that are within the possession, custody, or control of

14  Defendant, and/or their counsel, and/or that are publicly available.

15      **F.    Relevance**

16

17      Plaintiff objects to each and every Interrogatory on the grounds, and to the extent that, it seeks

18  information that is not relevant to the claims or defenses of any party to this action, nor reasonably

19  calculated to lead to the discovery of admissible evidence.

20      **G.    Undue Burden**

21      Because the Interrogatories are overly broad and seek irrelevant information, they place an

22  undue burden on Plaintiff.  Thus, Plaintiff objects to each and every Interrogatory on the grounds, and

23  to the extent that, it is unduly burdensome.

24      **H.    Vagueness and Ambiguity**

25

26      Plaintiff objects to each and every Interrogatory on the grounds, and to the extent that, it

27  vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

28

## I.    **Premature Contentions**

Plaintiff objects to each and every Interrogatory on the grounds, and to the extent, that it seeks "all" facts supporting Plaintiff's allegations in his Complaint.  Plaintiff's discovery and investigation is ongoing and is not yet complete, and numerous facts relating to Plaintiff's allegations are in the possession of Defendant.  Plaintiff expressly reserves the right to supplement all of Defendant's "contention-style" interrogatories as Plaintiff's investigation and discovery uncovers additional relevant information.

## J.    **Expert Opinion**

Plaintiff objects to each and every Interrogatory on the grounds, and to the extent, that it seeks an expert opinion and/or will be the subject of expert testimony that will be disclosed pursuant to the deadlines established by this Court and agreed to by the parties.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

DESCRIBE all facts supporting YOUR allegation that the action taken by GAP as a result of the INCIDENT is inadequate to protect YOU and the putative Class from the increased risk of identity theft.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory on the grounds that: (i) the phrase "action taken by GAP" is vague and ambiguous; (ii) it calls for the mental impressions and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product protection; (iii) it improperly seeks discovery from unnamed Class members; (iv) it is premature at this stage in the litigation; and (v) Plaintiff's discovery, investigation and trial preparation in this matter are ongoing and not yet complete. Plaintiff further objects to the Interrogatory to the extent it does not accurately reflect Plaintiff's allegations in the operative complaint.  Subject to, and without waiver of the foregoing specific objections and the General Objections set forth above, which are incorporated herein by this reference, Plaintiff responds as follows:

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC'S FIRST SET OF INTERROGATORIES
CASE NO. C 07-5739SC

4

1    Identity thieves use stolen personal information such as social security numbers and birthdates

2  to commit crimes such as credit card fraud, phone or utilities fraud, and bank/finance fraud.  Identity

3  thieves can also commit certain types of government fraud, such as obtaining a fraudulent driver's

4  license, obtaining government benefits, or filing fraudulent tax returns using the victim's information.

5  Identity theft crimes cost more than $56 billion each year.

6    On September 19, 2007, Gap learned that two laptop computers were stolen from the offices of

7  an unidentified third-party vendor that was employed by Gap to manage its job applicant data.  The

8  laptops contained the personal information of Plaintiff and members of the proposed Class, which

9  Plaintiff and members of the proposed Class provided to Gap for purposes of employment through

10  Gap's online application process.  The personal information Plaintiff and members of the proposed

11  Class provided during Gap's online application process included:  names, social security numbers,

12  birthdates, email addresses, home addresses, and telephone numbers, among other things.

13

14    As a result of the theft on September 19, 2007, Gap sent Plaintiff and Class members letters

15  around September 2007 offering twelve months of credit monitoring and $25,000 in identity theft

16  insurance.  Gap's offer of just one year of credit monitoring is insufficient and inadequate.  Identity

17  theft crimes often take place years after the personal information is compromised.  Stolen personal

18  information is often held for more than a year before the information is used for identity theft, and

19  fraudulent use of this information may continue for years.  One year of credit monitoring does not

20  adequately protect Plaintiff and the proposed Class because Plaintiff and members of the proposed

21  Class will be at risk of identity theft for several years to come and will have to monitor their bank and

22  credit card accounts, their credit reports and other financial information indefinitely.  Credit monitoring

23  is an especially important tool for protecting against identity theft since 52% of all identity theft victims

24  discover they have become a victim through some form of credit monitoring.

25    In addition, the $25,000 identity insurance Gap originally offered to Plaintiff and the proposed

26  class is insufficient and inadequate.  First, the identity theft insurance is only effective for one year.

27  Plaintiff and Class members may become victims of identity theft after one year.  Second, the median

28  actual dollar loss for victims of identity theft is over $30,000.  Gap's offer of credit monitoring and

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC'S FIRST SET OF INTERROGATORIES
CASE NO. C 07-5739SC

1  identity theft insurance was not available to Plaintiff or Class members after January 31, 2008.

2  Defendant and/or Experian, however, increased the amount of identity theft insurance from $25,000 to

3  $50,000, after Plaintiff filed his class action complaint.

4  **INTERROGATORY NO. 2:**

5      DESCRIBE all facts supporting YOUR allegation that GAP's offer of a credit monitoring

6  program as a result of the INCIDENT is inadequate to protect YOU and the putative Class from the

7  increased risk of identity theft.

8  **RESPONSE TO INTERROGATORY NO. 2:**

9      Plaintiff objects to this Interrogatory on the grounds that: (i) the phrase "credit monitoring

10  program" is vague and ambiguous; (ii) it calls for the mental impressions and opinions of Plaintiff's

11  attorneys and/or experts and, hence, violates the attorney work product protection; (iii) it improperly

12  seeks discovery from unnamed Class members; (iv) it is premature at this stage in the litigation; and (v)

13  Plaintiff's discovery, investigation and trial preparation in this matter are ongoing and not yet complete.

14  Plaintiff further objects to the Interrogatory to the extent it does not accurately reflect Plaintiff's

15  allegations in the operative complaint.

16

17      Subject to, and without waiver of the foregoing specific objections and the General Objections

18  set forth above, which are incorporated herein by this reference, Plaintiff responds as follows:

19      *See* Plaintiff's Response to Interrogatory No. 1. Moreover, even if "GAP's offer of a credit

20  monitoring program as a result of the INCIDENT" was adequate to protect Plaintiff and the proposed

21  Class from the increased risk of identity theft, the process used by Gap and third-party Experian were

22  rife with insurmountable hurdles effectively negating the ability to accept the offer made by Gap.

23  Specifically, the hurdles of which Plaintiff is aware include the following:

24      • The malfunction of Gap's Experian Triple Advantage Program Web site where Class

25          members were directed by Gap to sign up for the program;

26      • Confusing statements from Experian as to whether Class members had signed up with

27          the Experian Triple Advantage Program and the inability of Class members to receive

28          login information to access the Experian Triple Advantage Web site;

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC'S FIRST SET OF INTERROGATORIES
CASE NO. C 07-5739SC

- Conflicting representations by Gap and Experian about a deadline extension to sign up for the remedy;

- The requirement that some Class members obtain a credit report from a different credit reporting agency in order to take part in the Triple Advantage program;

- A short time period for Class members to take advantage of Gap's Experian Triple Advantage Program offer; and

- The inability of Gap or Experian representatives to clarify for Class members whether the pre-dispute binding mandatory arbitration clause buried in the "Terms and Conditions" of the Experian Triple Advantage program Web site applied to suits against Experian for the failure of Triple Advantage to function as intended or against Gap for the loss in the first instance.

**INTERROGATORY NO. 3:**

DESCRIBE all facts supporting YOUR allegation that GAP's offer of identity theft insurance as a result of the INCIDENT is inadequate to protect YOU and the putative Class from the increased risk of identity theft.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory on the grounds that: (i) the phrase "identity theft insurance" is vague and ambiguous; (ii) it calls for the mental impressions and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product protection; (iii) it improperly seeks discovery from unnamed Class members; (iv) it is premature at this stage in the litigation; and (v) Plaintiff's discovery, investigation and trial preparation in this matter are ongoing and not yet complete. Plaintiff further objects to the Interrogatory to the extent it does not accurately reflect Plaintiff's allegations in the operative complaint.

Subject to, and without waiver of the foregoing specific objections and the General Objections set forth above, which are incorporated herein by this reference, Plaintiff responds as follows:

*See* Plaintiff's Response to Interrogatory No.'s 1 and 2.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC'S FIRST SET OF INTERROGATORIES
CASE NO. C 07-5739SC

1    **INTERROGATORY NO. 4:**

2        DESCRIBE all facts supporting YOUR allegation that YOU and the putative Class are at an

3    increased risk of identity theft as a result of the INCIDENT.

4    **RESPONSE TO INTERROGATORY NO. 4:**

5        Plaintiff objects to this Interrogatory on the grounds that: (i) it calls for the mental impressions

6    and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product

7    protection; (ii) it improperly seeks discovery from unnamed Class members; (iii) it is premature at this

8    stage in the litigation; and (iv) Plaintiff's discovery, investigation and trial preparation in this matter are

9    ongoing and not yet complete. Plaintiff further objects to the Interrogatory to the extent it does not

10   accurately reflect Plaintiff's allegations in the operative complaint.

11       Subject to, and without waiver of the foregoing specific objections and the General Objections

12   set forth above, which are incorporated herein by this reference, Plaintiff responds as follows:

13

14       Gap stated in its September 28, 2007 letter to Plaintiff and the proposed Class that "[i]dentity

15   theft is a growing concern." Gap also advised Plaintiff and members of the proposed Class to take

16   steps to protect themselves against identity theft and "other fraudulent misuse" of their personal

17   information, and especially to look for "unusual activity or suspicious items" on their credit card

18   statements. Thus, Gap has conceded that the laptop theft of September 19, 2007 placed Plaintiff and

19   the proposed Class at an increased risk of becoming victims of identity theft.

20       Plaintiff and the proposed Class provided their names, birthdates, social security numbers, dates

21   of birth, email addresses, home addresses, telephone numbers, and responses to highly personal

22   questions during Gap's online application process. This is the information that was contained on the

23   laptops stolen from Gap's third-party vendor offices. The information was not encrypted. Gap stated

24   the Plaintiff's application would be considered for only 90 days, yet maintained Plaintiff's personal

25   information for over a year, well beyond its usefulness. Moreover, Gap did not take appropriate

26   precautions to ensure that its vendor would encrypt and/or otherwise protect such information.

27       The personal information of Plaintiff and Class members is now in the hands of thieves. Such

28   information includes, among other things, social security numbers, which are used by government

1  entities and financial institutions as authenticators of identity, and identity thieves can use social

2  security numbers to open fraudulent bank and credit card accounts; obtain loans and other credit;

3  fraudulently access existing bank and credit card accounts; obtain false identification cards; obtain

4  government benefits in the victim's name; commit crimes; or file fraudulent tax returns on the victim's

5  behalf. In addition, identity thieves can obtain jobs using a victim's social security number; rent

6  housing; obtain medical services in the victim's name; or provide the victim's personal information to

7  police during an arrest resulting in an arrest warrant being issued in the victim's name.

8          As a result of Gap's conduct and omissions, Plaintiff and Class members are now at an

9  increased risk of becoming victims of identity theft. Plaintiff and Class members have had to expend

10  significant amounts of time and/or money to protect themselves.

11  **INTERROGATORY NO. 5:**

12          DESCRIBE all facts supporting YOUR allegation that YOU and the putative Class suffered an

13  "actual, imminent, and credible" risk of identity theft as a result of the INCIDENT.

14  **RESPONSE TO INTERROGATORY NO. 5:**

15          Plaintiff objects to this Interrogatory on the grounds that: (i) it calls for the mental impressions

16  and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product

17  protection; (ii) it improperly seeks discovery from unnamed Class members; (iii) it is premature at this

18  stage in the litigation; and (iv) Plaintiff's discovery, investigation and trial preparation in this matter are

19  ongoing and not yet complete. Plaintiff further objects to the Interrogatory to the extent it does not

20  accurately reflect Plaintiff's allegations in the operative complaint.   Subject to, and without waiver of

21  the foregoing specific objections and the General Objections set forth above, which are incorporated

22  herein by this reference, Plaintiff responds as follows:

23          *See* Plaintiff's Response to Interrogatory No. 4.

24  **INTERROGATORY NO. 6:**

25          DESCRIBE all facts supporting YOUR belief that YOU and the putative Class will suffer any

26  actual identity theft as a result of the INCIDENT.

27

28

1   **RESPONSE TO INTERROGATORY NO. 6:**

2          Plaintiff objects to this Interrogatory on the grounds that: (i) it does not accurately reflect

3   Plaintiff's allegations in the operative complaint; (ii) it calls for the mental impressions and opinions of

4   Plaintiff's attorneys and/or experts and, hence, violates the attorney work product protection; (iii) it

5   improperly seeks discovery from unnamed Class members; (iv) it is premature at this stage in the

6   litigation; and (v) Plaintiff's discovery, investigation and trial preparation in this matter are ongoing

7   and not yet complete.  Subject to, and without waiver of the foregoing specific objections and the

8   General Objections set forth above, which are incorporated herein by this reference, Plaintiff responds

9   as follows:

10         *See* Plaintiff's Response to Interrogatory No.'s 4 and 5.

11  **INTERROGATORY NO. 7:**

12         DESCRIBE all facts showing that YOU or any member of the putative Class has suffered actual

13  identity theft as a result of the INCIDENT.

14

15  **RESPONSE TO INTERROGATORY NO. 7:**

16         Plaintiff objects to this Interrogatory on the grounds that: (i) the phrase "actual identity theft" is

17  vague and ambiguous; (ii) it improperly seeks discovery from unnamed Class members; (iv) it is

18  premature at this stage in the litigation; and (v) Plaintiff's discovery, investigation and trial preparation

19  in this matter are ongoing and not yet complete.

20  **INTERROGATORY NO. 8:**

21         DESCRIBE any alleged harm YOU and the putative Class have suffered as a result of the

22  INCIDENT.

23  **RESPONSE TO INTERROGATORY NO. 8:**

24         Plaintiff objects to this Interrogatory on the grounds that: (i) it calls for the mental impressions

25  and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product

26  protection; (ii) it improperly seeks discovery from unnamed Class members; (iii) it is premature at this

27  stage in the litigation; and (iv) because Plaintiff's discovery, investigation and trial preparation in this

28  matter are ongoing and not yet complete.  Plaintiff further objects to the Interrogatory to the extent it

1  does not accurately reflect Plaintiff's allegations in the operative complaint. Subject to, and without

2  waiver of the foregoing specific objections and the General Objections set forth above, which are

3  incorporated herein by this reference, Plaintiff responds as follows:

4        Gap's failure to protect the personal information has placed the proposed Class and Plaintiff at

5  an increased risk of identity theft. As a result of this increased risk, the proposed Class and Plaintiff

6  have spent considerable time and/or money to protect themselves from identity theft. The total annual

7  cost of identity theft to victims every year is about $5 billion and victims spend 300 million hours of

8  time resolving various problems. Victims dealing with identity theft involving new account and other

9  fraud spent an average of 60 hours each resolving their problems.

10        Plaintiff himself has spent a number of hours protecting himself against future fraudulent

11  activity. Plaintiff spent approximately 13 hours researching articles and Web sites about the Gap data

12  breach and for information on how to protect against identity theft. In addition, Plaintiff has spent

13  approximately 25 hours conducting his duties as a representative for the proposed Class in this

14  litigation. Moreover, he has spent approximately 4 hours attempting to sign up for the Experian Triple

15  Advantage program offered by Gap. Despite this fact, he was unable to sign up for the program.

16  Finally, Plaintiff has contacted TransUnion to obtain his credit report to review it for suspicious

17  activity. *See also* Plaintiff's Response to Interrogatory No. 4.

18

19  **INTERROGATORY NO. 9:**

20        Identify any costs or other financial expenses YOU incurred as a result of the INCIDENT,

21  including, but not limited to, all costs to repair any alleged harm to YOUR identity, such as changing

22  YOUR social security number or credit card accounts.

23  **RESPONSE TO INTERROGATORY NO. 9:**

24        Plaintiff objects to this Interrogatory on the grounds that: (i) the term "identify" is vague and

25  ambiguous; (ii) it does not accurately reflect Plaintiff's allegations in the operative complaint; (iii) it is

26  premature at this stage in the litigation; and (iv) Plaintiff's discovery, investigation and trial preparation

27  in this matter are ongoing and not yet complete. *See* Plaintiff's response to Interrogatory No. 8.

28

1    **INTERROGATORY NO. 10:**

2        Identify all actions YOU have taken as a result of the INCIDENT to protect yourself from the

3    alleged risk of identity theft.

4    **RESPONSE TO INTERROGATORY NO. 10:**

5        Plaintiff objects to this Interrogatory on the grounds that: (i) the term "identify" is vague and

6    ambiguous; (ii) it is premature at this stage in the litigation; and (iii) Plaintiff's discovery, investigation

7    and trial preparation in this matter are ongoing and not yet complete. Plaintiff further objects to the

8    Interrogatory to the extent it does not accurately reflect Plaintiff's allegations in the operative

9    complaint. Subject to, and without waiver of the foregoing specific objections and the General

10   Objections set forth above, which are incorporated herein by this reference, Plaintiff responds as

11   follows:

12       *See* Plaintiff's Response to Interrogatory No. 8.

13   **INTERROGATORY NO. 11:**

14

15       Identify the names of any individuals YOU have communicated with who YOU believe were

16   impacted by the INCIDENT.

17   **RESPONSE TO INTERROGATORY NO. 11:**

18       Plaintiff objects to this Interrogatory on the grounds that: (i) the term "identify" is vague and

19   ambiguous; (ii) it improperly seeks the identity of witnesses interviewed by counsel and, hence,

20   violates the attorney work product protection; (iii) it calls for the mental impressions and opinions of

21   Plaintiff's attorneys and/or experts and, hence, violates the attorney work product protection; (iv) it

22   improperly seeks discovery from unnamed Class members; (v) it is premature at this stage in the

23   litigation; and (vi) Plaintiff's discovery, investigation and trial preparation in this matter are ongoing

24   and not yet complete. Plaintiff further objects to the Interrogatory to the extent it does not accurately

25   reflect Plaintiff's allegations in the operative complaint. Subject to, and without waiver of the

26   foregoing specific objections and the General Objections set forth above, which are incorporated herein

27   by this reference, Plaintiff responds as follows:

28       Plaintiff has not communicated with any members of the proposed Class.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC'S FIRST SET OF INTERROGATORIES
CASE NO. C 07-5739SC

1 | **INTERROGATORY NO. 12:**

2 |     DESCRIBE all facts supporting the reasons why YOU did not successfully enroll with the

3 | credit monitoring program offered by GAP, including the dates on which YOU attempted such

4 | enrollment.

5 | **RESPONSE TO INTERROGATORY NO. 12:**

6 |     Plaintiff objects to this Interrogatory on the grounds that: (i) the phrase "credit monitoring

7 | program offered by GAP" is vague and ambiguous; (ii) it seeks information which is within the

8 | exclusive knowledge and possession of Defendant; (iii) it requires Plaintiff to speculate; (iv) it is

9 | premature at this stage in the litigation; and (v) Plaintiff's discovery, investigation and trial preparation

10 | in this matter are ongoing and not yet complete. Plaintiff further objects to the Interrogatory to the

11 | extent it does not accurately reflect Plaintiff's allegations in the operative complaint.

12 |     Subject to, and without waiver of the foregoing specific objections and the General Objections

13 | set forth above, which are incorporated herein by this reference, Plaintiff responds as follows:

14 |     On December 10, 2007, Plaintiff attempted to sign up for the Experian Triple Advantage

15 | program. Plaintiff completed the form in its entirety and believed he had successfully signed up for the

16 | program. On the same day, Experian emailed Plaintiff and stated that "Equifax did not return any

17 | data." The letter did not state that Plaintiff was ineligible for the Experian Triple Advantage program

18 | or that his application for the program was denied.

19 |     On February 14, 2008, Plaintiff attempted to check on the status in the Experian Triple

20 | Advantage program and called the telephone number listed on the Experian Triple Advantage Web site.

21 | Plaintiff spoke with an Experian representative who told him that Plaintiff was not verified as a

22 | member of the Experian Triple Advantage program. The representative told Plaintiff that in order to

23 | sign up for the Triple Advantage Program, Plaintiff would have to call Equifax, get a credit report from

24 | Equifax, and submit this report to Experian. The representative also told Plaintiff that he needed to talk

25 | to his "bank" in order to sign up for the service, although the representative's reasoning for this was not

26 | clear to Plaintiff. None of these additional requirements were terms disclosed in any of the materials

27 | submitted by Gap or viewed by Plaintiff on December 10, 2007.

**INTERROGATORY NO. 13:**

State all facts why YOU believe GAP requires an individual to transmit his or her social security number over the Internet without a secure connection or without encryption of the social security number.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it does not accurately reflect Plaintiff's allegations in the operative complaint; (iii) it calls for the mental impressions and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product protection; (iv) it seeks information which is within the exclusive knowledge and possession of Defendant; (v) it is premature at this stage in the litigation; (vi) it requires Plaintiff to speculate; and (vii) Plaintiff's discovery, investigation and trial preparation in this matter are ongoing and not yet complete. Subject to, and without waiver of the foregoing specific objections and the General Objections set forth above, which are incorporated herein by this reference, Plaintiff responds as follows:

During the online application with Old Navy, the application prompted Plaintiff to enter his social security number to proceed with the application. Plaintiff could not complete the process and submit his application for employment unless he inputted his social security number. Plaintiff was not prompted to use a password, personal identification number, or other authentication device to proceed with the online application.

**INTERROGATORY NO. 14:**

State all facts why YOU believe GAP requires an individual to use his or her social security number to access an Internet Web site, without also requiring a password or unique personal identification number or other authentication device to access the Internet Web site.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it calls for the mental impressions and opinions of Plaintiff's attorneys and/or experts and, hence, violates the attorney work product protection; (iv) it seeks information which is within the exclusive knowledge

1    and possession of Defendant; (v) it is premature at this stage in the litigation; (vi) it requires Plaintiff to

2    speculate; and (vii) Plaintiff's discovery, investigation and trial preparation in this matter are ongoing

3    and not yet complete. Plaintiff further objects to the Interrogatory to the extent it does not accurately

4    reflect Plaintiff's allegations in the operative complaint. Subject to, and without waiver of the

5    foregoing specific objections and the General Objections set forth above, which are incorporated herein

6    by this reference, Plaintiff responds as follows:

7        During the online application with Old Navy, the application prompted Plaintiff to enter his

8    social security number to proceed with the application. Plaintiff could not complete the process and

9    submit his application for employment unless he inputted his social security number. Plaintiff was not

10   prompted to use a password, personal identification number, or other authentication device to proceed

11   with the online application.

12

13

14   Dated: June 9, 2008                             **FINKELSTEIN THOMPSON LLP**

15                                                   _Mark Punzalan_

16

17                                                   Rosemary M. Rivas
                                                     100 Bush Street, Suite 1450
18                                                   San Francisco, California 94104
                                                     Telephone: 415.398.8700
19                                                   Facsimile: 415.398.8704

20                                                   Mila F. Bartos
                                                     Tracy D. Rezvani
21                                                   Karen J. Marcus
                                                     **FINKELSTEIN THOMPSON LLP**
22                                                   1050 30th Street, NW
                                                     Washington, D.C. 20007
23                                                   Telephone: 202.337.8000
                                                     Facsimile: 202.337.8090

24

25                                                   *Of Counsel*
                                                     Ben Barnow
26                                                   **BARNOW AND ASSOCIATES, P.C.**
                                                     One N. LaSalle Street
27                                                   Suite 4600
                                                     Chicago, Illinois 60602

28

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC'S FIRST SET OF INTERROGATORIES
CASE NO. C 07-5739SC

1

## VERIFICATION

2

3        I, JOEL RUIZ, am the named plaintiff in the action entitled *Ruiz v. Gap, Inc.*, Case No. C 07-

4    5739 SC . I have read and am familiar with the contents of the foregoing document entitled

5    PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC.'S FIRST SET

6    OF INTERROGATORIES. The information supplied therein is based on my own personal

7    knowledge and/or has been supplied by my attorneys or other agents and/or compiled from available

8    documents, and is therefore provided as required by law. The information contained in the foregoing

9    document provided by me is true and as to those matters that were provided by my attorneys and/or

10   agents, including all contentions and opinions, I am informed and believe that they are true.

11        I declare under penalty of perjury of the laws of the State of Texas that the foregoing is true and

12   correct.

13        Executed on the 9th day of June, 2008 at McAllen, Texas.

14

15                                                    _____

16                                                             Joel Ruiz

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Sheeree Renwick, declare:

I am employed in San Francisco County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Finkelstein Thompson LLP, 100 Bush Street, Suite 1450, San Francisco, California 94104.

I hereby certify that on June 9, 2008, I caused the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT GAP INC.'S FIRST SET OF INTERROGATORIES** to be:

☒    emailed and mailed by first class United States mail, postage prepaid, to the following participants:

William L. Stern, wstern@mofo.com
Claudia M. Vetesi, cvetesi@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on June 9, 2008.

*Sheeree Renwick*
Sheeree Renwick