Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
Daniel T. LeBel (State Bar No. 246169)
dlebel@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Individual and Representative Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated, | Case No. CV07-05739-SC |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GAP INC.'S MOTION TO STRIKE CLASS DEFINITION** |
| vs. | |
| GAP, INC., and DOES 1-9 inclusive, | |
| Defendant. | Date: September 5, 2008 |
| | Time: 10:00 a.m. |
| | Room: Courtroom 1, 17th Floor |
| | Judge: Honorable Samuel Conti |

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND STATEMENT OF ISSUES..................................................... 1

II.   STATEMENT OF FACTS ....................................................................................... 2

   A.   Factual Summary ......................................................................................... 2

   B.   Procedural History ....................................................................................... 3

   C.   Status of Discovery...................................................................................... 4

   D.   The Parties' Efforts to Meet-And-Confer Concerning Gap's Instant Motion ................... 4

III.  ARGUMENT............................................................................................................ 5

   A.   Gap's Motion is Procedurally Defective .................................................... 5

     1.   Gap's Motion Is Impermissible Under Rule 23(d)(1)(D). ..................... 5

     2.   Gap's Motion Fails to Meet the "Formidable" Burden of Rule 12(f) ........................ 6

     3.   Gap's Arguments Against Class Certification Are Premature ...................... 7

   B.   The Court's Scheduling Order on Class Certification Does Not Prejudice Gap .............. 11

     1.   Gap Does Not Face Increased Discovery Burdens.................................. 11

     2.   Gap's Due Process Objection is Unavailing.................................. 12

   C.   Gap's History of Unnecessarily Multiplying the Proceedings in this Case Is a Waste of the Court's Scarce Time and Resources and Warrants Sanctions........................... 13

IV.   CONCLUSION........................................................................................................ 14

TABLE OF CONTENTS
CASE NO. CV07-05739-SC

**TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Page**

*Alvarado-Morales v. Digital Equip. Corp.,*
  843 F.2d 613 (1st Cir. 1988) ........................................................................................... 7

*Barcia v. Contain-A-Way, Inc.,*
  No. 07-cv-938-IEG-JMA, 2008 WL 906045 (S.D. Cal. April 1, 2008) ...................................... 9

*Beauperthuy v. 24 Hour Fitness USA, Inc.,*
  No. 06-0715, 2006 WL 3422198 (N.D. Cal. 2006)............................................................. 5, 8

*Brazil v. Dell, Inc.,*
  No. 7-cv-01700 RMW, 2008 WL 2693629 (N.D. Cal. July 7, 2008)..................................... 10

*Crown, Cork, and Seal Co. v. Parker,*
  462 U.S. 345 (1983) .......................................................................................................... 13

*Fantasy, Inc. v. Fogerty,*
  984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) .......................... 7

*Gilbert v. Eli Lilly & Co., Inc.,*
  56 F.R.D. 116 (D.P.R. 1972)................................................................................................ 7

*Hart v. Baca,*
  204 F.R.D. 456 (C.D. Cal. 2001)......................................................................................... 6

*In re Wal-Mart Stores, Inc.,*
  505 F. Supp. 2d 609 (N.D. Cal. 2007)................................................................... 5, 6, 10, 13

*Lazar v. Trans Union, LLC,*
  195 F.R.D. 665 (C.D. Cal. 2000)......................................................................................... 6

*Montecino v. Spherion Corp.,*
  427 F. Supp. 2d 965 (C.D. Cal. 2006)................................................................................. 6

*Nat'l Fed'n of the Blind v. Target Corp.,*
  No. C06-1802 MHP, 2007 U.S. Dist. LEXIS 30513, (N.D. Cal., April 25, 2007)...................9

*Nelson v. Quimby Island Reclamation Dist. Facilities Corp.,*
  No. C-77-0784, 1978 WL 1059 (N.D. Cal. Feb. 3, 1978)....................................................... 8

*Richards v. Jefferson County,*
  517 U.S. 793 (1996) ......................................................................................................... 12

*Rodriguez v. Cal. Highway Patrol,*
   89 F. Supp. 2d 1131 (N.D. Cal. 2000)...................................................................8

*Rosales v. Citibank Fed. Sav. Bank,*
   133 F. Supp. 2d 1177 (N.D. Cal. 2001) ...............................................................6

*Ruiz v. Gap, Inc.,*
   540 F. Supp. 2d 1121 (N.D. Cal. 2008)............................................................3, 8

*U.S. ex rel. Pogue v. Diabetes Treatment Ctr. of Am.,*
474 F. Supp. 2d 75 (D.D.C. 2007).........................................................................6

*W. Union Tel. Co. v. Pennsylvania,*
   368 U.S. 71 (1961) ...................................................................................12, 13

*Wilkerson v. Butler,*
   229 F.R.D. 166 (E.D. Cal. 2005)............................................................................7

**Statutes**

28 U.S.C. § 1927 (1980) ...........................................................................................14

**Rules**

Fed. R. Civ. P. 12(f)..........................................................................................5, 6, 7

Fed. R. Civ. P. 23(c)(1)................................................................................................7

Fed. R. Civ. P. 23(a)(3)................................................................................................7

Fed. R. Civ. P. 23(d)(1)(D) ................................................................................5, 6, 7

Fed. R. Civ. P. 30(b)(6) ...............................................................................................6

**Local Rules**

N.D. Cal Civ. R. 1-4.....................................................................................................14

N.D. Cal. Civ. R. 3-4(e)..............................................................................................13

**Other**

Manual for Complex Litigation § 21.133 (4th ed. 2006)..............................................8

Steve Baicker-McKee, *et. al., Federal Civil Rules Handbook* 574 (15th ed. 2008)..................6

## I.     INTRODUCTION AND STATEMENT OF ISSUES

Defendant Gap, Inc. ("Defendant" or "Gap") conflates a myriad of procedural vehicles into one defective, inappropriate, and ill-timed motion.  Defendant couches this, its *second* motion to strike, as an attack on Plaintiff's class definition when, in reality, it is an end run around the Court's refusal to bifurcate discovery.  Through its motion, Defendant seeks to avoid discovery obligations without filing a motion for a protective order or renewing its motion for bifurcation.  As the motion attempts to prematurely litigate class certification, it is also an end-run around the Court's April 25, 2008 Scheduling Order.  Moreover, as Defendant did not prevail in dismissing Plaintiff's case, Defendant now seeks amendment of Plaintiff's complaint for its own strategic purposes through inappropriate means.

This Court scheduled the hearing on class certification in this case for December 5, 2008.  Through its motion to strike, Defendant seeks to disadvantage Plaintiff by forcing him to present his arguments in support of class certification months ahead of schedule and without the benefit of completing discovery.  Plaintiff will file his class certification motion at the appropriate time according to the schedule that the parties agreed to and the Court ordered.  At that time, Plaintiff will have necessary evidence from:  (1) a complete review of Defendant's document production and, (2) deposition testimony of the appropriate witnesses, which have been delayed by Defendant's sluggish document production and scheduling.

Meaningful opposition to the Rule 23 arguments raised in Defendant's Motion to Strike requires meaningful discovery into the injuries suffered by the proposed Class.  Class members, approximately 800,000 Gap employees and job applicants, are each presently injured by the theft of the laptop containing their unencrypted personal and financial information.  Their damages— such as the cost of credit monitoring, ordering credit reports, the money and time spent dealing with Defendant or attempting to resolve any identity theft they may incur—all stem from the theft and are not different, separate injuries as Defendant would have the Court believe.  Discovery into the theft and the damages caused by the data breach may inform the class definition.  In sum, without completing discovery and fleshing out Plaintiff's class certification

1

1   arguments and evidence, Defendant prematurely and inappropriately opposes Plaintiff's yet-to-

2   be-filed motion for class certification.

3       Finally, Plaintiff has the prerogative to request leave to amend the class definition in the

4   Complaint in conjunction with filing his motion for class certification. The policy behind this

5   aforementioned practice is to grant plaintiffs the opportunity to craft a more informed class

    definition after the completion of discovery and a thorough exploration of the class issues has

6   been conducted. A premature determination of the class definition will thwart the goals of the

7   mechanism for class certification.

8   **II.    STATEMENT OF FACTS**

9       **A.    Factual Summary**

10      Mr. Ruiz applied for employment with Old Navy, one of Gap's brand stores, through

11   Gap's website in late 2006. (*See* Compl. ¶ 31.) As part of the online application process, Mr.

12   Ruiz was required to provide a large amount of private information, such as his social security

13   number, date of birth, home address, and telephone numbers. (*Id.*) Gap stated that Mr. Ruiz's

14   application would be "considered for only 90 days," yet maintained Mr. Ruiz's personal

15   information for approximately one year. (*Id.* ¶ 40.)  Gap also promised in its Privacy Policy that

16   it would use "reasonable precautions to protect [Mr. Ruiz's] personal information from

17   unauthorized use, access, disclosure, alteration, or destruction." (*Id.* ¶ 25.)

18      On September 19, 2007, Gap learned that two laptop computers had been stolen from the

19   offices of a third-party vendor it used to manage its job applicant data. The laptops contained the

    personal information of approximately 800,000 persons who applied for employment with Old

20   Navy, Gap, Banana Republic, and/or its outlet stores by telephone or online through use of Gap's

21   online application between July 2006 to June 2007. (*Id.* ¶ 5.)

22      Mr. Ruiz received a letter dated September 28, 2007 from Gap stating that his personal

23   information was compromised in the laptop thefts. (*Id.* ¶ 34.) In the letter, Gap confessed that

24   neither Gap nor any of its vendors encrypted the job applicants' personal information on the

25   stolen laptops – despite its promise to protect such information when the information was

26                                        2

1    collected. (Compl. ¶ 33.) Thus, the thieves in possession of the laptops can easily and readily

2    view the sensitive information of Mr. Ruiz and other job applicants.

3         At his deposition, Mr. Ruiz testified that he has lost time and money in making cellphone

4    calls and visiting websites to protect his identity, including following Gap's recommendations

5    from the notification letter that it sent to each Class member. (*See* accompanying Declaration of

     Tracy D. Rezvani in Opposition to Defendant Gap Inc.'s Motion to Strike Class Definition

6    ("Rezvani Decl.") at Exh. C).

7        **B.    Procedural History**

8         On November 13, 2007, Ruiz filed a complaint against Gap seeking injunctive relief and

9    any other relief that the Court deemed necessary as a result of Gap's failure to maintain

10   reasonable and adequate procedures to secure applicants' personal information. The complaint

11   defines the Class as follows:

12

13           All persons who have applied for a position with Gap, Inc., Old
             Navy, Banana Republic, Piperlime, Outlet Stores, or any other
             relevant Gap brand store, through Gap's application process from

14           July1, 2006 to July 31, 2007, and whose personal information was
             compromised in a laptop theft from one or more of Gap's third

15           party vendors.

16   (Compl. ¶ 44.)

17        On November 20, 2007, Gap answered the Complaint and filed a counterclaim against

18   Ruiz and the Class. On March 24, 2008, the Court: (1) granted Plaintiff's motion to dismiss

     Gap's counterclaim, (2) denied Gap's first motion to strike the class allegations as "premature"

19   and "inappropriate," (3) denied Gap's Request for Judicial Notice, and (4) denied in part and

20   granted in part Gap's motion for judgment on the pleadings. *See Ruiz v. Gap, Inc.*, 540 F. Supp.

21   2d 1121, 1124-26 (N.D. Cal. 2008).

22        On April 25, 2008, the Court held a case management conference at which time Gap

23   requested that the Court bifurcate discovery. The Court refused to bifurcate discovery and

24   scheduled a hearing on Plaintiff's motion for class certification and Gap's motion for summary

     judgment for December 5, 2008.

25

26   3

---

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE<br>CASE NO. CV07-05739-SC

**C.    Status of Discovery**

On May 28, 2008, Ruiz served Gap with written interrogatories, requests for admissions, and document requests regarding class certification issues and the parties' claims and defenses. The deadline for Gap's production was June 30, 2008. It was not until July 11, 2008[1] that Plaintiff received the first of Gap's documents— only about one quarter of its production to date. (*See* Rezvani Decl., Exh. A.)   Gap held back the majority of its production until August 7, 2008, or one week *after* filing its second motion to strike class allegations. (*See id.*, Exh. B.)  Plaintiff has not completed his review of these documents in this short interval and therefore is unable to determine if Gap's production is finally complete. (*See id.,* ¶ 4.)  Thus, as of the filing of this brief, Plaintiff has not had an adequate opportunity to review this production much less evaluate his approach to class certification in light of the contents of Plaintiff's discovery.

Moreover, on July 31, 2008, Ruiz noticed three depositions (two individuals and one under FRCP 30(b)(6)) with the understanding that the parties would cooperate on scheduling and waive N.D. Cal.L.R. 30-1. (*See id.*, Exh. D (deposition notices).)  To date, Gap has failed to provide firm dates for these witnesses' depositions.[2]  (*See id.* ¶ 6.)   Thus, Plaintiff has yet to discover crucial testimony from individuals regarding, among other things:  (1) the foundation of Gap's statement that Class members' personal information has not been "accessed or used" improperly, and (2) the affirmative steps Gap has taken to identify whether Class members have become victims of identity theft.

**D.    The Parties' Efforts to Meet-And-Confer Concerning Gap's Instant Motion**

On July 7, 2008, Gap sent Plaintiff a "meet-and-confer" letter proposing that the parties stipulate to amending the class definition to exclude "anyone who has experienced identity theft

---

[1]    This partial production coincided with the deadline set by Gap for Plaintiff to voluntarily amend his complaint. *See* § II.D., *infra.* In other words, Plaintiff would have had no opportunity to review any documents before answering Gap's demand.

[2]    Plaintiff also issued a subpoena for the deposition of Gap's vendor who failed to secure the laptops or the information they contained. Production is not yet due and the third party vendor's counsel is in negotiations over dates and locations for the depositions.

4

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC

as a result of the [theft of laptops containing Class members' personal information]."[3]  Plaintiff explained the various reasons described herein why Gap's motion has no basis in fact or law and was otherwise premature and in violation of the Court's Scheduling Order.  Despite Plaintiff's attempts at reason, Gap has again filed a premature motion to strike Plaintiff's class allegations.

**III.    ARGUMENT**

**A.    Gap's Motion is Procedurally Defective**

Gap's motion is improper under Rule 23 of the Federal Rules of Civil Procedure. Moreover, Gap's motion fails to meet the purpose underlying Rule 12(f) of the Federal Rules of Civil Procedure, or its requirements.  Fed. R. Civ. Proc. 12(f).  Finally, Gap's motion, essentially a regurgitation of its initial motion to strike which the Court denied, is still premature.

**1.    Gap's Motion Is Impermissible Under Rule 23(d)(1)(D).**

Courts generally review class allegations through a motion for class certification.  *See In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)(declining to rule on the propriety of class allegations before arguments relating to class certification had been made). Nothing in the Federal Rules of Civil Procedure permits Gap to file successive, piecemeal motions to strike aimed at Plaintiff's class allegations.[4]  While a court may require an amendment to the pleadings to eliminate allegations about the representation of absent persons pursuant to Rule 23(d)(1)(D), this very Court has previously held that this rule only applies *after* an examination has been made of the arguments in favor and in opposition to class certification in the context of a motion for class certification pursuant to Rule 23(c).  *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2006 WL 3422198, at *3 (N.D. Cal. 2006).  That is

---

[3]     The parties' correspondence referenced herein is attached as Exhibits A-1 through A-4 to the William Stern Declaration.

[4]     Here, Gap only seeks a determination of FRCP 23(a)(3)( typicality) and FRCP 23(a)(4)(adequacy) and presumably leaves a determination under FRCP 23(a)(1)(numerosity), 23(a)(2)(commonality) and 23(b)(3)(predominance and superiority) for its next motion.  If the Court would prefer Plaintiff to address the merits of Gap's typicality and adequacy arguments, Plaintiff respectfully requests an opportunity to fully brief them subsequent to the September 5, 2008 hearing.

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC

1   because such motions to amend pleadings under Rule 23(d) are "an improper attempt to argue

2   against class certification before the motion for class certification has been made and while

3   discovery regarding class certification is not yet complete." *Id.; see also* Steve Baicker-McKee,

4   *et. al., Federal Civil Rules Handbook* 574 (15th ed. 2008). This Court has not had an

5   opportunity to evaluate a class certification motion. Therefore, the predicate for this motion,

6   FRCP 23(d)(1)(D), is inapplicable and the motion should be denied as procedurally defective.

### 2.    Gap's Motion Fails to Meet the "Formidable" Burden of Rule 12(f)

7   The only rule that permits a "motion to strike" is Rule 12(f), the purpose of which is to

8   strike from pleadings "redundant, immaterial, impertinent, or scandalous matters." Fed. R. Civ.

9   P. 12(f). The Court may act on a 12(f) motion only if it is filed before a responsive pleading.

10  Fed. R. Civ. P. 12(f)(2). Gap filed its responsive pleading on November 20, 2007, or

11  approximately eight months before this motion. As such, it is untimely and procedurally

12  inappropriate.

13  Moreover, even if timely, the party bringing a motion to strike seeks an exceptional

14  remedy and therefore has the "formidable" burden of proof. *See, e.g., U.S. ex rel. Pogue v.*

15  *Diabetes Treatment Ctr. of Am.*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007). A motion to strike may

16  only be granted where there is clear evidence that the defendants have been prejudiced by the

17  "redundant, immaterial, impertinent, or scandalous matters." *Montecino v. Spherion Corp.*, 427

18  F. Supp. 2d 965, 966-67 (C.D. Cal. 2006); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001).

19  This is because motions to strike are generally disfavored by courts due to the "limited

20  importance of pleading in federal practice, and because [motions to strike] are often used as a

21  delay tactic." *In re Wal-Mart*, 505 F. Supp. 2d at 614; *see also e.g., Rosales v. Citibank Fed.*

22  *Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). Courts must view the pleading under

23  attack in the light most favorable to the pleader, treating as admitted all material facts alleged

24  and all reasonable presumptions that can be drawn therefrom. *Id.* As such, courts will generally

25  not tamper with pleadings. *See, e.g., Lazar v. Trans Union, LLC*, 195 F.R.D. 665, 668 (C.D. Cal.

26  2000).

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC

1    Gap's formidable burden is to demonstrate that it is prejudiced by the class definition in

2   the complaint because the definition is:

3       • Redundant: a needless repetition;[5]

4       • Immaterial: bears no important relationship to the pleader's claim;[6]

5       • Impertinent: unnecessary to the issues in the dispute;[7] or

6       • Scandalous: improperly casts a person or entity in a derogatory light.[8]

7    Gap has failed to meet its burden showing that the proposed class definition is redundant,

8   immaterial, impertinent, or scandalous. The class definition is only identified once and has never

9   been tested by a class certification motion or hearing. (Compl. ¶ 44.) In this proposed class

10  action, the class definition bears an important relationship to Plaintiff's claim and is necessary to

11  his upcoming motion for class certification. Finally, there is nothing about the class definition

12  that impugns Gap's character. Thus, Gap's motion cannot meet any of these threshold

13  requirements let alone meet the next hurdle: prejudice. In fact, the only prejudice identified by

14  Gap is routine discovery. Yet at no point does Gap argue or allege that the discovery

15  propounded by Plaintiffs is unduly burdensome or overbroad. In fact, other than a handful of

16  depositions, Gap believes its discovery obligations are complete.

17   **3.    Gap's Arguments Against Class Certification Are Premature**

18   Rule 23(c)(1) states that the Court must determine whether to certify an action as a class

19  action "at an early practicable time." Fed. R. Civ. P. 23(c)(1). Class certification

20  _____

21  [5] *See, e.g., Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citing *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 4 (D.P.R. 1972)).

22  [6] *See, e.g., id.* (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

23

24  [7] *Id.* (citing *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120 n. 4 (D.P.R. 1972)).

25  [8] *See, e g., id.; see also Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988).

26                                          7
     PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
                        CASE NO. CV07-05739-SC

1 determinations, however, must be based on sufficient evidence to support an informed decision

2 after the parties have had the opportunity to develop an adequate record. *See Manual for*

3 *Complex Litigation* § 21.133 (4th ed. 2006). Courts have repeatedly held that removing class

4 allegations at the pleading stage "should be done rarely and that the better course is to deny such

5 a motion because 'the shape and form of a class action evolves only through the process of

6 discovery.'" *In re Wal-Mart*, 505 F. Supp. at 615 (collecting cases).

7       This Court has already properly determined that the practicable time to hear class

certification is December 5, 2008, once the parties' discovery is completed. (*See* Order 1:23-2:3,

8 March 24, 2008.)  The Court's orders recognize the proper procedure for determining class

9 issues under Rule 23; discovery, then motion practice initiated by the plaintiff, then a hearing on

10 the matter set for December 12, 2008.  (*See id.*; *Ruiz*, 540 F.Supp 2d at 1124.)

11       Gap fails to adequately explain why the Court should take the extraordinary step of

12 engaging in piecemeal litigation and striking the Class definition at this stage before class

13 discovery is complete, as opposed to deciding the issue at the class certification hearing and upon

14 an adequate record. *See Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, No. C-77-

15 0784, 1978 WL 1059, at *2 (N.D. Cal. Feb. 3, 1978) ("Defendant does not contend that no class

16 would be proper; rather, it objects to the dimensions of the class alleged by the plaintiffs.

17 Defendant's objections should be interposed when plaintiffs move to certify their classes.");

18 *Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1143 (N.D. Cal. 2000) (denying motion

19 to strike class allegations because "the appropriateness of [the class allegations] will be tested in

20 the context of a motion for certification of the class").  This Court previously ruled that Gap's

21 attempt to litigate Rule 23 issues through a motion to strike is premature as Ruiz has not had the

22 opportunity to gather and present evidence concerning certification. (*See Ruiz*, 540 F.Supp 2d at

1124 ("The motion to strike the class allegations merely reargues Gap's standing arguments and

23 makes premature arguments regarding class certification.  Neither argument is persuasive or

24 appropriate and the motion is DENIED.")  The Court should again deny Gap's motion to strike.

25

26

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC

1    Gap also incorrectly argues that a motion to strike is appropriate because discovery

2    concerning the class definition is complete. (*See* Def. Mem. P. & A. 4:1-4.) Gap's assertion is

3    based on its belief that it has produced everything that is owed and that Plaintiff has had the

      ability to review all the materials in the short time Gap has allotted him and his counsel.

4    Moreover, the assertion is based on Plaintiff's testimony that to date, he has not experienced

5    identity theft and therefore, Plaintiff cannot represent people who have experienced identity

6    theft. Hence, according to Gap, Plaintiff cannot meet the Rule 23 requirements. However, that is

7    Gap's mischaracterization of Plaintiff's complaint. These arguments should be made at the

8    appropriate time, at the December 5, 2008 class certification hearing where all the Rule 23

9    elements will be analyzed.9

10    Moreover, discovery regarding the Class definition is not complete, notwithstanding

11    Gap's protests to the contrary. Plaintiff seeks Gap's testimony regarding its knowledge about

12    whether any proposed Class members have experienced identity theft. (*See* Rezvani Decl., Exh.

13    D (deposition notices).) To date, Gap has not agreed on a firm date to produce witnesses. (*See*

14    *id.* ¶ 4.) This testimonial evidence is directly relevant to the scope of the Class, including

      whether individuals who have experienced identity theft should remain part of the Class or

15    should be a separate subclass.[10] Moreover, discovery relating to Gap's third party vendor has

16    just begun. It is quite common for plaintiffs to modify the class definition to conform to

17    evidence obtained in discovery after it is evaluated. *See, e.g., Barcia v. Contain-A-Way, Inc.,*

18    No. 07-cv-938-IEG-JMA, 2008 WL 906045, at *3 (S.D. Cal. April 1, 2008) (granting motion to

19    amend class definition). Gap's authorities do not suggest otherwise. *See, e.g., Nat'l Fed'n of the*

20    *Blind v. Target Corp.,* No. C06-1802 MHP, 2007 U.S. Dist. LEXIS 30513, at *11 (N.D. Cal.,

21    April 25, 2007). Because these issues are best decided once discovery is complete and at the

22    _____

23    9    At class certification, Plaintiff will submit arguments, case authorities and evidence
      showing that the proposed class meets the Rule 23 requirements.

24    10    Although Gap claims that it has not uncovered any evidence of identity theft as a result of
      the laptops theft, Plaintiff's review of the documents produced to date cast doubt on this
25    assertion. (*See* Rezvani Decl. ¶ 6.)

26                                                    9
      _____
      PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
      CASE NO. CV07-05739-SC

1   class certification hearing, the Court should deny Gap's motion to strike as premature.

2          Notably, Gap fails to cite any case holding that it is proper to strike a class definition that

3   on its face is proper and where discovery on class certification issues is incomplete. Gap
    primarily relies on two cases considering the propriety of the class definition before a hearing on

4   class certification. In both cases the courts decided the issue because the proposed definition was

5   patently improper. In contrast here, Gap has failed to show that the class definition is improper,

6   but instead improperly makes arguments opposing certification of the Class as currently defined.

7   (See Def. Mem. P. & A. 6:10-9:17 (arguing that Plaintiff does not meet the adequacy, typicality

8   and predominance requirements).) These issues clearly should be decided on a full record at the

9   class certification hearing.

10         For instance, in *Brazil v. Dell, Inc.*, No. 7-cv-01700 RMW, 2008 WL 2693629, at *7

11  (N.D. Cal. July 7, 2008), Judge Whyte granted the defendant's motion to strike and allowed

12  plaintiffs leave to amend because the **plaintiffs incorporated a legal conclusion** into the class

13  definition. Such merits-based class definitions are disfavored because identifying the individual

14  class members requires the Court to reach the merits of the case, i.e., whether or not defendant
    "falsely advertised." *Id.* Ruiz's class definition, unlike the one in *Brazil*, does not depend on, or

15  assume the truth of, Plaintiff's case-in-chief. It is objectively defined because it includes only

16  those people who provided Gap with personal and private information that was stolen by thieves

17  who broke into Gap's third party vendor's offices.

18  Gap's reliance on *In re Wal-Mart*, is even more curious. There, Judge Armstrong noted that

19  plaintiffs' subclass definitions were "suspicious," "merits-based" and "may in fact be improper"

20  but **denied** Wal-Mart's motion to strike class allegations. *In re Wal-Mart*, 505 F. Supp. 2d at

21  615-16. In denying defendant's motion, Judge Armstrong reasoned that "plaintiffs should at
    least be given the opportunity to make the case for certification." *Id.* Here, Gap has sought to

22  deny Mr. Ruiz his opportunity to make the case for certification. Plaintiff respectfully requests

23

24

25

26                                          10

1    that the Court adhere to its Scheduling Order and permit Plaintiff to present his class motion, at

2    the appropriate time and upon an adequate record.[11]

### B.    The Court's Scheduling Order on Class Certification Does Not Prejudice Gap

#### 1.    Gap Does Not Face Increased Discovery Burdens

Gap argues that the class definition must be addressed at this stage because otherwise, it
will be subjected to discovery that "potentially" exceeds permissible limits. (*See* Def. Mem. P.
& A. 9:22.) Gap recently said it completed its document production and only the depositions
that Plaintiff noticed remain outstanding. If Gap's document production is complete as it claims,
its argument about discovery burdens is moot.

Moreover, Gap fails to identify exactly what type of discovery is or would be
impermissible. Ruiz can only assume Gap means discovery concerning Gap's knowledge of any
identity theft incidents. This type of discovery, however, is relevant to Plaintiff's claims even if
the Class is defined as Gap would prefer. For instance, Plaintiff alleges that he and the Class are
now at an increased risk of identity theft. (*See* Compl. ¶ 56.) Whether members of the Class
have experienced identity theft is relevant to this claim. This evidence is also relevant to Gap's
defense that this is a mere case of "fear a puddle." (*See* Def. Mem. P. & A. 1:6-24.)

In any case, Gap fails to point to any such inappropriate discovery request, interrogatory,
or request for admission propounded by Ruiz. Moreover, this Court is not tasked with resolving
hypothetical discovery disputes nor is a premature motion to strike the appropriate vehicle for
raising such issues. If Ruiz propounded a discovery request of the nature Gap has imagined, the
appropriate procedure is for Gap to: (1) timely object to the specific request, (2) discuss the
reasons for its objections with Ruiz, and then, if necessary, (3) seek resolution of the matter from
the Court. *See* N.D. Cal. Civ. R. 37-1. Gap has not done so. Accordingly, the Court's schedule
should remain in place.

---

[11]    Gap's premature attacks on class issues prejudice Plaintiff to the extent that Gap seeks
to illicit Plaintiff's legal arguments and theories months before Plaintiff may move for
certification. Gap's tactic also provides it with (at least) three bites at the proverbial apple.

11

## 2.    Gap's Due Process Objection is Unavailing

The Court's current schedule for class certification does not violate Gap's due process rights. Gap makes the curious argument that because Ruiz has not been injured, he cannot bind Class members who have been injured and that therefore its due process rights are being violated by having to "defend against the claims of persons that Gap cannot bind." (*See* Def. Mem. P. & A. 10:1-12.)  Gap's argument is wrong on many levels.

First, Ruiz's testimony shows that he has been injured.  Also, this Court has specifically rejected Gap's argument that Ruiz lacks standing and is uninjured. *Ruiz*, 540 F. Supp. 2d at 1125-26.  Second, class certification has not been decided and therefore Gap is not being forced to defend against anyone else's claims besides Plaintiff's.  Gap is also not being forced to prove the lack of actual incidents of identity theft; rather, Gap is simply being asked to produce what it knows about any incidents of identity theft.  Gap's due process argument is appropriately made at the class certification hearing, after Plaintiff has filed his motion for class certification setting forth the proposed Class for which he seeks certification.

The principle in *Richards v. Jefferson County,* 517 U.S. 793, 805 (1996) is inapplicable here.  In that case, the Supreme Court held that tax payers were not barred from challenging a state's allegedly unconstitutional deprivation of their property despite a similar prior litigation challenge by different tax payers. *See id.*  The tax payers were not barred because they did not receive notice or an opportunity to be heard and the state court did not have procedures analogous to Rule 23.  In contrast here, there has not been a class certification hearing, a finding on adequacy, and the Court here will follow Rule 23.

Similarly, Gap's reliance on *W. Union Tel. Co. v. Pennsylvania,* 368 U.S. 71, 75 (1961) is misplaced.  Gap cites this case for the proposition that "A 'holder of . . . property is deprived of due process of law if he is compelled to relinquish it without assurance that he will not be held liable again in another jurisdiction or in a suit brought by a claimant who is not bound by the first judgment.'" (*See* Def. Mem. P. & A. 9:6-11.)  That case also did not involve a class action and

12

1  again, has nothing to do with the circumstances here.  The introductory phrase—which Gap

2  conveniently omits—involves a state court's exercise of *in rem* jurisdiction.[12]  In fact, courts

3  have certified settlement classes in privacy breach cases throughout the United States without

4  running afoul of any due process considerations.  (*See, e.g.* Rezvani Decl., Exh. D.)

5         Finally, this Court has not ruled on class certification and there certainly has not

6  been a final judgment entered.  The hearing for Plaintiff's motion for class certification is

7  scheduled for December 5, 2008.  At that time, Gap can raise whatever due process claims it

8  desires.

**C.    Gap's History of Unnecessarily Multiplying the Proceedings in this Case Is a**
9  **Waste of the Court's Scarce Time and Resources and Warrants Sanctions**

10         In duplicating its previous motion to strike and again prematurely opposing class

11  certification, Gap abuses Rule 23, the purpose of which is to promote efficiency and economy of

12  litigation rather than multiply the proceedings.  *Crown, Cork, and Seal Co. v. Parker*, 462 U.S.

13  345, 349 (1983).  Further, Gap's motion is substantively baseless and misleading throughout.

14  Aside from raising the frivolous arguments discussed above, Gap violates Local Rule 3-4(e) by

15  citing at least one case ordered "not for citation" and does so without any indication to the Court

16  (*See* Def. Mem. P. & A. 4:25-5:1 (citation to *Dodd-Owens*).)[13]  Moreover, Plaintiff's counsel

17  outlined all the shortcomings in Gap's putative motion well in advance of its filing.  (*See* Stern

18  Decl. Ex. A-2 and A-4.)  Yet, Gap chose to file this motion requiring Ruiz's counsel to expend

19  _____

20  [12]    The full quote is as follows: "And our prior opinions have recognized that when a state court's jurisdiction purports to be based, as here, on the presence of property within the state, the holder of such property is deprived of due process of law if he is compelled to relinquish it
21  without assurance that he will not be held liable again in another jurisdiction or in a suit brought by a claimant who is not bound by the first judgment." (citations omitted) *W. Union Tel.C. v.*
22  *Pa.,* 368 U.S. at 75.

23  [13]    N.D. Cal. Civ. R. 3-4(e). "Prohibition of Citation to Uncertified Opinion or Order. Any order or opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14 or
24  pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the
25  case, *res judicata* or collateral estoppel." *Id.*

26                                    13
PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC

1    considerable time in opposing.

2         Plaintiff's counsel advised Gap in writing via its counsel that if a premature motion was

3    filed, and lost, that Plaintiff would seek fees and costs associated with its (now second) class

4    certification defense. (*See* Stern Decl., Ex. A-4.) The Court has multiple sources of authority to

     sanction Gap's conduct here. *See, e.g.,* 28 U.S.C. § 1927 (1980); N.D. Cal Civ. R. 1-4.

5         To prevent future unnecessary filings, Ruiz respectfully requests that the Court sanction

6    Gap either verbally or through a written order and award Ruiz attorneys' fees and costs

7    associated with opposing Gap's instant procedurally defective and premature motion.

8    **IV.    CONCLUSION**

9         For the forgoing reasons, Plaintiff respectfully requests that the Court deny Defendant's

10   Motion to Strike Class Definition Or, in the Alternative, to Amend the Class Definition.

     Dated: August 15, 2008              Respectfully submitted,

11

12                                  **FINKELSTEIN THOMPSON LLP**

13

14                                  Daniel T. LeBel

15                                  Rosemary M. Rivas

16                                  Mark Punzalan
                                    100 Bush Street, Suite 1450

17                                  San Francisco, CA 94104
                                    Telephone: (415) 398-8700

18                                  Facsimile: (415) 398-8704

19                                  Mila F. Bartos
                                    Tracy Rezvani

20                                  Karen J. Marcus
                                    **FINKELSTEIN THOMPSON LLP**

21                                  1050 30th Street, NW
                                    Washington, D.C. 20007

22                                  Telephone: 202.337.8000
                                    Facsimile: 202.337.8090

23

24

25

26                                14
     PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
     CASE NO. CV07-05739-SC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Of Counsel*
Ben Barnow
**Barnow & Associates P.C.**
One N. LaSalle Street
Suite 4600
Chicago, IL  60602

PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
CASE NO. CV07-05739-SC