WILLIAM L. STERN (CA SBN 96105)
GEOFFREY R. PITTMAN (BAR NO. 253876)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
E-mail: wstern@mofo.com

Attorneys for Defendant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No.   C 07-5739 SC<br><br>**GAP INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION**<br><br>Date:   September 5, 2008<br>Time:   10:00 a.m.<br>Room:   Courtroom 1, 17th Floor<br>Judge:   Honorable Samuel Conti<br><br>Complaint filed:  November 13, 2007 |

**I.   INTRODUCTION.**

Despite his best effort to confuse the issues, plaintiff Joel Ruiz ("Ruiz") fails to squarely address how someone who has not suffered an identity theft should be permitted to represent someone who has. That is the only question that matters on this motion. Instead, Ruiz characterizes GAP Inc.'s ("GAP") motion as an "end run" and an attempt to "avoid its discovery obligations." Plaintiff could not be more wrong. GAP has complied with its discovery obligations. But most importantly, even if discovery were drawn out for years, it would not change the simple fact that by his own admission, Ruiz has not suffered an identity theft.

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
sf-2565417

1

Ruiz's opposition brings into sharp focus the issues for decision. A class representative who suffered "X" may sue on behalf of others for "X." But if he has not suffered "Y," then he may not sue for "Y" either for himself or on behalf of others. Here, the U.S. Supreme Court has ruled that no single plaintiff and no single lawyer could ever represent both "X" and "Y" interests. The Court should fix the class definition either by striking it or ordering Ruiz to amend it.

No amount of discovery will make Ruiz into something he is not—an identity theft victim. He admitted in deposition and in interrogatory answers that he didn't have his identity stolen, and knows of no one who did. He does not dispute this.[1] Accordingly, "it is obvious after *Amchem*[2] that a class divided between holders of present and future claims . . . requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). Ruiz fails to address *Amchem* or *Ortiz* in his opposition papers.

It is one thing for Ruiz to represent a class of "X"—persons who, like him, may be at an "increased risk" of having their identities stolen. This is Ruiz's own claim. It is quite another for Ruiz to represent a hypothetical class of persons who, *unlike* Ruiz, have suffered an identity theft. These "phantom" claims have no business in this lawsuit. Ruiz admits as much, because the Complaint never mentions these claims, which is another important omission he fails to address. This claim appears only in his class definition. This is litigation by stealth.

Rule 23(d)(1)(D) "require[s] that the pleadings be amended to eliminate allegations about representation of absent persons . . . ." The Court should either strike the class definition or revise it so that it encompasses only those claims that Ruiz himself may bring.

---

[1] While Plaintiff continues to maintain that he has suffered an actual injury (Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Gap, Inc's Motion to Strike Class Definition, 12:7 ["Oppo. Mem."]), he has not. GAP will address the problems with Plaintiff's "Fear of Identity Theft" claim later, on summary judgment.

[2] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
SF-2565417

2

## II.    ARGUMENT IN REPLY

In its Opening Memorandum, pages 5-9, GAP showed that Ruiz's charging allegations (i) do not even encompass the claims of these "phantom" identity theft victims,[3] and (ii) even if pled, these "phantom" claims would not satisfy Rule 23. As opposed to responding directly to the issue raised in GAP's motion, Ruiz raises a number of arguments in opposition, none of which are responsive.

<u>First</u>, Plaintiff never disputes that these "phantom" claims are not even pled, and he never discusses the cases holding that a party may not seek to represent a class that is different from the charging allegations. (*Cf.*, Opening Mem., p. 6.) The Court should conclude Ruiz has no answer.

<u>Second</u>, Ruiz never discusses GAP's argument that the class definition is overbroad and that courts have broad discretionary authority to modify proposed class definitions. (*Cf.*, Opening Mem., pp. 10-11 [and cases cited].) Again, the Court should conclude he has no answer.

<u>Third</u>, Ruiz never denies that he is not an "adequate representative" of those claims. This omission taints all of his other arguments in opposition.

<u>Fourth</u>, turning to arguments Ruiz does raise, he says this motion is premature and should await the close of discovery. (Oppo. Mem., 1:5-9, 9:1-9.) But Ruiz has already admitted that he has not suffered an identity theft. (*Cf, id.*, 9:1-9, 12:7-8.) And importantly, there is a complete failure on the part of plaintiff to explain how additional discovery from GAP could possibly make Ruiz a victim of identity theft when he has already admitted that he is not.[4]

In effect, Ruiz is saying: "Let me take discovery in the hope of finding an actual victim of identity theft and, if I do, my lawyers can contact him and try to get him to be a class representative." (*See* Oppo. Mem., 9:10-10:1.) This is impermissible. In *Reed v. Bowen*, 849 F.2d 1307,

---

[3] Ruiz does not allege that his identity or anyone else's was stolen. Rather, his claim is that his information might someday be misused. (*Cf.* Compl., ¶¶ 56, 66.) As this Court said: "The only harm Ruiz alleges is that, as a result of the laptop thefts, he is now at 'an increased risk of identity theft.'" (Order, Docket #46, 4:27-5:2.)

[4] GAP never said that class discovery is complete. (*Cf.*, Oppo. Mem., 9:1-2.) Rather, it said: "However, no amount of discovery *from GAP* will change the fact that *Ruiz* has not experienced an identity theft. The Court will not know any more a year—or ten years—from now than it knows today." (Opening Mem., 4:1-4 [emphasis in original].)

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
SF-2565417

3

1309 (10th Cir. 1988) the Tenth Circuit held that discovery cannot be used to "identify, locate and persuade" potential class members to intervene as plaintiffs: "No court has held in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a suit which has no party plaintiff." *Id*. at 1313-14; *accord Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (class members' names and addresses are not "relevant" under Rule 26 because they have no "bearing . . . on issues in the case.").

      A variation on this argument is Ruiz's claim that GAP is seeking to cheat Ruiz out of discovery or accomplishing an "end run" around the Court's scheduling order. Neither is true. GAP has produced documents responsive not only to Ruiz's real claim but also the "phantom" claims of supposed identity theft victims. (Declaration of William L. Stern in Reply to Motion to Strike, ¶ 2.) It has revealed no reported incidents of actual identity theft as a result of the laptop incident. (*Id.*, ¶ 2.)[5] Depositions of GAP's witnesses are scheduled in San Francisco for September 10-12, 2008. (*Id.*, ¶ 3.) In short, Ruiz will be getting his fishing expedition no matter how the Court decides this motion.[6]

      As for the Court's scheduling order, it is true that GAP asked the Court to bifurcate this discovery until class certification and summary judgment could first be heard (*see* Docket #48, 3:16-28), and it is also true that the Court declined to do so. (Docket #52.) But, as just noted, GAP provided this discovery and is resigned to moving for summary judgment later.

---

[5] GAP is not asking Ruiz to take its word for this; he has gotten this discovery. This discovery has been costly and time consuming. Among other things, GAP has had to the collect and produce phone logs, e-mails, and other documents reflecting the inquiries of putative class members who phoned GAP or its third-party vendor to ask about the incident following their receipt of the breach notification letter. There is no discovery that GAP has withheld on the basis that Ruiz is not himself a victim of actual identity theft. (Stern Decl., ¶ 2.)

[6] Despite the burden, GAP is providing this discovery. (Stern Decl., ¶ 2.) So, in ruling on this motion, the Court is not addressing whether this discovery is relevant. (*Cf.*, Oppo. Mem., 9:1-9.)

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
SF-2565417

4

1    Ruiz's discovery argument is a red herring. The issue on this motion is whether Ruiz
2 should be able to assert the *unpled* claims *of others*. No amount of discovery from GAP will
3 change Ruiz into someone who has suffered an identity theft.

4    Fifth, Ruiz contends this motion is defective because it is a motion to strike under Rule
5 12(f) and that GAP bears a "formidable" burden. (Oppo. Mem., 5:6-9; 6:7-7:16.) That is wrong.
6 GAP's motion is not brought under a Rule 12(f) motion but under Rule 23(d)(1)(D). Ruiz's real
7 disagreement is that the only "proper procedure for determining class issues under Rule 23 [is]
8 discovery, the motion practice *initiated by the plaintiff*…." (Oppo. Mem., 8:8-10 [italics added].)
9 That is also wrong.

10    As GAP noted in its Opening Memorandum, "the Ninth Circuit has approved of class
11 action determinations even at the pleading stage," citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d
12 205, 212 (9th Cir. 1975). Again, Ruiz never discusses *Kamm*. Nor does he dispute that a defen-
13 dant can initiate a no-class certification determination. *Cf.*, 7A Charles Alan Wright et al.,
14 *Federal Practice and Procedure* § 1785, at 360 (3d ed. 2005) ("Either plaintiff or defendant may
15 move for a determination under Rule 23(c)(1)"). As for burden, Ruiz never discusses the cases
16 cited in the Opening Memorandum holding that plaintiff—not GAP—has the burden of proving
17 class certification "even where the defendant files a motion challenging the propriety of the class
18 allegations." (*Cf.*, Opening Mem., pp. 6-7 [and cases cited].)

19    The Ninth Circuit has also noted that the predecessor to Rule 23(d)(1)(D) was designed
20 for precisely this purpose: "Where appropriate, the district court may redefine the class, …."
21 *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001). As Moore's states, "[a] court may
22 order deletion of portions of a complaint's class claims once it becomes clear that the plaintiffs
23 cannot possibly prove the deleted portion of those claims." 5-23 Jerold S. Solovy et. al., *Moore's*
24 *Federal Practice* § 23.145 (3d ed. 2008); *accord In re Initial Pub. Offering Sec. Litig.*, 2008 Fed.
25 Sec. L. Rep. (CCH) ¶ 94, 730 (S.D.N.Y. 2008); *Rahman v. Smith & Wollensky Rest. Group*, No.
26 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008); *Gates v. Rohm & Haas Co.*, No.
27
28

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
SF-2565417

5

06-1743, 2007 WL 1366883, at *3 (E.D. Pa. May 3, 2007).[7] Here, GAP is seeking nothing more than relief that is properly available to any litigant.

<u>Sixth</u>, taking discovery and amending to add later the hypothetical claims of identity theft victims is not an option because, as noted in the Opening Memorandum, pages 7-8, the U.S. Supreme Court in *Amchem* has held that the interests of class members whose injuries are manifest are not aligned with those whose injuries are only latent, i.e., persons who merely face an increased risk of injury. 521 U.S. at 626. Moreover, in *Ortiz*, it held that the two groups—manifest vs. latent claimants—would require "separate representation to eliminate conflicting interests of counsel." 527 U.S. at 856. As previously stated, Ruiz never mentions *Amchem* or *Ortiz*. Again, the Court could conclude that he has no answer.

Despite Ruiz's admission that he has not suffered identity theft, he attempts to cobble together a claim of injury in that he had to "mak[e] cell phone calls and visit[]websites to protect his identity." (*Id.*, 3:3-6.)[8] This will be the subject of a later motion for summary judgment. For now, this motion is not about Ruiz's fear of injury but rather, whether he may represent a class of persons (if any) who have suffered actual identity theft, which Ruiz has not.

<u>Seventh</u>, Ruiz denies that GAP is prejudiced. (Oppo. Mem., 11:5-9.) But a litigant is necessarily prejudiced when it faces claims that are unpled, by a claimant who lacks standing and cannot bring them even if they were pled, and who could not bind anyone if the case settled or went to final judgment. The better question is not how is GAP prejudiced, but by what right does Ruiz think he may assert claims he does not have?[9]

---

[7] This Court's decision in *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2006 WL 3422198 at *3 (N.D. Cal., Nov. 28. 2006) is not to the contrary. In that case, discovery could have affected the certification decision. Here, it cannot make Ruiz into something he's not.

[8] Ruiz claims he does not have custody or control of his own telephone records and refuses to produce them. (Stern Decl., ¶ 4.; Ex. A.)

[9] As we said in the Opening Memorandum, "[i]n no other context could someone who sues another for negligence be permitted to shift to the defendant the burden of proving that no one was injured." (*Id.*, 9:25-27.) Again, Ruiz has no answer.

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
SF-2565417

6

<u>Finally</u>, Ruiz's attempted distinction of *W. Union Tel. Co. v. Pa.*, 368 U.S. 71 (1961), that it was not a class action or was an *in rem* action, makes no sense. (Oppo. Mem., 12:21-13:4.) There is not a separate due process clause for class actions, nor is the deprivation of property without the ability to bind one's opponent any different in *in personam* versus *in rem* actions.

None of Ruiz's arguments in opposition has merit.

### III. CONCLUSION.

For all of the foregoing reasons, GAP respectfully requests that this Court strike the class definition with leave to amend or, in the alternative, order that the class definition be amended to exclude those claimants who have suffered an actual identity theft.

Dated: August 22 2008

WILLIAM L. STERN
GEOFFREY R. PITTMAN
MORRISON & FOERSTER LLP

By  /s/ William L. Stern
         William L. Stern

Attorneys for Defendant GAP INC.

GAP INC.'S REPLY BRIEF ISO MOT. TO STRIKE PL.'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS DEFINITION - CASE NO. C 07-5739 SC
SF-2565417

7