**EXHIBIT A**

Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

RECEIVED
JUL 3 0 2008

[Additional Counsel Listed on Signature Page]

Counsel for Plaintiff Joel Ruiz

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>Defendants. | Case No. CV07-05739-SC<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT GAP, INC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:** Gap, Inc.

**RESPONDING PARTY:** Joel Ruiz

**SET NUMBER:** Two

Plaintiff Joel Ruiz ("Plaintiff") hereby responds to Gap Inc.'s ("Gap") Second Set of Requests for Production of Documents (the "Requests"), pursuant to the Federal Rules of Civil Procedure, as follows:

# GENERAL OBJECTIONS

Plaintiff asserts the following, additional general objections (collectively, the "General Objections") to the Requests, each of which is incorporated into the specific responses and objections set forth below:

1. Plaintiff objects to the Requests to the extent that they purport to impose requirements of obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Requests, and to each Definition, Instruction or specific request therein, insofar as they seek documents that are not relevant to specific claims or defenses in this litigation and are not likely to lead to the discovery of admissible evidence and/or exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26.

3. Plaintiff objects generally to the Requests, including the "Definitions" and "Instructions" to the extent that they are vague, ambiguous, irrelevant, duplicative and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is responding to the Requests based upon his interpretation and understanding of each Request. Should Plaintiff assert a different interpretation of any Request, Plaintiff reserves the right to supplement or modify his response and/or objection to such Request.

4. Plaintiff objects to the Requests, and to each definition, instruction and specific request contained therein, insofar as they seek documents not in Plaintiff's possession, custody or control as contemplated by Federal Rule of Civil Procedure 26. Plaintiff further objects to the Requests to the extent they seek documents that Plaintiff does not have the practical ability to retrieve.

5. Plaintiff objects to each request in that it does not call for facts, but rather an elaborate explanation of a legal issue that will be the subject of legal briefing.

6. Plaintiff objects to the Requests to the extent they call for the production of documents that do not exist. Furthermore, any objection of lack or objection to any of the Requests is not to be deemed as an admission that Plaintiff has any information or documents responsive to a particular Request.

PLAINTIFF'S RESPONSE TO GAP INC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
CASE NO. C 07-5739SC

2

7.  Plaintiff objects to the extent the Requests seek information already obtained or obtainable from sources that are more convenient, less burdensome, or less expensive. Plaintiff objects to the extent that the Requests seek documents, which are already in Defendants possession or are readily accessible to Defendants.

8.  Plaintiff objects to the Requests to the extent they call for the production of information of documents that were prepared for or in anticipation of litigation, constitute work product, contain or reflect attorney-client communications, or are otherwise privileged. To the extent that any Request may be construed as calling for documents that are subject to any such claim or privilege, Plaintiff hereby asserts that doctrine or privilege and objects on that basis. Any inadvertent production of a document that is properly the subject of a privilege shall not be deemed a waiver, in whole or in part, of any such privilege. Any documents subject to a privilege, if inadvertently produced, shall be returned by Defendant immediately upon the request of Plaintiff. Any information derived solely from any inadvertently produced document subject to a proper claim of privilege shall not be used by Defendant in any manner.

9.  Plaintiff objects to the Requests as overly broad and unduly burdensome to the extent they require Plaintiff to do more than make a good faith effort and use reasonable diligence to locate responsive documents within Plaintiff's custody, based on an inquiry of those persons who reasonably may be expected to possess responsive documents and an examination of those files that reasonably may be expected to contain responsive documents.

10. Plaintiff objects to the Requests to the extent they require the disclosure of confidential and/or private information, as defined by the protective order to be entered in this case.

11. Plaintiff's responses are only based on facts reasonably known to Plaintiff at the time of responding to these Requests. Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these responses.

12. Plaintiff preserves all objections, including, but not limited to, objections to competence, relevance, materiality and admissibility, regarding information contained in Plaintiffs' Responses and Objections.

CASE NO. C 07-5739SC
3

13.     Plaintiff's specific responses and objections to Defendant's Requests are subject to and without waiver of the foregoing General Objections.

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All monthly telephone records that show telephone calls YOU made, or attempted to make, to the following phone numbers between September 28, 2007 and the present date:

1-(866) 237-4007

1-(888) 276-0529

1-(866) 252-0121

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this request on the grounds that it seeks information protected by Plaintiff's constitutional right to privacy. Plaintiff further objects to this request to the extent it calls for the production of confidential and sensitive personal information. Subject to and without waiving the General Objections above, Plaintiff responds as follows:

Plaintiff does not have possession, custody or control of responsive documents nor does Plaintiff have the legal ability to retrieve these documents. Plaintiff has made a good faith attempt to obtain the telephone records from the applicable service provider, T-Mobile. However, as stated in his deposition, Plaintiff's cellular telephone service is not contracted under his name. Because the cellular account is not in Plaintiff's name, T-Mobile is not authorized to release the records responsive to this request absent a subpoena.

**REQUEST FOR PRODUCTION NO. 2:**

All monthly telephone records that show telephone calls YOU made, or attempted to make, to GAP between September 28, 2007 and the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See Plaintiff's Response to Request for Production No. 1

PLAINTIFF'S RESPONSE TO GAP INC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
CASE NO. C 07-5739SC

4

**REQUEST FOR PRODUCTION NO. 3:**

All monthly telephone records that show telephone calls YOU made, or attempted to make, to Experian or consumerinfo.com between September 28, 2007 and the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

See Plaintiff's Responses to Request for Production Nos. 1 and 2.

Dated: July 30, 2008                              **FINKELSTEIN THOMPSON LLP**

                                                  /s/ Mark Punzalan
                                                  Mark Punzalan

                                                  Rosemary M. Rivas
                                                  **FINKELSTEIN THOMPSON LLP**
                                                  100 Bush Street, Suite 1450
                                                  San Francisco, California 94104
                                                  Telephone: 415.398.8700
                                                  Facsimile: 415.398.8704

                                                  Mila F. Bartos
                                                  Tracy D. Rezvani
                                                  Karen J. Marcus
                                                  1050 30th Street, NW
                                                  Washington, D.C. 20007
                                                  Telephone: 202.337.8000
                                                  Facsimile: 202.337.8090

                                                  *Of Counsel*
                                                  Ben Barnow
                                                  **BARNOW AND ASSOCIATES, P.C.**
                                                  One N. LaSalle Street
                                                  Suite 4600
                                                  Chicago, Illinois 60602

PLAINTIFF'S RESPONSE TO GAP INC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
CASE NO. C 07-5739SC

## CERTIFICATE OF SERVICE

I, Sheeree Renwick, declare:

I am employed in San Francisco County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Finkelstein Thompson LLP, 100 Bush Street, Suite 1450, San Francisco, California 94104.

I hereby certify that on July 30, 2008, I caused the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT GAP, INC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be:

☒ hand delivered to the following participants:

William L. Stern, wstern@mofo.com
Claudia M. Vetesi, cvetesi@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on July 30, 2008.

*/s/ Sheeree Renwick*
Sheeree Renwick