United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL RUIZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>GAP, INC., and DOES 1-9 inclusive,<br><br>        Defendants. | Case No. 07-5739 SC<br><br>ORDER DENYING GAP, INC.'S MOTION TO STRIKE PLAINTIFF'S CLASS DEFINITION OR, IN THE ALTERNATIVE, TO AMEND THE CLASS <u>DEFINITION</u> |

## I. **INTRODUCTION**

This matter comes before the Court on Defendant Gap, Inc.'s Motion to Strike Plaintiff's Class Definition or, in the Alternative, to Amend the Class ("Motion"). Docket No. 56. Plaintiff Joel Ruiz filed an Opposition and Gap submitted a Reply. Docket Nos. 59, 62. For the reasons stated herein, the Defendant's Motion is DENIED.

Plaintiff has also filed a Motion to Modify Initial Case Management Conference Order. Docket No. 72. In that Motion, Plaintiff seeks to continue the hearing date for its motion to certify the class and Defendant's motion for summary judgment, which had previously been scheduled by this Court for December 5, 2008. Docket No. 52. In addition, Plaintiff seeks to extend the

1   discovery cutoff date, which this Court had set for October 1,
2   2008.  Id.  Although Defendant has not yet filed an opposition to
3   this Motion, the Court nonetheless finds that a continuation of
4   both the discovery cutoff and the hearing date is appropriate.
5   Therefore, the hearing date for Plaintiff's motion to certify the
6   class and Defendant's motion for summary judgment is continued
7   until Friday, February 6, 2009, at 10:00 a.m.  The briefing
8   schedule for these motions shall run from the new hearing date in
9   accordance with the Federal Rules of Civil Procedure.  In
10  addition, the discovery cutoff is hereby continued until 45 days
11  before the motion hearing date.

**II.  BACKGROUND**

This action arises out of the theft of two laptop computers from a Gap vendor that contained the personal information, including social security numbers, of approximately 800,000 Gap job applicants.  The information was not encrypted and was therefore easily accessible.[1]  Plaintiff Ruiz was one of the 800,000 applicants and, in reaction to the theft of the laptops, filed the present class action.  Plaintiff's proposed class is as follows:

> All persons that have applied for a position with Gap Inc., Old Navy, Banana Republic, Piperlime, Outlet Stores, or any other relevant Gap brand store, through Gap's application process from July 1, 2006[,] to July 31, 2007, and

---

[1] For a more detailed factual background, see this Court's Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings.  Docket No. 46.

2

1   whose personal information was compromised in a laptop theft from one or
2   more of Gap's third party vendors.
3   Compl., Docket No. 1, ¶ 44.  Plaintiff asserted the following
4   causes of action: (1) negligence; (2) bailment; (3) violation of
5   California Business and Professions Code § 17200 et seq.; (4)
6   violation of the California Constitutional right to privacy; and
7   (5) violation of California Civil Code § 1798.85.[2]

## III. DISCUSSION

In the Court's previous Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings ("March 24 Order"), the Court granted judgment on the pleadings in favor of Gap on the second, third, and fourth claims.  March 24 Order at 11.  In this March 24 Order, the Court also denied a separate motion by Gap to strike Plaintiff's class allegations.  Id. at 2. Nonetheless, Gap has now filed a Motion to Strike Plaintiff's Class Definitions or, in the Alternative, to Amend the Class Definition.  Seeking to distinguish its two separate motions challenging the class allegations, Gap states: "It is also a different motion than before.  Unlike last time, Gap does not seek to strike the class allegations, only the class definition."  Mot. at 3.

Gap argues that because Plaintiff has not alleged that his

---

[2] California Civil Code § 1798.85 prohibits a company from "[r]equiring an individual to use his or her social security number to access an Internet Web site, unless a password or unique personal identification number or other authentication device is also required to access the Internet Web site."

3

1  identity was actually stolen as a result of the laptop thefts,
2  Plaintiff must either strike his class definition or amend it so
3  that it includes a sentence stating, "This definition excludes any
4  such person who has suffered, or claims to have suffered, actual
5  identity theft as a result of the incident."  Mot. at 11.

6  Gap's Motion fails for two reasons: first, Gap's Motion seeks
7  to continue litigating the propriety of Plaintiff's class
8  allegations even though this Court has already stated that such
9  attacks are premature, given that Plaintiff's have not yet even
10 filed a motion to certify the class.  See March 24 Motion at 2.
11 Second, Gap is aware that the motion to certify the class will
12 soon be before the Court.  In a transparent attempt to preempt the
13 class certification motion, Gap styled its current Motion as one
14 to strike the class definition, but then goes on to argue the
15 merits of class certification.  See, e.g., Mot. at 6 (arguing that
16 Ruiz has failed to establish the factors necessary under Federal
17 Rule of Civil Procedure 23 for class certification).

18 As Gap's current Motion not only repeats arguments asserted
19 by Gap in its prior Motion to Strike Class Allegations but also
20 seeks to prematurely litigate class certification, the Motion is
21 DENIED.

22 Plaintiff has requested sanctions against Gap for filing this
23 Motion and has asked for recovery of the fees and costs associated
24 with opposing the Motion.  See Opp'n at 14.  At this time, the
25 Court declines Plaintiff's request.
26 ///
27 ///
28

4

**IV.    CONCLUSION**

For the reasons stated above, Gap's Motion to Strike Plaintiff's Class Definition or, in the Alternative, to Amend the Class, is DENIED.  The hearing on Plaintiff's motion to certify the class and Defendant's motion for summary judgment is continued until Friday, February 6, 2009, at 10:00 a.m.  The discovery cutoff is hereby extended until 45 days before this hearing date.

IT IS SO ORDERED.

Dated: October 2, 2008

UNITED STATES DISTRICT JUDGE