1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8
JOEL RUIZ, on behalf of himself and)   Case No. 07-5739 SC
9   all others similarly situated,    )
                                      )   ORDER GRANTING IN
10         Plaintiff,                  )   PART AND DENYING IN
                                      )   PART PLAINTIFF'S
11      v.                            )   AMENDED MOTION FOR
                                      )   LEAVE TO FILE FIRST
12   GAP, INC., and DOES 1-9 inclusive, )   AMENDED COMPLAINT
                                      )
13         Defendants.                )
                                      )
14   _____)

15   **I.    INTRODUCTION**

16         This matter comes before the Court on Plaintiff's Amended

17   Motion for Leave to File First Amended Complaint ("Motion").

18   Docket No. 81.  Plaintiff Joel Ruiz ("Ruiz") attached to the

19   Motion a copy of the proposed First Amended Complaint ("FAC").

20   Id. Ex. A.  Defendant Gap, Inc. ("Gap") filed an Opposition and

21   Plaintiff submitted a Reply.  Docket Nos. 84, 86.  For the reasons

22   stated herein, the Motion is GRANTED IN PART and DENIED IN PART.

23

24   **II.   BACKGROUND**

25         This action arises out of the theft from a Gap vendor of two

26   laptop computers that contained the personal information,

27   including social security numbers, of approximately 750,000 Gap

28   job applicants.  The information was not encrypted and was

United States District Court
For the Northern District of California

therefore easily accessible.  In response to these thefts, Gap
notified the applicants whose personal information was on the
computers and offered to provide these applicants, including Ruiz,
with twelve months of credit monitoring and fraud assistance
without charge.  Ruiz was one of the applicants and, in reaction
to the theft of the laptops, he filed the present class action.

On March 24, 2008, the Court granted in part and denied in
part Gap's Motion for Judgment on the Pleadings ("March 24, 2008
Order"), Docket No. 46.  Although originally set for October 1,
2008, the discovery cutoff was extended to December 23, 2008.
Docket Nos. 52, 75.  Neither Ruiz nor Gap has filed motions for
summary judgment, and no trial date has been set.

Ruiz's Motion seeks leave to amend the Complaint to: (1) name
Gap's vendor as a defendant; (2) add a claim for violation of the
California Unfair Competition Law, Business & Professions Code,
section 17200 <u>et</u> <u>seq.</u>; and (3) to add a breach of contract claim
against the vendor.  Mot. at 5.


**III. <u>LEGAL STANDARD</u>**

With leave of the court, a party may amend its pleadings, and
"[t]he court should freely give leave when justice so requires."
Fed. R. Civ. P. 15(a)(2).  This policy should be applied with
"extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316
F.3d 1048, 1051 (9th Cir. 2003).  However, district courts may
deny amendments that would cause undue prejudice to the defendant,
that are sought in bad faith, that are futile, or that would cause
undue delay. <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir.

2

1999).  Undue delay by itself is not sufficient to justify denying a motion to amend.  Id.  The party opposing the amendment bears the burden of showing prejudice.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

**IV.  DISCUSSION**

   **A.   Amending the Complaint to Add the Vendor as a Defendant and to Add a Breach of Contract Claim**

   Ruiz seeks leave to file the FAC adding Gap's vendor as a defendant, and adding a breach of contract claim based on an agreement between Gap and the vendor.  Mot. at 5-6. Ruiz seeks to allege that, under the agreement, the vendor was obligated to institute or implement commercially reasonable efforts to protect the personal information of Ruiz and the putative class members, that the vendor failed to do so, and that as third-party beneficiaries of the contract, Plaintiff and the putative class members can sue for breach of the agreement.  Id. at 6-7.

   Gap contends that the motion for leave to amend should be denied because Ruiz has engaged in undue delay.  See Opp'n at 2-4. Ruiz responds that the Motion is timely because it is based on a review of testimony and 13,000 pages of documents obtained from Gap and the vendor in September 2008.  See Reply at 2-3.  Gap contends that this delay has prejudiced Gap because Plaintiff might seek to reopen discovery after the amendments.  See Opp'n at 3.

   Gap fails to meet its burden of showing why the Court should deny Ruiz leave to add the vendor as a defendant, and to add a

3

breach of contract claim against the vendor.  The facts of this case do not indicate the kind of egregious, unexplained delay in filing a motion to amend that might warrant denying the Motion.  See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (noting that eight month delay between time of obtaining relevant fact and seeking leave to amend was unreasonable).

Gap has not shown that it would be substantially prejudiced by the proposed amendments.  Gap's prejudice contention hinges on the concern that Ruiz might seek to reopen discovery.  However, the vendor has already been subject to third-party discovery.  Mot. at 8.  Employees of the vendor were deposed on September 18-19, 2008.  Punzalan Decl. at 1.[1]  The vendor has produced over 15,000 pages of documents.  Rivas Decl. Ex. A ("Discovery Timeline").[2]  Ruiz goes so far as to declare that he does not intend to reopen discovery "absent extenuating circumstances."  Reply at 4.

In the cases Gap cites to support its contentions of undue delay and prejudice, the delay was longer or the prejudice to the defendant was more substantial than any prejudice Gap will face.  In Kaplan v. Rose, the complaint had already been amended twice,

---

[1]  Mark Punzalan, an associate at Finkelstein Thompson LLP, attorneys for Plaintiff, filed a declaration in support of the Motion ("Punzalan Decl."). Docket No. 78.

[2] Rosemary M. Rivas, a partner at Finkelstein Thompson LLP, attorneys for Plaintiff, filed a declaration in support of the Reply ("Rivas Decl."). Docket No. 87.  Attached to the declaration is an exhibit showing the timeline of discovery events in the action.

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1  the amendments were not before the court until after summary

2  judgment motions had been filed, and documents containing two of

3  the statements plaintiff sought to add were known to him "from the

4  beginning of the litigation, as evidenced by his complaint." 49

5  F.3d 1363, 1369-70 (9th Cir. 1995).  In Solomon v. North American

6  Life and Casualty Insurance Co., the plaintiff sought to file a

7  second amended complaint two weeks before the discovery deadline,

8  and the amendment failed to state a valid claim for relief.  151

9  F.3d 1132, 1134-39 (9th Cir. 1998).  In McGlinchy v. Shell

10  Chemical Co., the complaint had been amended twice before, and

11  there was no notice of an intention to amend until six months

12  after appellants became aware of the new claims.  845 F.2d 802,

13  809-10 (9th Cir. 1988).

14      Here, Ruiz seeks to amend the Complaint for the first time,

15  and correspondence between the attorneys indicates that Gap was on

16  notice of Ruiz's intention to amend the Complaint at least since

17  October 24, 2008.  See Punzalan Decl., Ex. A ("October 24, 2008

18  Letter").  Furthermore, the agreement between Gap and the vendor -

19  upon which the proposed breach of contract claim is based - was

20  not produced until July 10, 2008, certainly long after the

21  beginning of the litigation.  See Opp'n at 2-3.  In any case, the

22  need to reopen discovery is not fatal to a motion to amend where

23  facts underlying the new claim come to light during discovery and

24  the party seeking amendment plausibly accounts for the delay.

25  Genentech, Inc. v. Abbot Labs., 127 F.R.D. 529, 531 (N.D. Cal.

26  1989).

27      Ruiz is GRANTED leave to amend the Complaint to add the

28                                    5

**United States District Court**
For the Northern District of California

1  vendor as a defendant and to add a breach of contract claim

2  against the vendor.

3      **B.   Amending the Complaint to Add a Section 17200 Claim**

4      Ruiz also seeks leave to amend the Complaint to re-assert a

5  section 17200 claim.  Mot. at 3.  However, on March 26, 2008, the

6  Court dismissed Plaintiff's claim under the California Unfair

7  Competition Law, Business and Professions Code section 17200 <u>et</u>

8  <u>seq.</u>  <u>See</u> March 24, 2008 Order at 9.  The dismissal was with

9  prejudice.  <u>See</u> <u>id.</u> at 1.  Ruiz should have sought leave of the

10  Court to file a motion for reconsideration of the dismissal.  <u>See</u>

11  Civ. L. R. 7-9(a).  Ruiz's motion for leave to amend the Complaint

12  to add a claim that was previously dismissed with prejudice is

13  procedurally improper.

14      Ruiz relies on <u>Hinton v. Pacific Enterprises</u>, 5 F.3d 391 (9th

15  Cir. 1993), to argue that notwithstanding an order of dismissal

16  with prejudice, a motion to amend should be governed by the

17  standards of Federal Rule of Civil Procedure 15, and not by the

18  more stringent standards that apply to a motion for

19  reconsideration under the local rules.  Reply at 6.  In <u>Hinton</u>,

20  however, the plaintiff did file a motion for reconsideration, but

21  since at least part of her request and the federal rule cited

22  within the caption related to amending the complaint, the Ninth

23  Circuit treated the plaintiff's reconsideration motion as a

24  request to amend.  5 F.3d at 395.

25      Here, even if the Court treats Ruiz's motion as a request to

26  amend, the amendment would be futile because Plaintiff's proposed

27

28                              6

FAC still fails to state a claim.[3] To pursue a section 17200 claim, a plaintiff must have suffered an injury in fact and lost money or property as a result of the unfair competition. See March 24, 2008 Order at 9. Ruiz seeks to re-assert the claim by alleging that "Plaintiff and Class Members have incurred costs and spent time associated with monitoring and repairing their credit." FAC ¶ 82. Plaintiff also alleges that "Plaintiffs have lost property in the form of their [Personally Identifying Information]." Id. ¶¶ 83-84.

Ruiz relies on Witriol v. LexisNexis Group, where the court determined that an allegation that plaintiffs had incurred "costs associated with monitoring and repairing credit impaired by the unauthorized release of private information" was sufficient to state a claim under section 17200. No. 05-2392, 2006 WL 2725713, at *6 (N.D. Cal. Feb. 10, 2006). Here, the allegations in Ruiz's proposed FAC are quite different. As well as alleging that Ruiz and putative class members incurred costs and spent time associated with monitoring and repairing their credit, Ruiz also alleges that Gap sent Plaintiff and the putative class members a notice letter offering twelve months of credit reporting and fraud assistance without charge. FAC ¶ 61. While Ruiz alleges problems with the monitoring plans offered by Gap, none of the problems allege a loss of money. Id. ¶ 62. Ruiz alleges that some parents of minors had to pay $250 to sign up for the Family Secure plan,

---

[3] In the March 24, 2008 Order, the Court treated Gap's motion as both a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim. See March 24, 2008 Order at 1 n.1.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

but Ruiz also alleges that those parents could contact Gap to get reimbursed for that cost.  Id. ¶ 63.

Even if the FAC did not contain these allegations about the free service and reimbursements offered by Gap, it is far from clear that the time and expenditure associated with monitoring one's credit is the kind of loss of money or property necessary for standing to assert a claim under section 17200.  See Butler v. Adoption Media, LLC, 486 F. Supp. 2d 1022, 1062 (N.D. Cal. 2007)(determining that plaintiffs' expenditure of time and money preparing application was not loss of money or property necessary for standing because "[r]estitution, which is the only monetary recovery possible under § 17200, involves the payment or return of money or property that belongs to the plaintiff").

Nor has Ruiz alleged a loss of property sufficient to state a claim for relief.  Ruiz alleges that "Plaintiffs have lost property in the form of their PII."  FAC ¶¶ 83-84.  However, Ruiz has not cited any authority to support the contention that the unauthorized release of personal information constitutes "loss of property" as that phrase is understood in section 17200.  Instead, Ruiz cites to People v. Kozlowski, but there the court concluded that a PIN code constitutes property for purposes of the crime of extortion.  96 Cal. App. 4th 853, 865-69 (2002).  Plaintiff cites to People v. Dolbeer, but in that case, the court held that confidential lists of telephone subscribers were property for purposes of the crime of receiving stolen property.  214 Cal. App. 2d 619, 622-23 (1963).  Indeed, the court noted that the lists were not "mere information."  Id.  "As papers they are physical

goods and come within the definition of personal property contained in" the penal code.  Id.  In People v. Parker, the court re-affirmed that confidential telephone subscriber lists constituted property for purposes of the penal code.  217 Cal. App. 2d 422, 426 (1963).

None of these cases supports the contention that the unauthorized release of personal information constitutes "loss of property" as that phrase is understood in California unfair competition law.  Ruiz's allegations in the FAC that personally identifying information is property, and that the theft of Gap's laptops containing Ruiz's personal information counts as a loss of property under section 17200 are mere conclusory legal allegations cast in the form of factual allegations.  See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (noting that such allegations are insufficient to defeat motion to dismiss).  Ruiz's proposed amendments do not cure the defects in Ruiz's prior attempt to allege a claim under section 17200.  See Shermoen v. U.S., 982 F.2d 1312, 1319-20 (9th Cir. 1992)(affirming denial of leave to file amended complaint where it did not cure defect that resulted in dismissal of first complaint).  Even though Ruiz should have filed a motion for reconsideration, it is clear that any amendment seeking to re-assert the section 17200 claim is futile.

**V.   <u>CONCLUSION</u>**

For the reasons stated about, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Amended Motion for Leave to File First

Amended Complaint.  Ruiz may file a First Amended Complaint that adds the vendor as a defendant and that adds a breach of contract claim against the vendor.  Ruiz may not file a First Amended Complaint that adds a claim for violation of the California Business and Professions Code, section 17200 <u>et seq</u>.

The parties shall appear for a Case Management Conference on April 3, 2009, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. No later than seven days prior to the Case Management Conference, the parties shall file a Joint Case Management Statement.


IT IS SO ORDERED.


Dated: February 3, 2009

_____
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California