1   WILLIAM L. STERN (CA SBN 96105)
    GEOFFREY R. PITTMAN (BAR NO. 253876)
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California  94105-2482
    Telephone: 415.268.7000
4   Facsimile:  415.268.7522
    E-mail:  wstern@mofo.com
5
    TERESA N. BURLISON (CA SBN 230854)
6   Email: TBurlison@mofo.com
    MORRISON & FOERSTER LLP
7   755 Page Mill Road
    Palo Alto, California  94304-1018
8   Telephone: 650.813.5600

9   Attorneys for Defendant
    GAP INC.

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15   JOEL RUIZ, On Behalf of Himself and All Others       Case No.    C 07-5739 SC
     Similarly Situated,
16                                                         **DEFENDANT GAP INC.'S**
                         Plaintiff,                        **ANSWER TO FIRST AMENDED**
17                                                         **COMPLAINT AND**
            v.                                             **AFFIRMATIVE DEFENSES**
18
     GAP, INC., and VANGENT, INC.,
19
                         Defendants.
20

21

22

23

24

25

26

27

28

**GAP INC.'S ANSWER**

GAP Inc. ("GAP") answers Plaintiff's first amended complaint ("FAC") as set forth below solely on behalf of GAP.  To the extent any response to the conclusory headings used in the first amended complaint may be deemed required, GAP denies any allegations set forth in those headings.  GAP denies any allegation not deemed to be addressed below, if any, to the extent that allegation is deemed to require a response.

**PARTIES**

1.      Answering paragraph 1, GAP lacks knowledge or information sufficient to form a belief regarding Plaintiff Joel Ruiz's state of citizenship.  GAP denies that Plaintiff has been injured.  Plaintiff's remaining allegations state conclusions of law to which no answer is required. To the extent the remaining allegations require an answer, they are denied.

2.       GAP admits the allegations of paragraph 2 of the FAC.

3.      The allegations of paragraph 3 are not directed at GAP.  Therefore, no answer is required by GAP.

**NATURE OF ACTION**

4.      GAP admits the allegations of paragraph 4 of the FAC.

5.      The allegations of paragraph 5 are not directed at GAP.  Therefore, no answer is required by GAP.  To the extent an answer to these allegations is required, GAP lacks knowledge or information sufficient to admit or deny them.

6.      GAP admits that on September 17, 2007, two laptop computers were stolen from Vangent, Inc. ("Vangent"), a third party vendor that manages job applicant data.  GAP also admits that one of the laptops contained the personal information of approximately 750,000 job applicants.  GAP denies the remaining allegations of paragraph 6 of the FAC.

7.      GAP admits that, with respect to the one stolen laptop that contained personal information of job applicants, such personal information was not encrypted.  GAP denies the remaining allegations of paragraph 7 of the FAC.

8.      GAP admits that Plaintiff applied for a position with Old Navy, one of GAP's stores, through an online application process hosted by Vangent and that Plaintiff provided his

DEFENDANT GAP INC.'S ANSWER TO FAC AND AFFIRMATIVE DEFENSES
C 07-5739 SC
pa-1318132

1

1   social security number as part of his job application. GAP denies, however, that Plaintiff was

2   required to provide his social security number in order to "access" its online application process.

3   GAP also denies the remaining allegations of paragraph 8 of the FAC.

4          9.      GAP admits that the data on one of the stolen laptops included the names, social

5   security numbers, addresses, and other personal information and identities of people from the

6   United States, Puerto Rico, and Canada who applied online or by phone for store positions with

7   GAP, Old Navy, Banana Republic, and Outlet stores between July 2006 and June 2007. GAP

8   denies the remaining allegations of paragraph 9 of the FAC.

9          10.     GAP denies the allegations of paragraph 10 of the FAC.

10          11.     GAP denies the allegations of paragraph 11 of the FAC.

11          12.     GAP admits that Plaintiff purports to seek damages and/or restitution, and any

12   other such relief as the Court may award. GAP denies the remaining allegations of paragraph 12

13   of the FAC.

14                              **JURISDICTION AND VENUE**

15          13.     Answering paragraph 13, GAP does not contest that this Court has personal

16   jurisdiction as to GAP for purposes of this case. GAP denies that this case should proceed as a

17   class action. As for the remaining allegations of this paragraph, they state conclusions of law,

18   and, therefore, no answer is required by GAP.

19          14.     Paragraph 14 states conclusions of law to which no answer is required.

20                               **FACTUAL ALLEGATIONS**

21   **Background of GAP**

22          15.     GAP admits the allegations of paragraph 15 of the FAC.

23          16.     GAP admits the allegations of paragraph 16 of the FAC

24   **Standard Business Practices for Ensuring Information Safety**

25          17.     Answering paragraph 17, GAP admits that the Gramm-Leach Bliley Act was

26   enacted on November 12, 1999, and that California has passed laws codified at Civil Code

27   §§ 1798.80 *et seq.* and § 1798.85(3). Plaintiff's remaining allegations state conclusions of law to

28   which no answer is required.

DEFENDANT GAP INC.'S ANSWER TO FAC AND AFFIRMATIVE DEFENSES
C 07-5739 SC                                                                          2
pa-1318132

1        18.     Answering paragraph 18, GAP admits that the FTC publication entitled

2   "Protecting Personal Information:  A Guide for Business," is attached to the FAC as Exhibit A.

3   The publication is a readily available public document and speaks for itself.  GAP denies that

4   Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason,

5   GAP denies any allegation purporting to characterize this publication that is inconsistent with the

6   publication.

7        19.     Answering paragraph 19, GAP admits that the FTC Report is a publicly available

8   document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly

9   summarized this publication and, for that reason, GAP denies any allegation purporting to

10  characterize this publication that is inconsistent with the publication.

11       20.     Answering paragraph 20, GAP admits that the FTC Report is a publicly available

12  document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly

13  summarized this publication and, for that reason, GAP denies any allegation purporting to

14  characterize this publication that is inconsistent with the publication.

15       21.     GAP admits paragraph 21.

16       22.     Answering paragraph 22, GAP admits that the California Department of Consumer

17  Affairs' Office of Privacy Protection publication entitled, "Recommended Practices of Notice of

18  Security Breach Involving Personal Information," dated February 2007, is attached to the FAC as

19  Exhibit B.  The publication is a readily available public document and speaks for itself.  GAP

20  denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for

21  that reason, GAP denies any allegation purporting to characterize this publication that is

22  inconsistent with the publication.

23       23.     Answering paragraph 23, GAP admits that the San Francisco Chronicle published

24  an article on September 29, 2007 discussing data security.  The publication is a readily available

25  public document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or

26  correctly summarized this publication and, for that reason, GAP denies any allegation purporting

27  to characterize this publication that is inconsistent with the publication.  GAP lacks knowledge

28  and information sufficient to admit or deny the remaining allegations of paragraph 29 of the FAC.

24.     Answering paragraph 24, GAP admits that CNNMoney.com published an article on September 28, 2007 regarding the data breach.  The publication is a readily available public document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

25.     Answering paragraph 25, GAP admits that the United States Government Accountability Office published a report in June 2007 on data breaches.  The publication is a readily available public document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

26.     Answering paragraph 26, GAP admits that the September 2008 President's Identity Theft Task Force Report is a publicly available document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

**The Use of PII in Identity Theft**

27.     Answering paragraph 27, GAP admits that "data breaches can lead to identity theft," but further avers that, statistically, only a very small percentage ever do.  GAP also admits that the GAO Report is a readily available public document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.  GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of paragraph 27 of the FAC.

28.     Answering paragraph 28, GAP admits that the GAO Report is a readily available public document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.

29.     Answering paragraph 29, insofar that Plaintiff is quoting from the GAO Report, GAP admits that the GAO Report is a readily available document that speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.  GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of paragraph 29 of the FAC.

30.     GAP lacks knowledge and information sufficient to admit or deny the allegations in paragraph 30 of the FAC.

31.     Answering paragraph 31, GAP admits that the GAO Report is a readily available public document and speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this publication and, for that reason, GAP denies any allegation purporting to characterize this publication that is inconsistent with the publication.  GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of paragraph 31 of the FAC.

**Gap and Vangent's Job Application Process**

32.     GAP admits the allegations of paragraph 32 of the FAC.

33.     Answering paragraph 33, GAP admits that it used Vangent to manage job applications for in-store positions received through certain online application processes and over the telephone.  GAP further admits that Vangent had access to personal identifying information provided by job applicants online or over the telephone, and that the personal identifying information actually received by Vangent was stored in Vangent's database.  GAP denies the remaining allegations of paragraph 33.

34.     Answering paragraph 34, GAP admits that in the course of using some online application processes GAP informs job applicants of the Privacy Statement reflected in paragraph 34 of the FAC.  GAP denies the remaining allegations of paragraph 34 of the FAC.

35.     Answering paragraph 35, GAP admits that when applying for job positions using certain online application processes, a job applicant is required to provide personal identifying information as part of the process, including the applicant's social security number, birth date, address, and phone number.  GAP denies, however, that an applicant's social security number is

1  required to "access" any of these online application processes.  GAP also denies the remaining

2  allegations of paragraph 35 of the FAC.

3       36.    Answering paragraph 36, GAP admits that job applicants must provide their social

4  security number as part of applying for a position using certain online application processes.

5  GAP denies, however, that an applicant's social security number is required to "access" any of

6  these online application processes.  GAP denies the remaining allegations of paragraph 36 of the

7  FAC.

8       37.    GAP admits that job applicants are required to consent to a background check

9  when applying for positions using certain online application processes.  GAP denies the

10  remaining allegations of paragraph 37 of the FAC.

11       38.    GAP admits that Plaintiff applied for a position with Old Navy in late 2006

12  through GAP's online application process, and that Plaintiff was required to answer certain

13  questions and to provide his social security number, email, home address, and telephone number

14  as part of his job application.  GAP denies, however, that Plaintiff's social security number was

15  required to "access" the online application process.  GAP also denies the remaining allegations of

16  paragraph 38 of the FAC.

17  **The Data Breach**

18       39.    GAP admits that on September 17, 2007, two laptop computers were stolen from

19  Vangent's office in Chicago, Illinois.  GAP admits that one of the laptops contained the personal

20  information of persons that had applied to Old Navy, GAP, Banana Republic, or its outlet stores

21  by telephone or the internet from July 2006 to June 2007.  GAP denies the remaining allegations

22  of paragraph 39 of the FAC.

23       40.    GAP admits that the information contained on the stolen laptop was not encrypted.

24  GAP denies the remaining allegations of paragraph 40 of the FAC.

25       41.    GAP admits that the information contained on the stolen laptop was not encrypted.

26  GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of

27  paragraph 41 of the FAC.

28       42.    GAP admits the allegations of paragraph 42 of the FAC.

43.     GAP lacks knowledge and information sufficient to admit or deny the allegations of paragraph 43 of the FAC.

44.     GAP admits the allegations of paragraph 44 of the FAC.

45.     GAP admits the allegations of paragraph 45.

46.     GAP admits that one of the stolen laptops contained personal information received from job applicants from the United States and Puerto Rico, and that such information was not encrypted.  GAP denies the remaining allegations of paragraph 46 of the FAC.

47.     GAP admits that the laptop included personal information of applicants from Canada, and admits that because such information did not include the Social Insurance numbers of Canadian applicants, it did not notify those applicants.  GAP denies the remaining allegations of paragraph 47 of the FAC.

**Gap and Vangent Failed to Protect Plaintiff and Class Members' PII**

48.     GAP denies the allegations of paragraph 48 of the FAC.

49.     Answering paragraph 49, GAP admits it entered into an Employment Screening Services Agreement with Vangent, effective July 14, 2005, and that this Agreement speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.

50.     Answering paragraph 50, GAP admits that the Employment Screening Services Agreement is a document that speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.  GAP denies the remaining allegations of paragraph 50 of the FAC.

51.     Answering paragraph 51, GAP admits that the Employment Screening Services Agreement is a document that speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.

52.     Answering paragraph 52, GAP admits that the Employment Screening Services Agreement is a document that speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.  GAP denies the remaining allegations of paragraph 52 of the FAC.

53.     Answering paragraph 53, GAP admits that the Employment Screening Services Agreement is a document that speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.  GAP denies the remaining allegations of paragraph 53 of the FAC.

54.     Answering paragraph 54, GAP admits that the Employment Screening Services Agreement is a document that speaks for itself and that GAP required in its own offices that laptops be cable-locked or locked inside a desk.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.  GAP denies the remaining allegations of paragraph 54 of the FAC.

55.     The allegations of paragraph 55 are not directed at GAP.  Therefore, no answer is required by GAP.  Insofar that an answer is necessary, however, GAP lacks knowledge and information sufficient to admit or deny the allegations of paragraph 55 of the FAC.

56.     Answering paragraph 56, GAP admits that the Employment Screening Services Agreement is a document that speaks for itself.  GAP denies that Plaintiff has accurately, completely, or correctly summarized this document and, for that reason, GAP denies any allegation purporting to characterize this document that is inconsistent with the document.  GAP denies the remaining allegations in paragraph 56.

57.     Answering paragraph 57, GAP admits that the quotation in the FAC appears on its website.  GAP denies the remaining allegations of paragraph 57 of the FAC.

58.     GAP denies the allegations of paragraph 58 of the FAC.

**The Inadequate Remedy**

59.     GAP admits that it sent a letter, dated September 28, 2007, which was signed by GAP Chairman and CEO Glenn Murphy.  GAP lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 59 of the FAC.

60.     GAP admits that the letter stated that GAP did not believe that the data on the computer was the target of the theft or that the personal information had been accessed or used improperly.  GAP denies the remaining allegations of paragraph 60 of the FAC.

61.     GAP denies the allegations of paragraph 61 of the FAC.

62.     GAP admits that the letter referenced in paragraph 62 of the FAC did offer to provide twelve months of credit monitoring and fraud assistance without charge and that the letter also included a deadline of January 31, 2008 to sign up for this coverage.  GAP further admits that the monitoring offered is the "Triple Advantage Credit Monitoring Plan" by Experian.  GAP denies the remaining allegations of paragraph 62 of the FAC.

63.     GAP denies the allegations of paragraph 63 of the FAC.

64.     GAP denies the allegations of paragraph 64 of the FAC.

65.     GAP denies the allegations of paragraph 65 of the FAC.

66.     Paragraph 66 of the FAC states conclusions of law to which no answer is required.  To the extent the allegations require an answer, they are denied.

67.     GAP affirmatively states that the terms and conditions of the credit monitoring plan speak for themselves.  GAP denies that Plaintiff has accurately, completely, or correctly summarized the terms and conditions, and for that reason, GAP denies any allegation purporting to characterize the terms and conditions that is inconsistent with the terms and conditions.  GAP lacks knowledge and information sufficient to admit or deny the remaining allegations of paragraph 67 of the FAC.

**CLASS ACTION ALLEGATIONS**

68.     Answering paragraph 68, Plaintiff's purported definition of a class is an assertion of law to which no answer is required.  To the extent those allegations require an answer, they are denied.  GAP denies that this case should proceed as a class action.  The remaining allegations state conclusions of law to which no answer is required.

1    69.    GAP denies the allegations of paragraph 69 of the FAC.

2    70.    GAP denies the allegations of paragraph 70 of the FAC.

3    71.    GAP denies the allegations of paragraph 71 of the FAC.

4    72.    GAP denies the allegations of paragraph 72 of the FAC.

5    73.    GAP denies the allegations of paragraph 73 of the FAC.

6    74.    GAP lacks sufficient knowledge or information to admit or deny the allegations of

7 paragraph 74 of the FAC.

8                                    **CAUSES OF ACTION**

9                                         **COUNT I**

10                                        **NEGLIGENCE**

11    75.    Answering paragraph 75, GAP incorporates by reference its responses to the

12 foregoing paragraphs as if fully set forth herein.

13    76.    Answering paragraph 76, GAP denies that it owed Plaintiff and the Class a duty to

14 protect their private information of the sort and of the nature Plaintiff alleges.

15    77.    GAP admits that it was aware of a standard in the industry relating to protecting

16 the private information of employees and applicants, and was aware of the need to protect the

17 personal information of its job applicants.  GAP denies the remaining allegations of paragraph 77

18 of the FAC.

19    78.    GAP denies the allegations of paragraph 78 of the FAC.

20    79.    GAP denies the allegations of paragraph 79 of the FAC.

21    80.    GAP denies the allegations of paragraph 80 of the FAC.

22                                        **COUNT II**

23                            **Violation of Cal. Civ. Code § 1798.85**

24    81.    Answering paragraph 81, GAP incorporates by reference its responses to the

25 foregoing paragraphs as if fully set forth herein.

26    82.    GAP denies the allegations of paragraph 82 of the FAC.

27    83.    GAP denies the allegations of paragraph 83 of the FAC.

28                                        **COUNT III**

1  **Breach of Contract (Against Vangent Only)**

2      84.     Answering paragraph 84, GAP incorporates by reference its response to the

3  foregoing paragraphs as if fully set forth herein.

4      85.     The allegations of paragraph 85 are not directed at GAP.  Therefore no answer is

5  required.

6      86.     The allegations of paragraph 86 are not directed at GAP.  Therefore no answer is

7  required.  To the extent an answer to the allegations is required, GAP denies the allegations.

8      87.     The allegations of paragraph 87 are not directed at GAP.  Therefore no answer is

9  required.

10     88.     The allegations of paragraph 88 are not directed at GAP.  Therefore no answer is

11  required.

12     89.     The allegations of paragraph 89 are not directed at GAP.  Therefore no answer is

13  required.

14     90.     The allegations of paragraph 90 are not directed at GAP.  Therefore no answer is

15  required.

16     91.     The allegations for paragraph 91 are not directed at GAP.  Therefore no answer is

17  required.

18

19                          **PRAYER FOR RELIEF**

20     GAP denies that Plaintiff is entitled to an order certifying the class or that damages or

21  attorneys' fees should be awarded in any amount.  GAP denies that Plaintiff is entitled to

22  equitable relief.

23                          **AFFIRMATIVE DEFENSES**

24     Without assuming any burden of proof that GAP would not otherwise bear under

25  applicable law, and without limitation as to any and all other affirmative defenses that GAP may

26  have and that it may assert in this action, GAP asserts the following affirmative or additional

27  defenses:

28

1

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

2

3     Plaintiff lacks standing to assert the causes of action alleged in the FAC, either

4     individually or in a representative capacity.

5

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Injury)

6

7     Plaintiff's claims, and each of them, fail as a matter of law due to the absence of any

8     legally-cognizable injury.

9

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

10

11    The FAC fails to state a claim upon which relief can be granted.

12

## FOURTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

13

14    Plaintiff's claims are barred because he has not suffered any damages, or, if there any

15    damages, they are vague, uncertain, imaginary and speculative.

16

## FIFTH AFFIRMATIVE DEFENSE
### (Conformity with Standards)

17

18    Plaintiff's claims are barred because GAP's statements, conduct, and actions, if any, were

19    in conformity with and were pursuant to statutes, laws, governmental regulations, and industry

20    standards based on the knowledge existing at the time of any such statements, conduct, or actions.

21

## SIXTH AFFIRMATIVE DEFENSE
### (Proximate Cause, Acts of Others)

22

23    To the extent Plaintiff has sustained any damages, these purported damages were

24    proximately caused by others for whom GAP is not legally responsible. Such injuries were not

25    caused by any conduct or inaction by GAP, or were not foreseeable, or both.

26

27

28

1

2

### SEVENTH AFFIRMATIVE DEFENSE
### (Third-Party Intervening Fault)

3       To the extent Plaintiff has sustained any damages, Plaintiff is barred from pursuing any

4   claim for recovery against GAP because such injuries or damages were proximately caused

5   and/or contributed to, by third-parties.

6

7

### EIGHTH AFFIRMATIVE DEFENSE
### (Offset by Plaintiff's Conduct and/or Third-Parties)

8       While GAP denies any liability in this matter, any such potential liability that might

9   ultimately be determined must be offset by the extent to which any alleged losses, liabilities,

10  costs, expenses or other damages or amounts of the type for which Plaintiff seeks recovery are

11  attributable to the conduct of Plaintiff and/or third-parties.

12

13

### NINTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

14      The claims made by Plaintiff are precluded by res judicata and/or collateral estoppel

15  principles, to the extent that there are prior actions raising the same claims and issues as are raised

16  in this action, which prior actions were resolved after full and fair litigation.

17

18

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

19      Plaintiff's damages, if any, are precluded by his failure to mitigate his damage.

20  Dated: February 13, 2009                    WILLIAM L. STERN
                                                GEOFFFREY R. PITTMAN
21                                              TERESA N. BURLISON
                                                MORRISON & FOERSTER LLP
22

23

24                                              By        /s/ William L. Stern
                                                          William L. Stern

25                                              Attorneys for Defendant GAP INC.

26

27

28