1  ANDREW N. GOLDFARB (BAR NO. 235615)
   DOUGLAS R. MILLER
2  ZUCKERMAN SPAEDER LLP
   1800 M. St. NW Suite 1000
3  Washington DC 20036
   Telephone: 202-778-1800
4  Facsimile:  202-822-8106
   E-mail:  agoldfarb@zuckerman.com
5
   Attorney for Defendant
6  VANGENT, INC.

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 | JOEL RUIZ, On Behalf of Himself and All Others Similarly Situated, | Case No.   C 07-5739 SC |
|---|---|
| Plaintiff, | **DEFENDANT VANGENT, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| v. | |
| GAP INC., and VANGENT, INC., | |
| Defendants. | Date:   March 20, 2009<br>Time:   10:00 a.m.<br>Room:  Courtroom 1, 17th Floor<br>Judge:  Hon. Samuel Conti |
| | Complaint filed: November 13, 2007<br>First Amended Complaint filed: February 9, 2009 |

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 20, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Samuel Conti, United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco, California, Defendant Vangent, Inc. ("Vangent") will, and hereby does, move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment as follows:

1. On each and every claim for relief. This motion is made on the ground that the undisputed facts demonstrate that Plaintiff lacks standing under Article III of the United States Constitution, and that Vangent is entitled to judgment as a matter of law. In the alternative:

2. On Plaintiff's first claim for relief for negligence. This motion is made on the ground that there is no genuine issue as to any material fact that Plaintiff has suffered no cognizable injury or damages and that Vangent is entitled to adjudication on this count as a matter of law.

3. On Plaintiff's second claim for relief under California Civil Code Section 1798.85. This motion is made on the ground that there is no genuine issue as to any material fact that a social security number is not needed to access the GAP employment application website, or, alternatively, that Section 1798.85 does not provide a private right of action, and that Vangent is entitled to adjudication on this count as a matter of law.

4. On Plaintiff's third claim of relief for breach of contract. This motion is made on the ground that there is no genuine issue as to any material fact that Plaintiff has not suffered cognizable injury or damages and that Vangent is entitled to adjudication on this count as a matter of law.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the reply papers to be filed by Vangent, the pleadings and other papers on file herein, the Declaration of William L. Stern in Support of GAP, Inc.'s Motion for Summary Judgment or, in the Alternative, Summary Adjudication and exhibits thereto (to be filed the same day as this pleading by Defendant GAP), the Declaration of Andrew N. Goldfarb

1   in Support of the instant Motion and the exhibit thereto, and such other written and oral argument
2   as may be presented to the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of a theft of a laptop computer from defendant Vangent, Inc. ("Vangent") in September 2007. The laptop contained personal information of individuals who had applied for employment with defendant GAP, Inc. ("GAP").

Plaintiff Joel Ruiz was one of the applicants whose personal information was potentially on the stolen laptop. By his own admission, he has not been the victim of an identity theft as a result of the laptop theft and knows of no one who has. He has not suffered any legally cognizable harm because of the laptop theft. Courts have uniformly found the injury Plaintiff claims here—"increased risk of identity theft"—too speculative and uncertain to justify relief. Despite extensive discovery against both Vangent and GAP, Plaintiff has been unable to adduce specific evidence to support his claim of injury or harm. Plaintiff failed to produce any himself either in his deposition or in response to GAP's interrogatories and requests for documents. As a result, Plaintiff lacks standing under Article III of the United States Constitution. Similarly, because proof of injury and damages are essential to his negligence and contract claims, and Plaintiff cannot adduce a genuine issue of material fact for trial, these claims must fail.

Likewise, it is undisputed that Plaintiff was not required to enter his social security number to access the GAP employment website. Plaintiff's claim under California Civil Code § 17988.85 therefore fails as well. The Court should enter summary judgment for Vangent under Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff originally brought this action against GAP alone. After learning that Vangent was the vendor from whom the laptops were stolen, Plaintiff took extensive third-party discovery from Vangent in August and September 2008. Plaintiff moved for leave to amend his complaint to add Vangent as a defendant. The motion was granted, and on February 9, 2009, he filed a First Amended Complaint ("FAC"), adding Vangent as a defendant on the two surviving counts of the original complaint and asserting a breach of contract claim against Vangent alone.[1]

---

[1] On February 12, 2009, undersigned counsel accepted service of the FAC on Vangent's behalf.

Because the inadequate "injury" alleged by Plaintiff is identical across all counts and both defendants, the Article III standing arguments set forth in GAP's Memorandum of Points and Authorities in support of GAP's Motion for Summary Judgment ("GAP Memorandum"), to be filed the same day as this pleading, apply equally to Plaintiff's claims against Vangent. Vangent therefore incorporates them herein. Likewise, Plaintiff's negligence and statutory claims against Vangent rely on the same set of allegations as against GAP, and they fail for the same reasons presented in the GAP Memorandum's arguments concerning the merits of those claims. Vangent therefore incorporates those arguments herein. This Memorandum will address the merits of Plaintiff's third claim for breach of contract.

## II. STATEMENT OF UNDISPUTED FACTS

Vangent adopts and incorporates by reference herein the GAP Memorandum's Statement of Undisputed Facts.[2]

With respect to Count III, it is undisputed that Vangent (through its predecessor in interest) and GAP were the only two signatories to an Employment Screening Services Agreement with an effective date of July 14, 2005 (the "Agreement."). (FAC ¶ 85.)

## III. ARGUMENT

### A. The Legal Standard.

Vangent adopts and incorporates by reference herein section III of the GAP Memorandum, setting out the legal standard for summary judgment under Rule 56.

### B. The Court Should Enter Summary Judgment for Vangent on All Counts Because Plaintiff Lacks Article III Standing to Sue.

The "injury" asserted by Plaintiff is identical across all counts of the First Amended Complaint and as to both defendants. Vangent therefore adopts and incorporates by reference herein section IV.B of the GAP Memorandum, concerning Article III standing.

---

[2] Although Plaintiff failed to take certain steps available to him in the wake of receiving GAP's notification letter, *see* GAP Mem. at sec. II.B, his actions (or failure to act) are not relevant to this Motion, given the absence of any evidence that he has suffered an injury.

Plaintiff must have standing at every stage of this proceeding. As this Court recently noted, because the elements of Article III standing:

> "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Thus, at the final stage of the proceedings, any disputed facts "must be supported adequately by the evidence adduced at trial." ([I]nternal quotation marks omitted.)

*Veterans for Common Sense v. Peake*, 563 F. Supp. 2d 1049, 1056-57 (N.D. Cal. 2008) (Conti, J.) (internal citations omitted), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Accordingly, to defeat the defendants' Rule 56 motions, Plaintiff must come forth with specific facts demonstrating that he still has standing. Because there is no evidence in this case that Plaintiff has suffered a concrete, particularized injury or faces any "reasonably certain" future such injury, Plaintiff cannot make such a showing. The Court should enter judgment for Vangent as a matter of law.

**C.   The Court Should Enter Summary Adjudication for Vangent on Plaintiff's Negligence Claim.**

Count I of the First Amended Complaint, alleging Negligence, is brought jointly against GAP and Vangent on the same legal theories and underlying allegations. Vangent therefore adopts and incorporates by reference herein Section IV.A of the GAP Memorandum, concerning Count I. The Court should grant Vangent summary adjudication on this count.

**D.   The Court Should Enter Summary Adjudication for Vangent on Plaintiff's Claim Alleging Violations of California Civil Code Section 1798.85.**

Count II of the First Amended Complaint, alleging violations of Civil Code § 1798.85, is brought jointly against GAP and Vangent on the same legal theories and underlying allegations. Vangent therefore adopts and incorporates by reference herein Section IV.C of the GAP Memorandum, concerning Count II. The Court should grant Vangent summary adjudication on this count.

### E. The Court Should Enter Summary Adjudication for Vangent on Plaintiff's Breach of Contract Claim.

Plaintiff alleges that he is a third party beneficiary of the Agreement, and that Vangent breached that Agreement. To prevail on his claim, Plaintiff must prove both that he is an express beneficiary under the Agreement, Cal. Civ. Code § 1559, and must prove each of the established elements of a breach of contract claim.[3] Damages are an essential element of a breach of contract action in California. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2d Dist. 2008); *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (5th Dist. 2008); *St. Paul Fire and Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.*, 101 Cal. App. 4th 1038, 1060 (2d Dist. 2002); *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2d Dist. 2001); *Vu v. California Commerce Club, Inc.*, 58 Cal. App. 4th 229, 233 (2d Dist. 1997). Because Plaintiff has suffered no cognizable damages from the alleged breach, the Court should grant summary adjudication as to Count III.

Plaintiff alleges that he has "been injured and harmed by Vangent's failure to comply with the terms of the agreement." (FAC ¶ 91.) But the only specific "harms" he alleges in the FAC are expenditures of time and money to protect against uncertain future harm. *Id.* These expenditures merely comprise a subset of the damages alleged in Counts I. (*See* FAC ¶ 80.) As is evident from Plaintiff's deposition testimony and answers to interrogatories, (*see* Exs. A and D to Declaration of William L. Stern in Support of GAP, Inc.'s Motion for Summary Judgment), he has suffered no present injury.[4] For the reasons explained in section IV.A of the GAP

---

[3] Vangent does not concede that Plaintiff is a proper third party beneficiary under § 1559, or that any breach occurred. Neither point is relevant here, however, because Plaintiff cannot show that a genuine factual issue exists as to every element of his claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ("failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" on a motion for summary judgment.)

[4] In April 2008, GAP propounded document requests to Plaintiff, including requests for all documents relating to any actual identify theft suffered by Plaintiff because of the laptop theft, relating to any harm suffered as a result of the laptop theft, and relating to any costs or financial expenses incurred as a result of the laptop theft. Plaintiff produced no evidence or documentation to substantiate any actual identity theft, other harm, or damages suffered as a result of the laptop theft.

(Footnote continues on next page.)

1  Memorandum, adopted *supra* and incorporated herein by Vangent, such damages are not legally
2  cognizable.

3   *Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006), is illustrative.
4  Computers containing the plaintiffs' personally identifying information were stolen from the
5  defendant's third-party vendor, and plaintiffs brought suit for negligence and breach of contract,
6  despite never having become identity theft victims. *Id.* at 1019-1020. Granting summary
7  judgment for the defendant, the court held that that plaintiffs could not establish the damages
8  element of either claim. The plaintiffs' "increased risk" was merely "'the threat of future harm,
9  not yet realized, [that] will not satisfy the damage requirement.'" *Id.* at 1020 (citation omitted).
10 And plaintiffs' expenditure of time and money monitoring their credit "was not the result of any
11 present injury, but rather the anticipation of future injury that has not materialized . . . [i.e.] solely
12 the result of a perceived risk of future harm." *Id.* at 1021. The same is true here.

13  In the instant case, there is no evidence that the thief was aware of the laptops' contents or
14 stole the laptops for any reason other than their value as hardware. But even in a case where
15 personal identifying data was deliberately targeted for unauthorized access, the court held that
16 plaintiffs' credit-monitoring expenses were not cognizable damages in a contract action.
17 *Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 779-80 (W.D. Mich. 2006)
18 (dismissing for failure to state a claim where "plaintiff merely alleges that DSW's alleged breach
19 has caused her to purchase peace of mind in the face of an increased risk of [identity] theft.").

---

(Footnote continued from previous page.)

Three days ago, on February 10, 2009, Plaintiff sent GAP one additional page. (*See* Decl. of Andrew N. Goldfarb in Support of Vangent's Motion for Summary Judgment ¶ 2 ("Goldfarb Decl.")). Given the ambiguity of the page, there is a fundamental question of what it is. (*See* Ex. A to Goldfarb Decl.) Plaintiff may claim that this page shows that a person, perhaps Plaintiff, paid for a credit report out of some financial account on February 6, 2009. This page is not competent, admissible evidence, let alone evidence sufficient to create a genuine issue of material fact in this case. *See* Fed. R. Civ. P. 56(e). Moreover, as demonstrated herein and in GAP's Memorandum, courts have repeatedly found that expenditures for credit monitoring as protection against uncertain, speculative future harm do not constitute legally cognizable damages.

DEFENDANT VANGENT, INC.'S MPA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
NO. C 07-5739 SC

5

In another laptop theft case, *Shafran v. Harley Davidson, Inc.*, No. 07 Civ. 01365, 2008 WL 763177 (S.D.N.Y. Mar. 20, 2008), the court dismissed plaintiffs' contract claim, holding that "the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy." *Id.* at *3. *See also Pinero v. Jackson Hewitt Tax Service Inc.,* No. 08-3535, 2009 U.S. Dist. LEXIS 660, at * 17 (E.D. La. Jan. 7, 2009) ("expenses related to credit monitoring to guard against future identity theft are not compensable damages" and therefore tax preparer's disposal in dumpster of plaintiff's tax returns did not give rise to breach of contract claim where damages consisted of expenditures "related to credit monitoring, credit insurance, and . . . out-of-pocket expenses related to notifying creditors of the improper disclosure"); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 326-27 (E.D.N.Y. 2005) (neither "loss of privacy" nor loss of "'economic value . . . of information'" theories were sufficient to plead damages element of contract claim where airline had sold passengers' personally identifying information to data mining company); *Levine v. DSW, Inc.*, No. 586371, Journal Entry and Op. at 9-10 (Ohio Ct. Com. Pl. Cuyahoga County Aug. 19, 2008) (granting summary judgment for defendant in data theft case on the basis of standing, but noting in *dicta* that plaintiffs' increased risk of identity theft would not satisfy damages element of contract and other claims); *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D. 2d 598, 600, 741 N.Y.S. 2d 100, 103 (N.Y. App. Div. 2002) (neither defendant's profits nor plaintiffs' emotional distress from invasive telemarketing following unauthorized sale of personally identifying information were sufficient to satisfy damages element of contract claim).

In short, the undisputed facts confirm that Plaintiff cannot prove the damage element of his breach of contract claim. Accordingly, Vangent is entitled to adjudication as a matter of law on Count III.

### IV. CONCLUSION

For all the foregoing reasons, Vangent respectfully requests that this Court enter summary judgment for defendant Vangent on all counts.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 13, 2009 | ANDREW N. GOLDFARB (#235615)<br>**ZUCKERMAN SPAEDER LLP** |
| 3 | | |
| 4 | | By    /s/  Andrew N. Goldfarb |
| 5 | |                     Andrew N. Goldfarb |
| 6 | | Attorney for Defendant Vangent, Inc. |

DEFENDANT VANGENT, INC.'S MPA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
NO. C 07-5739 SC

7